**Marquis & Aurbach**
TERRY A. COFFING, ESQ.
Nevada Bar No. 4949
MATTHEW T. CECIL, ESQ.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@marquisaurbach.com
mcecil@marquisaurbach.com
    Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SHUSHOK & MCCOY, INC., a Texas corporation; MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.:   2:10-cv-00661-GMN-RJJ |

### MOTION TO STRIKE SHUSHOK & MCCOY, INC'S ANSWER AND APPLICATION TO ENTER DEFAULT

Plaintiff WMCV PHASE 3, LLC, by and through its attorneys, Marquis Aurbach Coffing, hereby submits this Motion to Strike Shushok & McCoy, Inc's Answer and Application to Enter Default against Shushok & McCoy.

M&A:11320-004 1332790_1.DOC 4/25/2011 7:12 PM

## I. INTRODUCTION

Defendant Shushok & McCoy, Inc., a Texas Corporation ("Shushok"), is not represented by counsel in this matter. Plaintiff requests the Court strike Shushok's Answer, because Shushok, an entity, is not permitted to represent itself in proper person. Subsequently, Plaintiff requests the Court to enter Default against Shushok pursuant to Federal Rule of Civil Procedure 55.

## II. FACTUAL BACKGROUND

1. Plaintiff filed its First Amended Complaint on November 4, 2010 (#33).

2. Shushok, by and through its attorneys Bailey Kennedy, filed its Answer to the First Amended Complaint on December 2, 2010 (#40).

3. On March 16, 2011, Bailey Kennedy filed its Motion to Withdraw as Attorney of Record (#49) for Defendants Matthew J. Travis, Matt Turner, Richard Birdwell, and Shushok (collectively the "Shushok Defendants").

4. The Court set the motion for hearing on April 25, 2011, and ordered the Shushok Defendants to appear at the hearing (#52).

5. Bailey Kennedy served the Shushok Defendants with the Court's order to appear (#54).

6. Defendants Matthew Travis and Richard Birdwell, who do not represent Shushok appeared at the April 25, 2011 hearing telephonically.

7. Defendant Matt Turner, who represents Shushok failed to appear at the April 25, 2011.

8. Shushok failed, either via an officer or via new legal counsel, to have representation at the April 25, 2011 hearing as required by this Court's Order (#52).

9. During the April 25, 2011 hearing, this Court granted Bailey Kennedy's Motion, and ordered a hearing for an order to show cause why Matt Turner failed to appear.

10. Additionally, the Court noted the Shushok Defendants had more than one-month to obtain new counsel and put Matthew Travis and Richard Birdwell on notice that they would be representing themselves in proper person.

M&A:11320-004 1332790_1.DOC 4/25/2011 7:12 PM

11. Plaintiff made an oral motion during the April 25, 2011 hearing to strike Shushok's Answer to enter Default against Shushok.

12. The Court denied Plaintiff's oral motion and stated it would consider striking Shushok's Answer and entering Default in a written application.

### III. LEGAL ARGUMENT

"It has been the law for the better part of two centuries, for example, *that a corporation may appear in the federal courts only through licensed counsel*." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993) (citations omitted, emphasis added). Courts may strike pleadings of a pro se entity pursuant to Federal Rule of Procedure 12(f) and thereafter enter default against the entity pursuant to Federal Rule of Procedure 55. See e.g. Donovan v. Road Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984) ("[The pro se party] declined to hire counsel to represent the corporation so the district court properly struck the defenses of the corporation."); see also Liberty Mutual Insurance Co. v. Hurricane Logistics Company, 216 F.R.D. 14, 16 (D.D.C. 2003) (citation omitted).

In the case at bar, the Shushok Defendants are parties without legal representation and must therefore represent themselves in proper person. Shushok however, as an entity is forbidden to represent itself in this matter. Consequently, Plaintiff respectfully requests this Court strike Shushok's Answer (# 40) and enter default against Shushok.

Dated this 26th day of April, 2011.

MARQUIS & AURBACH

/s/ Matthew T. Cecil
Terry A. Coffing, Esq.
Matthew T. Cecil, Esq.
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiff

M&A:11320-004 1332790_1.DOC 4/25/2011 7:12 PM

## CERTIFICATE OF MAILING

I hereby certify that on the 27th day of April, 2011, I served a copy of the foregoing **MOTION TO STRIKE SHUSHOK & MCCOY, INC'S ANSWER AND APPLICATION TO ENTER DEFAULT** upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Matt Turner
c/o Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Matthew Travis
3300 Tori Trail
Keller, TX 76248

Richard Birdwell
2804 Red Wolf Drive
Fort Worth, TX 76244

Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Gary E. Schnitzer, Esq.
Michael B. Lee, Esq.
KRAVITZ, SCHNITZER SLOANE,
& JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Attorneys for Defendant Global Accents

and that there is a regular communication by mail between the place of mailing and the place(s) so addressed.

_____
an employee of Marquis & Aurbach

M&A:11320-004 1332790_1.DOC 4/25/2011 7:12 PM