1   J. CHRISTOPHER JORGENSEN, ESQ.
    State Bar No 5382
2   MENG ZHONG, ESQ.
    State Bar No. 12145
3   LEWIS AND ROCA LLP
    3993 Howard Hughes Pkwy., Ste. 600
4   Las Vegas, NV 89169
    (702) 949-8200
5   *Attorneys for Defendant/Counterclaimant/*
    *Cross-Claimant Couture International, Inc.*

6
                    **UNITED STATES DISTRICT COURT**
7
                     **FOR THE DISTRICT OF NEVADA**
8

9   WMCV PHASE 3, LLC, a Delaware limited        Case:  2:10-cv-00661-GMN-RJJ
    liability company,

10                            Plaintiff,
                                                 **COUTURE INTERNATIONAL,**
11        vs.                                     **INC'S ANSWER TO WMCV**
                                                 **PHASE 3, LLC'S AMENDED**
12   SHUSHOK & MCCOY, INC., a Texas              **COMPLAINT, COUNTERCLAIM**
     corporation; MATTHEW J. TRAVIS, an         **AND CROSS-CLAIM**
13   individual; MATT TURNER, an individual;
     RICHARD BIRDWELL, an individual;
14   GLOBAL ACCENTS, INC., a California
     corporation; COUTURE INTERNATIONAL,
15   INC., a Quebec corporation; et al.,

16                            Defendants.

17   COUTURE INTERNATIONAL, INC., a
     Quebec corporation,
18
                             Counterclaimant,
19        vs.

20   WMCV PHASE 3, LLC, a Delaware limited
     liability company,
21
                          Counterdefendant.
22   COUTURE INTERNATIONAL, INC., a
     Quebec corporation,
23
                            Cross-Claimant,
24        vs.

25   SHUSHOK & MCCOY, INC., a Texas
     corporation; MATTHEW J. TRAVIS, an
26   individual; MATT TURNER, an individual;
     RICHARD BIRDWELL, an individual; and
27   DOES 1 through 100, inclusive, and ROE
     CORPORATIONS 1 through 100, inclusive,
28
                           Cross-Defendants.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
                                    -1-                              444762

COMES NOW Defendant Couture International, Inc. ("Couture" and/or "Defendant"), by and through its attorneys, Lewis and Roca LLP, and as and for their answer to Plaintiff's Amended Complaint (Dkt. # 33) on file herein admits, denies and alleges as follows:

1.   In response to Paragraph 1, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

2.   In response to Paragraph 2, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

3.   In response to Paragraph 3, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

4.   In response to Paragraph 4, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

5.   In response to Paragraph 5, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

6.   In response to Paragraph 6, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

7.   In response to Paragraph 7, answering Defendant admits that Couture is a corporation existing under the laws of Quebec, Canada, and at all times relevant to this pleading and litigation, doing business in Clark County, Nevada.

8.   In response to Paragraph 8, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

9.   In response to Paragraph 9, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

10.   In response to Paragraph 10, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a

legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

11.    In response to Paragraph 11, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

12.    In response to Paragraph 12, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

13.    In response to Paragraph 13, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

14.    In response to Paragraph 14, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

15.    In response to Paragraph 15, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

16.     In response to Paragraph 16, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

17.     In response to Paragraph 17, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

18.     In response to Paragraph 18, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

19.     In response to Paragraph 19, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

20.     In response to Paragraph 20, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a

legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

21. In response to Paragraph 21, answering Defendant admits that Couture and WMCV entered a lease agreement ("the Couture lease").  Defendant denies all other allegations, including any implied allegations and any allegation that is construed as a legal conclusion.

22. In response to Paragraph 22, the terms of the lease are contained in the document and speak for themselves. To the extent an answer is required, answering Defendant admits that the Couture lease states it has a term of lease of five (5) years however, answering Defendant states it is currently without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the Commencement Date and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

23. In response to Paragraph 23, the terms of the lease are contained in the document and speak for themselves.  To the extent an answer is required, answering Defendant admits that the lease agreement includes the cited sections Plaintiff has reproduced in its Amended Complaint.

24. In response to Paragraph 24, answering Defendant admits that Plaintiff evicted Defendant from the leased premises.  With respect to all other allegations, including any implied allegations of why Defendant was evicted or that Defendant violated or breached any conditions or obligations under the lease, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

25.   In response to Paragraph 25, answering Defendant admits that Plaintiff made requests to pay.  With respect to all other allegations, including any implied allegations that Defendant violated or breached any conditions or obligations under the lease, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

26.   In response to Paragraph 26, answering Defendant repeats its allegations in Paragraph 24.

27.   In response to Paragraph 27, answering Defendant denies each and every allegation.

28.   In response to Paragraph 28, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

29.   In response to Paragraph 29, answering Defendant is without sufficient knowledge to admit or deny that WMCV retained the services of S&M to act as its commercial collection agent with respect to the Couture lease.  Therefore, Defendant denies this allegation until it can obtain additional information through discovery to learn of the truth or veracity of the statement.  During its dealings with S&M, Defendant was under the impression and belief that WMCV had retained the services of S&M to act as its commercial collections agent. However, that belief has now been placed in doubt.  Defendant denies all other allegations, including any implied allegations and any allegation that is construed as a legal conclusion.

30.   In response to Paragraph 30, answering Defendant denies each and every allegation.

31.   In response to Paragraph 31, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

32.   In response to Paragraph 32, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

33.   In response to Paragraph 33, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

34.   In response to Paragraph 34, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

35.   In response to Paragraph 35, answering Defendant admits that Richard Birdwell, as purported "counsel" for "World Market Center Las Vegas, [Inc.]" executed a "Lease Termination and Release Agreement" in July 2009.  With respect to the remaining allegations, Defendant is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.

To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

36.    In response to Paragraph 36, answering Defendant admits that the "Lease Termination and Release Agreement" states it is executed by "World Market Center Las Vegas" as "Landlord". With respect to allegations that the agreement is unauthorized, Defendant denies each and every allegation. With respect to allegations that the titled entity is nonexistent, Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

37.    In response to Paragraph 37, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Answering Defendant is aware of and under the belief that Plaintiff does advertise and market itself to the general public and trade associations as World Market Center, Las Vegas. Plaintiff admits that its Property is "commonly known as World Market Center Las Vegas" (Amended Compl. ¶ 10). The name World Market Center also appears on the physical buildings comprising of Plaintiff's business and the correspondence sent to Answering Defendant by WMCV was signed by representatives of WMCV including Jonathan Leleu, in his capacity of In-House Counsel for and on behalf of "World Market Center Las Vegas". Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

38.   In response to Paragraph 38, the terms of the Lease and Release Agreement are contained in the document and speak for themselves.  To the extent an answer is required, answering Defendant denies each and every allegation.  Defendant does not believe there is any ambiguity in the Release document that was executed in July 2009.  Furthermore, because the Release seeks to terminate a previous lease, it would not be uncommon to draft the Release to list the "effective date" as the date that the lease was originally entered into.

39.   In response to Paragraph 39, answering Defendant admits that Couture paid $20,000.00 in consideration for the "Lease Termination and Release Agreement" and that the Agreement stated that Couture was released from any and all liability and obligations in connection with the Couture lease.  The Termination and Release Agreement was entered into by "World Market Center Las Vegas, [Inc]" with Couture as "Tenant."  With respect to allegations that the agreement is unauthorized, Defendant denies each and every allegation.  With respect to the remaining allegations, Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

40.   In response to Paragraph 40, answering Defendant denies each and every allegation.  After Couture left the leased premises, through negotiations, representatives at the WMCV offered to settle claims related to the lease if Couture paid any previously unpaid lease payments for the months up until Couture was evicted.  This amounted to around $41,000.00 and was offered as settlement by WMCV representatives.

41.   In response to Paragraph 41, answering Defendant admits that the "Lease Termination and Release Agreement" purported to terminate the Couture lease.  With respect to allegations that the agreement is unauthorized, Defendant denies each and every allegation.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-10-

42.     In response to Paragraph 42, answering Defendant admits that it paid WMCV's agent, S&M, $20,000.00 in consideration for the "Lease Termination and Release Agreement". With respect to allegations that the agreement is unauthorized, Defendant denies each and every allegation.

43.     In response to Paragraph 43, answering Defendant admits that Birdwell executed the Lease Termination and Release Agreement as "Counsel" for "World Market Center Las Vegas, [Inc.]". With respect to allegations that the agreement is unauthorized, Defendant denies each and every allegation. With respect to the remaining allegations, Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

44.     In response to Paragraph 44, answering Defendant denies each and every allegation.

45.     In response to Paragraph 45, answering Defendant denies each and every allegation.

46.     In response to Paragraph 46, answering Defendant denies each and every allegation.

47.     In response to Paragraph 47, answering Defendant admits that the "Lease Termination and Release Agreement" lists "Yalu's Corporation" as tenant and is signed by Andre Le Fleur however, the "Lease Termination and Release Agreement" clearly refers to Couture International as a "Tenant" and the accurately describes details of the Lease. With respect to allegations that the agreement is unauthorized, Defendant denies each and every allegation. With respect to the remaining allegations, Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same. To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

48.     In response to Paragraph 48, answering Defendant states it is currently, without sufficient

knowledge or information necessary to form a belief as to the truth or falsity of said

allegations and therefore denies the same.  To the extent such allegation is construed as a

legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations

made by Plaintiff and will amend this Answer as appropriate.

49.     In response to Paragraph 49, answering Defendant admits that it sent the "Lease and

Release Agreement" to the World Market Center on January 9, 2010.  With respect to all

other allegations, including any implied allegations that this was the first time Plaintiff

knew or should have known about the "Lease Termination and Release Agreement",

answering Defendant states it is currently, without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of said allegations and therefore denies

the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies

the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend

this Answer as appropriate.

50.     In response to Paragraph 50, answering Defendant states it is currently, without sufficient

knowledge or information necessary to form a belief as to the truth or falsity of said

allegations and therefore denies the same.  To the extent such allegation is construed as a

legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations

made by Plaintiff and will amend this Answer as appropriate.

51.     In response to Paragraph 51, answering Defendant states it is currently, without sufficient

knowledge or information necessary to form a belief as to the truth or falsity of said

allegations and therefore denies the same.  To the extent such allegation is construed as a

legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations

made by Plaintiff and will amend this Answer as appropriate.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

52.     In response to Paragraph 52, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

53.     In response to Paragraph 53, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

54.     In response to Paragraph 54, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

55.     In response to Paragraph 55, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

56.     In response to Paragraph 56, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

57.     In response to Paragraph 57, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

58.     In response to Paragraph 58, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

59.     In response to Paragraph 59, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

60.     In response to Paragraph 60, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

61.     In response to Paragraph 61, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

## FIRST CLAIM FOR RELIEF

62. In response to Paragraph 62, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

63. In response to Paragraph 63, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

64. In response to Paragraph 64, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

65. In response to Paragraph 63, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

66. In response to Paragraph 66, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

67. In response to Paragraph 67, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

## SECOND CLAIM FOR RELIEF

68. In response to Paragraph 68, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

69. In response to Paragraph 69, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said

allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

70.   In response to Paragraph 70, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

71.   In response to Paragraph 71, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

72.   In response to Paragraph 72, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  Defendant is aware that Plaintiff appears to advertise and market itself to the public and the furniture industry as World Market Center and the name World Market Center appears on the buildings where Plaintiff does its business.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

73.   In response to Paragraph 73, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

74.   In response to Paragraph 74, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

75.   In response to Paragraph 75, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

76.   In response to Paragraph 76, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

77.   In response to Paragraph 77, answering Defendant denies each and every allegation.

78.   In response to Paragraph 78, answering Defendant denies each and every allegation.

79.   In response to Paragraph 79, answering Defendant denies each and every allegation.

80.   In response to Paragraph 80, answering Defendant denies each and every allegation.

81.   In response to Paragraph 81, answering Defendant denies each and every allegation.

82.   In response to Paragraph 82, answering Defendant denies each and every allegation.

**THIRD CLAIM FOR RELIEF**

83.    In response to Paragraph 83, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

84.    In response to Paragraph 84, answering Defendant denies each and every allegation

85.    In response to Paragraph 85, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

86.    In response to Paragraph 86, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

87.    In response to Paragraph 87, answering Defendant denies each and every allegation.

88.    In response to Paragraph 88, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

89.    In response to Paragraph 89, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

90.   In response to Paragraph 90, answering Defendant denies each and every allegation.

91.   In response to Paragraph 91, answering Defendant denies each and every allegation.

92.   In response to Paragraph 92, answering Defendant denies each and every allegation.

## FOURTH CLAIM FOR RELIEF

93.   In response to Paragraph 93, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

94.   In response to Paragraph 94, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

95.   In response to Paragraph 95, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

96.   In response to Paragraph 96, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

97.   In response to Paragraph 97, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

98.   In response to Paragraph 98, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

99.   In response to Paragraph 99, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

100.   In response to Paragraph 100, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

101.   In response to Paragraph 101, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

102.   In response to Paragraph 102, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

103.   In response to Paragraph 103, answering Defendant admits that "World Market Center Las Vegas", with Birdwell as "Counsel", executed a "Lease Termination and Release Agreement" with Couture in consideration of $20,000.00.  With respect to all other allegations, including the allegation that Couture has a "debt owed to WMCV", Couture states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation. Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

104.   In response to Paragraph 104, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

105.   In response to Paragraph 105, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

106.   In response to Paragraph 106, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

107.   In response to Paragraph 107, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

108.   In response to Paragraph 108, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

109.   In response to Paragraph 109, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

110.   In response to Paragraph 110, answering Defendant admits it paid $20,000.00 in consideration for the "Lease Termination and Release Agreement."  With respect to all other allegations, Couture states it is currently, without sufficient knowledge or information

necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

111.  In response to Paragraph 111, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

112.  In response to Paragraph 112, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

113.  In response to Paragraph 113, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

114.  In response to Paragraph 114, answering Defendant denies each and every allegation.

115.  In response to Paragraph 115, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

116.  In response to Paragraph 116, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

117.  In response to Paragraph 117, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

118.   In response to Paragraph 118, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

119.   In response to Paragraph 119, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

120.   In response to Paragraph 120, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

121.   In response to Paragraph 121, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

122.   In response to Paragraph 122, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

123.   In response to Paragraph 123, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

124.   In response to Paragraph 124, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

125.   In response to Paragraph 125, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

126.   In response to Paragraph 126, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

127.   In response to Paragraph 127, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

128.   In response to Paragraph 128, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

129.   In response to Paragraph 129, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

130.   In response to Paragraph 130, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

131.   In response to Paragraph 131, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

132.   In response to Paragraph 132, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

133.   In response to Paragraph 133, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

134.   In response to Paragraph 134, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

135.   In response to Paragraph 135, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

136.   In response to Paragraph 136, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

## FIFTH CLAIM FOR RELIEF

137.   In response to Paragraph 137, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

138.   In response to Paragraph 138, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

139.   In response to Paragraph 139, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

140.   In response to Paragraph 140, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

141.   In response to Paragraph 141, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

142. In response to Paragraph 142, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

143. In response to Paragraph 143, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

144. In response to Paragraph 144, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

## SIXTH CLAIM FOR RELIEF

145. In response to Paragraph 145, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

146. In response to Paragraph 146, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

147. In response to Paragraph 147, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

148. In response to Paragraph 148, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

149. In response to Paragraph 149, no claim is asserted against this Defendant; therefore no response is required. To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

150.    In response to Paragraph 150, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

151.    In response to Paragraph 151, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

152.    In response to Paragraph 152, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

## SEVENTH CLAIM FOR RELIEF

153.    In response to Paragraph 153, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

154.    In response to Paragraph 154, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

155.    In response to Paragraph 155, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

156.    In response to Paragraph 156, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

157.    In response to Paragraph 157, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

158.   In response to Paragraph 158, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

159.   In response to Paragraph 159, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

160.   In response to Paragraph 160, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

161.   In response to Paragraph 161, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

162.   In response to Paragraph 162, no claim is asserted against this Defendant; therefore no response is required.  To the extent a response is deemed necessary, this answering Defendant denies each and every allegation contained in said paragraph.

## EIGHTH CLAIM FOR RELIEF

163.   In response to Paragraph 163, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

164.   In response to Paragraph 164, answering Defendant denies each and every allegation.

165.   In response to Paragraph 165, answering Defendant denies each and every allegation.

166.   In response to Paragraph 166, the terms of the lease are contained in the document and speak for themselves. To the extent an answer is required, answering Defendant denies each and every allegation.

167.   In response to Paragraph 167, answering Defendant denies each and every allegation.

168.   In response to Paragraph 168, answering Defendant denies each and every allegation.

169.   In response to Paragraph 169, answering Defendant denies each and every allegation.

170.   In response to Paragraph 170, answering Defendant denies each and every allegation.

171.   In response to Paragraph 171, answering Defendant denies each and every allegation.

172.   In response to Paragraph 172, answering Defendant denies each and every allegation.

## NINTH CLAIM FOR RELIEF

173.   In response to Paragraph 173, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

174.   In response to Paragraph 174, answering Defendant states the allegations contained therein constitute conclusions of law and thus requires no answer.  However, to the extent it contains allegations of fact, answering Defendant denies each and every allegation contain in said paragraph.

175.   In response to Paragraph 175, answering Defendant denies each and every allegation.

176.   In response to Paragraph 176, answering Defendant denies each and every allegation.

177.   In response to Paragraph 177, answering Defendant denies each and every allegation.

178.   In response to Paragraph 178, answering Defendant denies each and every allegation.

## TENTH CLAIM FOR RELIEF

179.   In response to Paragraph 179, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

180.   In response to Paragraph 180, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a

legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

181.   In response to Paragraph 181, answering Defendant states it is currently, without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and therefore denies the same.  To the extent such allegation is construed as a legal conclusion, Defendant denies the allegation.  Defendant is investigating the allegations made by Plaintiff and will amend this Answer as appropriate.

182.   In response to Paragraph 182, answering Defendant denies each and every allegation.

183.   In response to Paragraph 183, answering Defendant denies each and every allegation.

184.   In response to Paragraph 184, answering Defendant denies each and every allegation.

185.   In response to Paragraph 185, answering Defendant denies each and every allegation.

## ELEVENTH CLAIM FOR RELIEF

186.   In response to Paragraph 186, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

187.   In response to Paragraph 187, answering Defendant denies each and every allegation.

188.   In response to Paragraph 188, answering Defendant denies each and every allegation.

189.   In response to Paragraph 189, answering Defendant denies each and every allegation.

190.   In response to Paragraph 190, answering Defendant denies each and every allegation.

191.   In response to Paragraph 191, answering Defendant denies each and every allegation.

192.   In response to Paragraph 192, answering Defendant denies each and every allegation.

## TWELFTH CLAIM FOR RELIEF

193.   In response to Paragraph 193, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

194.    In response to Paragraph 194, answering Defendant denies each and every allegation.

195.    In response to Paragraph 195, Defendant repeats and realleges its answers to all the allegations contained in Plaintiff's Amended Complaint and incorporates same by reference as though fully set forth herein.

196.    In response to Paragraph 196, answering Defendant denies each and every allegation.

197.    In response to Paragraph 197, answering Defendant denies each and every allegation.

198.    In response to Paragraph 198, answering Defendant denies each and every allegation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff herein failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each claim for relief therein, is barred by the doctrines of unclean hands, and Plaintiff is therefore not entitled to any relief from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Any damages that Plaintiff may have sustained were proximately caused by the acts of persons other than Defendant, and therefore, Plaintiff is not entitled to any relief from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, resulted from the acts or omissions of third parties over whom Defendant had no control.  The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Novation.

EIGHTH AFFIRMATIVE DEFENSE

Any injuries Plaintiff claims to have suffered were not proximately or materially caused by Defendant's alleged acts, conduct, or omissions, and Plaintiff is therefore barred from recovery.

NINTH AFFIRMATIVE DEFENSE

By its own actions, Plaintiff has ratified, approved and adopted the actions of Defendant in connection with the allegations contained in the Amended Complaint.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

ELEVENTH AFFIRMATIVE DEFENSE

An award of punitive damages as claimed herein would be an excessive fine and otherwise violate the provisions of the United States and Nevada Constitutions.

TWELFTH AFFIRMATIVE DEFENSE

Defendants are not jointly liable but, instead, are only severally liable for that portion of Plaintiff's claims that represent the percentage of negligence attributable to each.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant has been required to retain the services of an attorney because of the pursuit of this action by Plaintiff and have been damaged as a result thereof, in the amount of its attorneys' fees and costs incurred and to be incurred.  Defendant is entitled to recover those fees and costs from Plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff breached an enforceable contract and therefore, cannot prevail on the causes of action.

FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were and are, wholly or partially, contributed or proximately caused by Plaintiff's recklessness and negligence, thus barring or diminishing Plaintiff's recovery herein according to principles of comparative negligence.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statutes of Repose.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to join all necessary and indispensable parties to this lawsuit.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert its claims.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the lack of jurisdiction over the person.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that venue is improper.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that process of service was insufficient.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff's claims are wholly frivolous, insubstantial, and not advanced in good faith.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred by the statute of frauds and therefore, unenforceable.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that Plaintiff has waived all rights under the alleged agreement.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are too speculative and remote to form the basis for relief.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Rule 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this answering Defendant's Answer and, therefore, answering Defendant reserves the right to amend this Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

WHEREFORE, answering Defendant prays for judgment as follows:

1.  That Plaintiff take nothing by virtue of this action and that same be dismissed with prejudice;

2.  That Defendant be awarded its attorney's fees and costs incurred in the defense of this action; and

3.  Such other and further relief as the Court may deem just and proper.

**COUNTERCLAIM**

COMES NOW Counterclaimant, Couture International, Inc. ("Couture" and/or "Counterclaimant"), by and through its attorneys, Lewis and Roca LLP, counterclaims against Counterdefendant WMCV Phase 3 ("WMCV" and/or "Counterdefendant") as follows:

**Introduction**

1.  In 2007, Couture began leasing a showroom space at the World Market Center in Las Vegas.  In 2008, disputes between Couture and the landlord, World Market Center of Las Vegas, (herein "WMCV"), arose regarding the lease payments as Couture was lead to believe that it would be able to renegotiate the terms of its lease.  Couture left the premises in late 2008.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

Through negotiations, representatives at WMCV offered to settle claims related to the lease if Couture paid any previously unpaid lease payments for the months before Couture was evicted. This amounted to around $41,000.00 and was offered as settlement by WMCV representatives. In July 2009, Couture entered into a "Lease Termination and Release Agreement" (hereafter, "the Release") with WMCV for $20,000.00 that released Couture from any and all obligations that arose from a previous lease agreement entered into between WMCV and Couture. At the time of the execution of the Release, WMCV was represented by its authorized and apparent agents Richard Birdwell and S&M. Couture, in good faith and upon representation by WMCV, believed that Richard Birdwell and S&M had authorization to execute the Release on behalf of WMCV. At no time did WMCV ever inform Couture that Richard Birdwell and S&M were not authorized, or no longer authorized to represent WMCV. Couture continued its business relationship with the WMCV and in fact, has on subsequent occasions rented space at the WMCV, however WMCV never discussed or raised the issue that any amount was owing to WMCV with respect to the initial Lease or that the Release was invalid.

2.        In reliance on WMCV's representations regarding Birdwell and S&M's authority, Couture paid to WMCV's agent, S&M, consideration in the amount of $20,000.00. WMCV is bound by the terms and conditions of the Release. WMCV has breached the Release by prosecuting this action. WMCV's conduct is in bad faith, and only brought for the purpose of harassment, annoyance and oppression.

### Parties and Jurisdiction

3.        This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 (diversity).

4.        Couture is at all times relevant to this litigation, a corporation existing under the laws of Quebec, Canada, and doing business in the State of Nevada.

5. WMCV is at all times relevant to this litigation, a corporation existing under the laws of Delaware and doing business in the State of Nevada.

**General Allegations**

6. Sometime in May 2007, WMCV and Couture entered into a lease agreement whereby Couture will lease space in the World Market Center of Las Vegas.

7. Upon information and belief, WMCV purportedly owned the World Market Center of Las Vegas.

8. Sometime in August to December of 2008, disagreements arose regarding the lease between Couture and WMCV.

9. WMCV evicted Couture from the leased space in the World Market Center of Las Vegas.

10. WMCV hired S&M as its collection agent to negotiate and recover amounts WMCV alleged Couture owed it.

11. Through negotiations, WMCV offered to release any claims related to the lease agreement against Couture if Couture paid around $41,000.00, which represented the lease amount for the months before Couture was evicted.

12. At all relevant times, WMCV never represented to Couture that S&M, including all of its agents, including Richard Birdwell, was unauthorized or improperly acting as WMCV's agents or that it had revoked their authority to act as collection agents.  Even after the Release was executed, WMCV never informed Couture that S&M or Birdwell were no longer authorized agents of WMCV.

13. At all relevant times, S&M and Birdwell never represented to Couture that S&M was unauthorized or improperly acting as WMCV's agent.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

14.    In July 2009, Couture and WMCV reached an agreement whereby Couture would pay consideration in the amount of $20,000.00 and will thereby be relieved from any obligations or liability under the lease agreement with WMCV.

15.    Richard Birdwell executed the Release on behalf of WMCV.

16.    Couture gave consideration for the Release by paying to WMCV's agent, S&M, the amount of $20,000.00.

17.    Couture continued its business relationship with the WMCV and in fact, has on subsequent occasions rented space at the WMCV, however WMCV never discussed or raised the issue that any amount was owing to WMCV with respect to the initial Lease or that the Release was invalid.

### First Claim for Relief
(Breach of Contract)

17.    Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

18.    The Release is a valid and binding contract between WMCV and Couture.

19.    WMCV breached the contract by its conduct, including but not limited to, prosecuting this action.

20.    Couture has complied with all terms and conditions under the Release.

21.    As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

22.    In connection with WMCV's conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees in enforcing the Release.

### Second Claim for Relief
(Breach of Implied Covenant of Good Faith and Fair Dealing)

23.    Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

24.    All contracts in Nevada carry with them the implied duty of good faith and fair dealing.

25.     The Release is a contract that carries the implied duty of good faith and fair dealing.

26.     WMCV's conduct has breached the obligations of good faith and fair dealing towards Couture.

27.     As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

28.     In connection with WMCV's conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees in enforcing the Release.

**Third Claim for Relief**
(Deceptive Trade Practice - N.R.S. § 598.0915)

29.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

30.     N.R.S. § 598.0915 prohibits a person, who in the course of his or her business, "[k]nowingly makes a false representation as to affiliation, connection, association with or certification by another person."

31.     WMCV has knowingly made a false representation in connection with S&M's authorization to negotiate and execute the Release if it is determined that the Release is not enforceable.

32.     As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

33.     In connection with WMCV's conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees in enforcing the Release.

**Fourth Claim for Relief**

34.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

35.     This action for declaratory judgment under Chapter 30 of the Nevada Revised Statutes, is for the purpose of determining a question of controversy between the parties.

36.     There is an actual, substantial and judicable controversy between the parties concerning the enforceability of the Release and the Couture lease.

37.     In connection with WMCV's conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees in enforcing the Release.

WHEREFORE, Counterclaimant Couture prays for judgment as follows:

1.     Damages in association with all causes of action above;

2.     Reasonable attorney's fees and costs incurred in this action;

3.     For other such relief this Court may deem just and proper under the circumstances.

## CROSS-CLAIM

COMES NOW Cross-Claimant Couture International, Inc. ("Couture" and/or "Cross-Claimant"), by and through its attorneys, Lewis and Roca LLP, counterclaims against Shushok & McCoy, Inc. ("S&M"), Matthew J. Travis ("Travis"), Matt Turner ("Turner"), and Richard Birdwell ("Birdwell") (collectively "Cross-Defendants") as follows:

### Introduction

1.     In 2007, Couture began leasing a showroom space at the World Market Center in Las Vegas.  In 2008, disputes between Couture and the landlord, World Market Center of Las Vegas, (herein "WMCV"), arose regarding the lease payments as Couture was lead to believe that it would be able to renegotiate the terms of its lease.  Couture left the premises in late 2008.  Through negotiations, representatives at the World Market Center offered to settle claims related to the lease if Couture paid any previously unpaid lease payments for the months up until Couture was evicted in December 2008.  This amounted to around $41,000.00 and was offered as settlement by WMCV representatives.  In July 2009, Couture entered into a "Lease Termination and Release Agreement" (hereafter, "the Release") with WMCV for $20,000.00 that released Couture from any and all obligations that arose from a previous lease agreement entered into between WMCV and Couture.  At the time of the execution of the Release, WMCV was represented by its authorized and apparent agent Richard Birdwell and S&M.  Couture, in good faith and upon representation by WMCV, believed that Richard Birdwell had authorization to execute the Release on behalf of WMCV.  Couture continued its business relationship with the

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

1  WMCV and in fact, has on  subsequent occasions rented space at the WMCV, however WMCV

2  never discussed or raised the issue that any amount was owing to WMCV with respect to the

3  initial Lease or that the Release was invalid.

4        Richard Birdwell executed the Release on behalf of WMCV.  Richard Birdwell

5  represented that it was properly authorized to execute the Release on behalf of WMCV.  Couture

6  is entitled to indemnification for any liability or damages arising out of WMCV's claims against

7  Couture.

8                                  **Parties and Jurisdiction**

9        2.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §

10  1332 (diversity).

11        3.      Couture is at all relevant times to this litigation, a corporation existing under the

12  laws of Quebec, Canada, and doing business in the State of Nevada.

13        4.      WMCV is at all times relevant, a corporation existing under the laws of Delaware

14  and doing business in the State of Nevada.

15        5.      S&M is at all times relevant, a corporation existing under the laws of Texas and

16  doing business in the State of Nevada.

17        6.      Travis is at all times relevant, a resident of the state of Texas and a director/officer

18  of S&M.

19        7.      Turner is at all times relevant, a resident of the state of Texas and a director/officer

20  of S&M.

21        8.      Birdwell is at all times relevant, a resident of the state of Texas and a

22  director/officer of S&M.

23        9.      The true names and capacities, whether individual, corporate, partnership, associate

24  or otherwise of Cross-Defendants named herein as DOES 1 through 100, inclusive, and ROE

25  CORPORATIONS 1 through 100, inclusive, and each of them are unknown to Couture at this

26  time, and Couture therefore sues said Cross-Defendants and each of them by such fictitious

27  names.  Couture will advise this Court and seek leave to amend this Cross-Claim when the names

28  and capacities of each such Cross-Defendant have been ascertained.  Couture alleges that each

said Cross-Defendant herein designated as a DOE or ROE CORPORATION is responsible in some manner for the events and happenings herein referred to as hereinafter alleged.  The above named Cross-Defendant, coupled with the Does and Roe Corporations shall be collectively referred to as "Cross-Defendants."

10.     Couture is informed and believes and thereupon alleges that DOES Cross-Defendants 1 through 100, inclusive, and ROE CORPORATIONS 1 through 100, inclusive, or some of them are either residents of the State of Nevada and/or were or are doing business in the State of Nevada.  The events referred to occurred within the State of Nevada unless otherwise herein alleged.

### General Allegations

11.     Sometime in May 2007, WMCV and Couture entered into a lease agreement whereby Couture will lease space in the World Market Center of Las Vegas.

12.     Upon information and belief, WMCV purportedly owned the World Market Center of Las Vegas.

13.     Sometime in August to December of 2008, disagreements arose regarding the lease between Couture and WMCV.

14.     WMCV evicted Couture from the leased space in the World Market Center of Las Vegas.

15.     WMCV hired S&M as its collection agent to negotiate and recover amounts WMCV alleged Couture owed it.

16.     Through negotiations, WMCV offered to release any claims related to the lease agreement against Couture if Couture paid around $41,000.00, which represented the lease amount for the months before Couture was evicted in December 2008.

17.     At all relevant times, WMCV never represented to Couture that S&M or Birdwell was unauthorized or improperly acting as WMCV's agent.  Even after the Release was executed,

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

WMCV never informed Couture that S&M or Birdwell were not longer authorized agents of WMCV.

18.    At all relevant times, S&M never represented to Couture that S&M or Birdwell was unauthorized or improperly acting as WMCV's agent.

19.    In July 2009, Couture and WMCV reached an agreement whereby Couture would pay consideration in the amount of $20,000.00 and will thereby be relieved from any obligations or liability under the lease agreement with WMCV.

20.    After executing the Release, Couture paid to WMCV's agent, S&M, the amount of $20,000.00.

21.    At all relevant times, Cross-Defendants represented that they had the authority to enter into the Release on behalf of WMCV.

### First Claim for Relief
(Implied Indemnity)

22.    Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

23.    Couture entered into implied agreements in connection with the Release.

24.    Cross-Defendants held themselves out as authorized agents of WMCV regarding the satisfaction of the disputed outstanding rental payments.

25.    Couture was never informed by Cross-Defendants or WMCV that Cross-Defendants lacked authority to negotiate and execute the Release.

26.    Couture is entitled to implied contractual indemnity from Cross-Defendants for any sums paid to Cross-Defendants in connection with the Release and any judgment rendered against Couture in connection with WMCV's Amended Complaint.

27.     In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees in enforcing the Release.

### Second Claim for Relief
(Equitable Indemnity)

28.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

29.     WMCV's allegations in its Amended Complaint against Couture were caused by Cross-Defendants.

30.     In equity and good conscience, if WMCV is to recover from Couture, Couture is entitled to equitable indemnity from Cross-Defendants for their respective faults for the injuries caused and damages allegedly sustained by WMCV.

31.     In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees in enforcing the Release.

### Third Claim for Relief
(Apportionment)

32.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

33.     Couture is entitled to apportionment of liability among Cross-Defendants.

34.     In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees in enforcing the Release.

. . .

. . .

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-43-

444762

## Fourth Claim for Relief
### (Equitable Estoppel)

35.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

36.     Cross-Defendants represented to Couture that they were authorized to negotiate and execute the Release on behalf of WMCV.

37.     Cross-Defendants knew that Couture, in reasonable reliance upon their representations and in good faith, understood and believed that Cross-Defendants were authorized to negotiate and execute the Release on behalf of WMCV.

38.     Cross-Defendants intended that Couture rely on these statements to induce Couture into entering the Release.

39.     Couture in fact did rely on these statements in entering the Release.

40.     Couture has relied on these statements in its detriment by paying Cross Defendants $20,000.00 in connection with the Release.

41.     Cross-Defendants are liable for all losses to Couture as a result of the representations above.

42.     As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

43.     In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees in enforcing the Release.

## Fifth Claim for Relief
### (Deceptive Trade Practice - N.R.S. § 598.0915)

44.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

45.     N.R.S. § 598.0915 prohibits a person, who in the course of his or her business, "[k]nowingly makes a false representation as to affiliation, connection, association with or certification by another person."

46.     Cross-Defendants have knowingly made false representations in connection with their authorization to negotiate and execute the Release.

47.     As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

48.     In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees.

### Sixth Claim for Relief
(Fraud/Intentional Misrepresentation)

49.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

50.     Cross-Defendants represented to Couture that they had authorization to negotiate and execute the Release.

51.     On information and belief learned after the execution of the Release, the above representations were false because WMCV allegedly informed Cross-Defendants that they did not have authorization to negotiate or execute any release.  WMCV did not inform Couture of this.

52.     Cross-Defendants made these representations knowing them to be false when made, or made with a reckless disregard for their truth or falsity.

53.     Cross-Defendants made the representations with the intent to deceive Couture and induce Couture into entering the Release.

54.     In reliance on the above representations, Couture paid Cross-Defendants $20,000.00 in connection with the Release.

55.     Couture's reliance was reasonable under the circumstances as Couture was informed by WMCV that Cross-Defendants did in fact have authorization to negotiate and execute the Release and WMCV never informed Couture that WMCV had extinguished such authority.

56.     As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

57.     In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees.

## Seventh Claim for Relief
(Negligent Misrepresentation)

58.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

59.     Cross-Defendants owed a duty of care to Couture to exercise that degree of skill normally expected of skilled professionals particularly where they knew that Couture would rely on such representations.

60.     Cross-Defendants failed to exercise reasonable care or competence in informing Couture regarding Cross-Defendants' authorization to negotiate and execute the Release.  Cross-Defendants did not inform Couture that they lacked authorization to negotiate or execute the Release.

61.     Couture relied on the representations in good faith by executing the Release and paying $20,000.00 in connection with the Release to Cross-Defendants.

62.     Couture's reliance was reasonable in that WMCV represented to Couture that Cross-Defendants had authorization and Couture was never informed that Cross-Defendants lacked authorization at any time prior to the execution of the Release.

63.     On information and belief learned after the execution of the Release, the above representations were false because WMCV allegedly informed Cross-Defendants that they did not have authorization to negotiate or execute the Release.  WMCV did not inform Couture of this.

64.     In connection with the above conduct, Couture has suffered damages from the reckless and grossly negligent misrepresentations of Cross-Defendants.

65.     Had Cross-Defendants reasonably and properly performed their duties, Couture would not be exposed to potential liability.

66.     As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

67.     In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees.

### Eighth Claim for Relief
(Unjust Enrichment)

68.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

69.     Cross-Defendants allegedly did not have authority to negotiate and execute the Release.

70.     Cross-Defendants allegedly did not have authority to accept the $20,000.00 Couture paid in consideration of the Release.

71.     Cross-Defendants allegedly did not give these monies to WMCV.

72.     Cross-Defendants have been unjust enriched.

73.     As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

74.     In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees.

### Ninth Claim for Relief
(Implied Warranty of Authority)

75.     Couture repeats and realleges its allegations in all previous paragraphs, inclusive, as if fully set forth at this point and incorporates them herein by reference.

76.     Cross-Defendants represented to Couture that they had authorization to negotiate and execute the Release and thus, provided an implied warranty of authority.

77.     On information and belief learned after the execution of the Release, the above representation were false because WMCV allegedly informed Cross-Defendants that they did not have authorization to negotiate or execute any release.

78.     Cross-Defendants made these representations knowing them to be false when made, or made with a reckless disregard for their truth or falsity.

79.     Cross-Defendants made the representations with the intent to deceive Couture and induce Couture into entering the Release.

80.    As a direct and proximate result, Couture has been damaged in excess of $10,000.00, which will be determined at trial.

81.    In connection with Cross-Defendants' conduct, Couture had to retain attorneys to represent it, and is entitled to recover the fair and reasonable attorneys' fees.

WHEREFORE, Cross-Claimant Couture prays for judgment as follows:

1. Damages in association with all causes of action above;

2. Reasonable attorney's fees and costs incurred in this action; and

3. For other such relief this Court may deem just and proper under the circumstances.

DATED this 6th day of May, 2011.

LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
MENG ZHONG, ESQ.
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
Attorneys for Couture International, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on counsel, listed below, on the _6_ day of May 2011 through the court's electronic service system:

Terry A. Coffing, Esq.
Matthew T. Cecile, Esq.
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV  89145
Attorneys for Plaintiff

Gary E. Schnitzer, Esq.
Michael D. Lee, Esq.
Kravitz, Schnitzer, Sloane & Johnson, Chtd.
8985 S. Eastern Avenue, Ste. 200
Las Vegas, NV  89123
Attorneys for Global Accents, Inc.

Joshua M. Dickey, Esq.
Brandon P. Kemble, Esq.
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, NV  89148
Attorneys for Defendants Shushok & McCoy, Inc., Matthew J. Travis, Matt Turner and Richard Birdwell

_____
an employee of Lewis and Roca LLP