UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability company, ) ) ) | |
| Plaintiff, ) ) | Case No.: 2:10-cv-00661-GMN-RJJ |
| vs. ) ) | **ORDER** |
| SHUSHOK & MCCOY, INC., a Texas corporation; MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

This case arises out of the failure of commercial tenants to pay rent and the fraud committed by the former collection agency employed by Plaintiff WMCV Phase 3, LLC ("Plaintiff").  Defendants have also filed counter- and cross-claims against Plaintiff and against each other.  The Defendants can be grouped into three categories: (1) Global Accents; (2) Couture International, Inc. ("Couture"); and (3) the SMI Defendants (Shushok & McCoy, Inc. ("Shushok"), Matthew Travis, Matt Turner, and Richard Birdwell).

Pending before the Court is Global Accents' Motion for Summary Judgment (ECF No. 80), and Plaintiff's Counter Motion for Summary Judgment (ECF No. 95).

**I. BACKGROUND**

**A. Procedural History**

Plaintiff originally filed suit in state court, and the matter was removed to this Court in May 2010. (ECF No. 1.) Shortly after, Global Accents filed a Motion to Dismiss, or, In the Alternative, Motion for Summary Judgment. (ECF No. 9.) Plaintiff then filed its Response to the motion, which included its Counter Motion for Summary Judgment. (ECF Nos. 14, 16.) The SMI Defendants also filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 11.) On October 5, 2010, the Court issued its Order on the motions, granting in part and denying in part the SMI Defendants' Motion to Dismiss for Lack of Jurisdiction, giving Plaintiff leave to amend its RICO claim. (Order, Oct. 5, 2010, ECF No. 25.) The Court also granted in part and denied in part Plaintiff's motion, and denied Global Accents' motion. (*Id*.)

On November 4, 2010, Plaintiff filed its Amended Complaint (ECF No. 33) alleging thirteen causes of action against the Defendants. Plaintiff's causes of action are: (1) Injunctive Relief (SMI Defendants); (2) Fraudulent or Intentional Misrepresentation (Couture and Global Accents); (3) Civil Conspiracy (All Defendants); (4) Nevada Civil RICO Claim - SMI); (5) Conversion (SMI Defendants); (6) Intentional Inference With Contract (SMI Defendants); (7) Breach of Lease (Global Accents); (8) Breach of Lease (Couture); (9) Breach of Implied Covenant of Good Faith and Fair Dealings - Global Accents and Couture); (10) Unjust Enrichment (Global and Couture); (11) Declaratory Relief; (12) Special Damages/Attorneys' Fees & Costs; and (13) Punitive Damages.

On November 22, 2010, in one brief, Global Accents filed its Answer, its Crossclaims against the SMI Defendants and its Counterclaims against Plaintiff. (ECF No. 35.) The Counterclaims consist of four claims for relief: (1) Breach of Contract; (2)

Breach of the Covenant of Good Faith and Fair Dealing; (3) Deceptive Trade Practices – Nev. Rev. Stat. § 598.0915; (4) Declaratory Relief. (ECF No. 35.)

With the instant motion, filed on August 15, 2011, Global Accents is seeking summary judgment of the claims alleged against itself – claims 2, 3, 7, 9–13 in Plaintiff's First Amended Complaint (ECF No. 33.). (MSJ, ECF No. 80.)

Plaintiff filed its Response to Global Accents' motion on October 17, 2011, which included its Countermotion for Summary Judgment, relating to Global Accents' Counterclaims (ECF No. 35). (ECF Nos. 90, 95.)

Both parties filed multiple stipulations to extend the briefing schedule, so the motions were not fully briefed until January 16, 2012.

**B. Summary of Facts**

Plaintiff owns a parcel of property located at 455 S. Grand Central Pkwy in Las Vegas, Nevada which is part of the World Market Center Las Vegas. On August 7, 2006, Plaintiff's predecessor-in-interest entered into a lease agreement ("the Global Accents Lease") with Defendant Global Accents, Inc. for the space designated as C-875, to commence on July 1, 2008. The Global Accents Lease was later amended to change the leased space to C-775. On or about August 1, 2008, Global Accents failed to pay rent, despite several requests, and it was evicted on or about December 30, 2008, still owing Plaintiff $360,831. On May 21, 2007, Plaintiff entered into a lease agreement ("the Couture Lease") with Defendant Couture for the space designated as C-1164, to commence on July 1, 2008. On or about August 1, 2008, Couture failed to pay rent, despite several requests, and it was evicted on or about December 31, 2008, still owing Plaintiff $695,500.32. Plaintiff has been unable to lease either space, C-775 or C-1164, to new tenants.

In or about 2007, Plaintiff hired Defendant Shushok as a commercial collection agent to recover past due amounts from tenants such as Global Accents and Couture. However, Shushok had no authority to enter into agreements with tenants on behalf of Plaintiff.  In March and June of 2009, Plaintiff unequivocally instructed Shushok to cease collection activities against Global Accents and Couture, respectively.  On or about June 26, 2009, both Nino Torres (Client Services Manager for Shushok) and Defendant Matthew J. Travis (President and CEO of Shushok) acknowledged in separate electronic writings that Shushok was no longer retained by Plaintiff.

Thereafter, in or about July 2009, Defendant Richard Birdwell signed a "Lease Termination and Release Agreement" ("the Couture Release") on behalf of Shushok and falsely represented himself to be "Counsel" for "World Market Center Las Vegas, [Inc.]," purporting to release Couture from its liability under the Couture Lease in exchange for $20,000 to be paid – and which was paid – directly to Shushok.  However, the Couture Release is falsely dated May 21, 2007, the same date Plaintiff and Couture entered into the Couture Lease.  Birdwell was not Plaintiff's agent or employee of any sort, and neither he nor Shushok were authorized to enter into any agreement on behalf of Plaintiff. Plaintiff discovered the existence of the Couture Release when Couture contacted Plaintiff on or about January 9, 2010 to inform Plaintiff that it had been released and believed there was no longer any dispute over the Couture Lease.

Defendant Matt Turner, on behalf of Shushok and falsely representing himself as the "Director" of "World Market Center Las Vegas, [Inc.]" entered into a similar "Lease Termination and Release Agreement" ("the Global Accents Release") with Global Accents in exchange for $8,200 to be paid – and which was paid – directly to Shushok. Turner was not Plaintiff's agent or employee of any sort, and neither he nor Shushok were authorized to enter into any agreement on behalf of Plaintiff.  Plaintiff has received

no part of the funds paid in exchange for these purported releases and believes that Shushok continues to pursue collections from current and past WMCV tenants without authorization.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

### III. DISCUSSION

**A. The Court's October Order on Plaintiff and Global Accents' motions for summary judgment**

In its October Order, the Court held that there was a question of fact as to whether Shushok had apparent authority to enter into the Global Accents Release, but there was no question that Shushok did not have actual authority to enter into the release. (Order, Oct. 5, 2010, ECF No. 25.)  Plaintiff had argued that reasonable reliance on apparent authority is a question of fact under Nevada law, and the Court agreed, quoting from *Great Am. Ins. Co. v. Gen. Builders, Inc*, 934 P.2d 257, 261 (Nev. 1997) (citations omitted):

> A party claiming apparent authority of an agent as a basis for contract formation must prove (1) that he subjectively believed that the agent had authority to act for the principal and (2) that his subjective belief in the agent's authority was objectively reasonable.  Apparent authority is, in essence, an application of equitable estoppel, of which reasonable reliance is a necessary element.  As previously noted by this court, "the party who claims reliance must not have closed his eyes to warnings or inconsistent circumstances."  Apparent authority, including a third party's reasonable reliance on such authority, is a question of fact.

(Order, Oct. 5, 2010, 10:16-20.)  The Court also agreed with Plaintiff's contention that there was a question of fact as to whether it was reasonable for Global Accents to believe that Shushok had the authority to enter into an agreement on behalf of Plaintiff. (Order,

Oct. 5, 2010, 10:22-23.)  The Court explained that this is a material fact, because without reliance that is reasonable, there can be no finding of apparent authority, quoting from *Ellis v. Nelson*, 233 P.2d 1072, 1076 (Nev. 1951):

> [T]he reliance must have been a reasonable one, consistent with the exercise of reasonable prudence, and the party who claims reliance must not have closed his eyes to warning or inconsistent circumstances. Authority is not 'apparent' simply because the party claiming has acted upon his conclusions.  It is not 'apparent,' in contemplation of law, simply because it looked so to him.  It is not a situation where one may read while he runs.  It is only where a person of ordinary prudence, conversant with business usages and the nature of the particular business, acting in good faith, and giving heed not only to opposing inferences but also to all restrictions which are brought to his notice, would reasonably rely, that a case is presented within the operation of the rule.  If the inferences against the existence of the authority are just as reasonable as those in favor of it, there can be no reliance within this rule.

(Order, Oct. 5, 2010, 10:23-24–11:1-9.)

The Court also addressed Global Accents' argument that because Plaintiff was not a party to the Global Accents Release, and the party identified on the Release was "World Market Center Las Vegas, a [Nevada corporation] ('Landlord'),"  that Global Accents reasonably believed that this was Plaintiff's formal corporate name and that Defendant Turner was a director of the corporation. (Order, 11:18-21.)  The Court noted that the signature on the Release, "Matt Turner" as "Director" instead of "agent" was suspect. (Order, Oct. 5, 2010, 11:20-21.)

However, the Court explained that there was no evidence in the record bearing on the reasonableness of Global Accents' belief, such as the circumstances or communications surrounding the negotiations, and therefore found that there was a question of fact as to whether the release bound Plaintiff. (Order, Oct. 5, 2010, 12:1-4.)

**B. The motions for summary judgment currently before the Court**

It is undisputed that the SMI Defendants had actual authority to act on Plaintiff's behalf as its commercial collection agent for the purposes of recovering past due debt and rent from tenants. The remaining point of disagreement between the parties is whether a distinction can be made between this authority as collection agent, and the authority to negotiate on Plaintiff's behalf and to represent Plaintiff's interests as it pertained to the lease dispute. This distinction is important because Global Accents' argument in its defense is that it relied on the SMI Defendants' apparent and/or implied authority in negotiating the Global Release. Not only must Global Accents show that it relied on this authority, it must show that its subjective belief in this authority was objectively reasonable. Accordingly, the question before the Court is whether there is a genuine issue of material fact as to whether Global Accents' subjective belief in the SMI Defendants' authority to negotiate the Release was objectively reasonable. As discussed below, the Court finds that there is a genuine issue of material fact as to these questions.

Pursuant to the summary judgment standard, the moving party bears the burden of establishing an absence of a genuine issue of material fact. As the Court stated in its October Order, Global Accents must show evidence bearing on the reasonableness of Global Accents' belief, such as the circumstances or communications surrounding the negotiations. This evidence must be so strong that the trier of fact, drawing all inferences in favor of Plaintiff, could not return a verdict in Plaintiff's favor.

Here, Global Accents has not provided such evidence. Global Accents has presented the Plaintiff's Response to Global Accents' First Request for Admission (Ex. A to MSJ); the SMI Defendants' Response to Global Accents' First Request for Admissions (Ex. B to MSJ); an email from Defendant Birdwell to Global Accents' counsel Danny Partielli on January 19, 2009, discussing a release settlement amount (Ex. C to MSJ); the

Declaration of Danny Partielli (Ex. D to MSJ); the Global Release (Ex. E to MSJ); and Global Accents' Wells Fargo Wire Transfer Request sending payment to the SMI Defendants (Ex. F to MSJ). However, none of these establish that Plaintiff represented Shushok as its agent with authority to negotiate the Release, as opposed to simply its agent to collect rent. Therefore there is still insufficient evidence in the record bearing on the reasonableness of Global Accents' belief. Accordingly, the Court finds that a trier of fact drawing all inferences in favor of Plaintiff could return a verdict in Plaintiff's favor, and that therefore a genuine dispute of material fact remains as to whether the SMI Defendants had apparent authority to bind Plaintiff to the Global Release. It is likely that in order for a trier of fact to determine the reasonableness of Global Accents' belief at trial, the credibility of the witnesses must be evaluated and the parties will need to focus on evidence supporting or refuting Shushok's authority to *negotiate* on Plaintiff's behalf. Thus, for the reasons stated above, the Court will deny Global Accents' motion for summary judgment as to Plaintiff's claims against it.

Likewise, the Court finds that a trier of fact drawing all inferences in favor of Global Accents could return a verdict in Global Accents' favor regarding its four counterclaims against Plaintiff (breach of contract, breach of the covenant of good faith and fair dealing, deceptive trade practices, and declaratory relief). This is because these counterclaims are dependent upon the resolution of the question of whether Plaintiff represented the SMI Defendants as their agent in negotiating the Global Release, and not just as their agent for the purpose of rent collection. Accordingly, summary judgment cannot be granted in Plaintiff's favor as to Global Accents' Counterclaims.

**C. Global Accents' request for attorneys' fees**

In its briefs, Global Accents argues that it is entitled to recover its attorneys' fees and costs under the Global Release, under Nevada Revised Statutes 18.010 for the

frivolous prosecution of this claim, and Nevada Rule of Civil Procedure 11.  Because the Court does not find that Global Accents' motion is meritorious, and because the Court finds that there is a genuine issue of material fact that is reasonably raised by Plaintiff, the Court will deny this request.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 80) filed by Global Accents is **DENIED**.

**IT IS FURTHER ORDERED** that the Countermotion for Summary Judgment (ECF No. 95) filed by WMCV Phase 3 is **DENIED**.

DATED this 4th day of April, 2012.

_____
Gloria M. Navarro
United States District Judge