**Marquis & Aurbach**
TERRY A. COFFING, ESQ.
Nevada Bar No. 4949
MATTHEW T. CECIL, ESQ.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
mcecil@maclaw.com
    Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability company,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>SHUSHOK & MCCOY, INC., a Texas corporation; MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,<br><br>                                    Defendants. | Case No.:        2:10-cv-00661-GMN-RJJ |

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## <u>MOTION TO STRIKE MATT TURNER'S ANSWER AND APPLICATION TO ENTER DEFAULT, OR IN THE ALTERNATIVE MOTION FOR AN ORDER TO SHOW CAUSE WHY MATT TURNER'S ANSWER SHOULD NOT BE STRICKEN AND DEFAULT ENTERED</u>

Plaintiff WMCV PHASE 3, LLC, by and through its attorneys, Marquis Aurbach Coffing, hereby submits this MOTION TO STRIKE MATT TURNER'S ANSWER AND APPLICATION TO ENTER DEFAULT, OR IN THE ALTERNATIVE, MOTION FOR AN ORDER TO SHOW CAUSE WHY MATT TURNER'S ANSWER SHOULD NOT BE STRICKEN AND DEFAULT ENTERED.

I.      **INTRODUCTION.**

Defendant Matt Turner has not participated in this matter since his attorney withdrew on April 25, 2011.  See ECF No. 59.  Indeed, Turner not only failed to appear at the motion to withdraw hearing, but he has since failed to attend his two properly noticed depositions, and has avoided service of a subpoena seeking to compel his attendance and production of documents at a deposition.   Plaintiff requests the Court strike Turner's Answer for Turner's failure to participate in discovery pursuant to Federal Rule of Civil Procedure 37, and enter default against Turner pursuant to Federal Rule of Civil Procedure 55.  Alternatively, Plaintiff requests the Court issue an Order to Show Cause Why Turner's Answer Should Not Be Stricken and Why Default Should Not Be Entered.

II.     **FACTUAL BACKGROUND.**

1.      On March 16, 2011, Turner's attorneys, Bailey Kennedy, filed an Emergency Motion to Withdraw.  See ECF No. 49.

2.      On April 6, 2011, this Court scheduled the Emergency Motion to Withdraw for Hearing on April 25, 2011 at 3:00 PM and ordered that Turner appear at the hearing stating:

> IT IS FURTHER ORDERED that a corporate representative for Defendant Shushok & McCoy, Inc., must appear in court for this hearing. There is NO EXCEPTION to this requirement. Failure to appear may result in an order to show cause being issued by the court.
>
> IT IS FURTHER ORDERED that individual defendants, Matthew J. Travis, Matt Turner and Richard Birdwell must appear in court for this hearing. There is NO EXCEPTION to this requirement. Failure to appear may result in an order to show cause being issued by the court.

See ECF No. 52.

3.      Although Travis and Birdwell appeared telephonically at the April 25, 2011 hearing and stated that Turner was the representative for Shushok & McCoy, Turner did not appear at the hearing.  See ECF No. 59.

4.      Additionally, the Court stated, "The court will issue an order to show cause for Matt Turner for his failure to participate in this hearing."  Id.  The referenced order to show cause was not issued.

M&A:11320-004 1592021_1 7/6/2012 9:29 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING

10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1       5.    On April 27, 2011, Plaintiff served Turner, at his last known address, with a

2   Notice of Videotaped Deposition set for May 16, 2011 at 8:00 AM to take place at the office of

3   Marquis Aurbach Coffing. <u>See</u> Declaration of Matthew T. Cecil, attached hereto as **Ex. 1** at ¶ 5.

4   Turner neither objected to nor appeared for the May 16, 2011 deposition. <u>Id.</u> at ¶ 6.

5       6.    Plaintiff attempted to serve a subpoena upon Turner to compel his appearance at a

6   deposition set for September 22, 2011. <u>Id.</u> at ¶ 8.  However, Plaintiff learned during Mr.

7   Birdwell's September 23, 2011 deposition that Turner intentionally avoided service of the

8   subpoena. <u>Id.</u> at ¶ 9. Specifically, Mr. Birdwell stated Turner knew Plaintiff was trying to serve

9   Turner with a subpoena and Turner told Mr. Birdwell "They will never take me alive" and that

10   his plan was to avoid service. <u>See</u> Excerpt from Birdwell's deposition at 114:7-115:13 attached

11   hereto as **Ex. 1-D**.

12       7.    On September 9, 2011, Plaintiff served Turner by mail an Amended Notice of

13   Deposition at his last known address, as well as his address set forth in the tax records of the

14   Denton County, Texas Assessor, to take place on September 22, 2011 at 3102 Oak Lawn Ave.,

15   Suite 777, Dallas Texas, which upon information and belief is near to where Turner resides.

16   **Ex. 1** at 10.

17       8.    Turner did not object to the amended deposition notice, and failed to appear on

18   September 22, 2011 for his deposition. <u>Id.</u> at ¶ 11.

19       9.    Plaintiff incurred $3,114.70 in expenses, including fees and costs in trying to take

20   Turner's deposition. <u>Id.</u> at ¶ 12.

21       10.    It is impossible to meet and confer with Turner regarding his failure to attend his

22   depositions because Turner is intentionally avoiding all participation in this matter and returning

23   all mail regarding this matter. <u>Id.</u> at ¶ 14. <u>See also</u> ECF Nos. 74, 75, 76, 85, 87, 91, 96, 101,

24   103, 112, 117, 119, 123, 127, 128, 133, and 134.

25       11.    On April 19, 2012, this Court ordered the parties, including Turner, to participate

26   in a settlement conference on May 18, 2012 at 8:30 AM, ordering "All counsel of record who

27   will be participating in the trial of this case, all parties appearing <u>pro se</u>, if any, and **all**

28

M&A:11320-004 1592021_1 7/6/2012 9:29 AM

**individual parties must be present.    No exceptions are made to this requirement.**"
(emphasis in original).  ECF No. 124.

12.     The Court served this order on Turner.  ECF Nos. 124, 125.

13.     On May 8, 2012, this Court ordered the settlement conference changed to May 24, 2012, at 1:30 PM.  ECF No. 129.

14.     On May 9, 2012, the undersigned served Turner with a ECF No. 124 and notice that the settlement conference had been changed to May 24, 2012 via certified mail as this Court required.  ECF Nos. 129, 130, 131, 133, and 134.

15.     Turner did not appear in person or telephonically for the mandatory settlement conference.

### III.    LEGAL ARGUMENT.

Federal Rule of Civil Procedure 37 governs sanctions against a party for failing to participate in discovery.  Specifically, Rule 37(d) provides in pertinent part:

> (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
>
> (1) In General.
>
> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
> (i) *a party* or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--*fails, after being served with proper notice, to appear for that person's deposition*; or
>
> …
>
> (3) *Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).* Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d) (emphasis added).  The appropriate sanctions for a party failing to attend the party's properly noticed deposition include "striking pleadings in whole or in part;" and "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi).

M&A:11320-004 1592021_1 7/6/2012 9:29 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    In the case at bar, Turner has refused to participate in this matter since his attorney

2    withdrew.    Specifically, Turner: (1) failed to appear at the hearing regarding his attorney's

3    motion to withdraw; (2) intentionally avoided service of Plaintiff's deposition subpoena; (3)

4    ignored two separate notices scheduling his depositions; (4) failed to appear at two separate

5    depositions; and (5) failed to participate in the mandatory settlement conference.

6    As a result of Turner's actions and his intentional avoidance of this matter, it is

7    impossible for Plaintiff's counsel to meet and confer with Turner.    Consequently, Plaintiff

8    respectfully requests the Court: (1) strike Turner's answer from the record; (2) enter default and

9    allow Plaintiff to proceed with a default judgment against Turner; and (3) order Turner to pay

10    $3,114.70 to Plaintiff, which represents Plaintiff's reasonable expenses, including fees and costs,

11    caused by Turner's failure to participate in this matter.

12    **IV.    CONCLUSION.**

13    On October 5, 2010, this Court denied Turner's Motion to Dismiss for lack of personal

14    jurisdiction by finding the Court had jurisdiction over Turner. ECF No. 25.  Unfortunately, the

15    Court's order that it indeed had jurisdiction over Turner meant nothing to Turner, since to date

16    he has acted as though this Court has no authority over him.  This is emphasized by the fact that

17    the April 19, 2012 Order required Turner's presence at the settlement conference, with **no**

18    **exceptions**.  Nevertheless, Turner did not attend the settlement conference.  There is no point to

19    ordering Turner's mandatory presence at the settlement conference, unless a sanction arises for

20    Turner's blatant failure to comply with the Court's order.

21    Turner's Answer should be stricken from the record and default judgment should be

22    entered against Turner, because Turner has intentionally ignored this Court's orders, refused to

23    appear for his properly noticed depositions, intentionally avoided being served a subpoena which

24    sought to compel his deposition and the production of documents, and failed to participate in the

25    mandatory settlement conference.  Moreover, Turner should be ordered to pay Plaintiff the

26    / / /

27    / / /

28

M&A:11320-004 1592021_1 7/6/2012 9:29 AM

1    $3,114.70 it incurred while trying to compel and take Turner's deposition.   Alternatively,

2    Plaintiff requests the Court order Turner to show cause why this Court should not strike Turner's

3    Answer and allow Plaintiff to obtain default judgment against him.

4        Dated this 6th day of July, 2012.

5                                              MARQUIS AURBACH COFFING

6

7                                              /s/ Matthew T. Cecil
                                               Terry A. Coffing, Esq.
8                                              Nevada Bar No. 4949
                                               Matthew T. Cecil, Esq.
9                                              Nevada Bar No. 9525
                                               10001 Park Run Drive
10                                             Las Vegas, Nevada 89145
                                               Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:11320-004 1592021_1 7/6/2012 9:29 AM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am employed with the law firm of Marquis Aurbach Coffing, and that on the ___ day of July, 2012, I electronically filed the foregoing **Motion To Strike Matt Turner's Answer And Application To Enter Default, Or In The Alternative, Motion For An Order To Show Cause Why Matt Turner's Answer Should Not Be Stricken And Default Entered** with the Clerk of the U.S. District Court for the State of Nevada, using the CM/ECF electronic filing system which will cause the documents to be electronically served upon the following counsel of record:

Michael B. Lee, P.C.
Michael B. Lee, Esq.
2000 South Eastern Ave.
Las Vegas, Nevada 89104
Attorney for Defendant
Global Accents, Inc.

William R. Urga, Esq.
Jolly Urga Wirth Woodbury & Standish
3800 Howard Hughes Parkway, 16th Floor
Las Vegas, NV 89169
Attorneys for Defendant
Couture International

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

Matt Turner
c/o Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Matt Turner
46 Cimarron Dr.
Trophy Club, Texas 76262

Matthew Travis
3300 Tori Trail
Keller, TX 76248

Richard Birdwell
2804 Red Wolf Drive
Fort Worth, TX 76244

Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

_____
Mary Jo Foreman, an employee of
Marquis Aurbach Coffing

M&A:11320-004 1592021_1 7/6/2012 9:29 AM

# EXHIBIT "1"

# EXHIBIT "1"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Marquis Aurbach Coffing**
TERRY A. COFFING, ESQ.
Nevada Bar No. 4949
MATTHEW T. CECIL, ESQ.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
mcecil@maclaw.com
  Attorneys for Plaintiff

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

WMCV PHASE 3, LLC, a Delaware limited liability company,

                            Plaintiff,

        vs.

SHUSHOK & MCCOY, INC., a Texas corporation; MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,

                            Defendants.

_____

And Related Matters

_____

Case No.:        2:10-cv-00661-GMN-RJJ

### MATTHEW T. CECIL'S DECLARATION IN SUPPORT OF WMCV PHASE 3'S MOTION TO STRIKE MATT TURNER'S ANSWER AND APPLICATION TO ENTER DEFAULT, OR IN THE ALTERNATIVE MOTION FOR AN ORDER TO SHOW CAUSE WHY MATT TURNER'S ANSWER SHOULD NOT BE STRICKEN AND DEFAULT ENTERED

STATE OF NEVADA       )
                      )
COUNTY OF CLARK       )

    I, Matthew T. Cecil, Esq., in support of WMCV Phase 3's Motion to Strike Matt Turner's

Answer and Application to Enter Default, or in the Alternative Motion for an Order to Show

M&A:11320-004 1688811_1 7/6/2012 11:23 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Cause Why Matt Turner's Answer Should Not Be Stricken and Default Entered, declare as follows:

     1.    I am an attorney licensed to practice in the State of Nevada. I am an associate with Marquis Aurbach Coffing ("MAC"), who represents WMCV Phase 3, LLC, a Delaware limited liability company ("Plaintiff") in the above captioned matter.

     2.    I have personal knowledge of the facts stated herein, with the exception of those assertions which are based upon my belief.

     3.    I am competent to testify to the facts stated herein in a court of law and will so testify if called upon.

     4.    I am familiar with pleadings, motions, and papers served and filed by MAC in the above captioned matter. The original of those documents referenced herein and attached hereto were created at or near the time of the act or event, as stated therein, by or from information transmitted by a person with knowledge of the act or event, in the course of a regularly conducted activity of WMCV Phase 3.

     5.    On or about April 27, 2011, MAC served Defendant Matt Turner a Notice of Videotaped Deposition, which set the deposition to take place on May 16, 2011 at 8:00 am at MAC's office. A true, correct, and accurate copy of the Notice of Videotaped Deposition is attached hereto as **Exhibit A**.

     6.    MAC never received an objection to the deposition and Turner failed to appear for his deposition on May 16, 2011. A true, correct, and accurate copy of the Statement of Nonappearance Re. Scheduled Deposition of Matthew Turner is attached hereto as **Exhibit B**.

     7.    Subsequently, MAC tried to arrange times and dates for the depositions of Turner, Richard Birdwell, Matthew Travis, and the 30(b)(6) witness of Shushok & McCoy. MAC succeeded in arranging September 23, 2011 as a date for Birdwell and Travis, however, MAC was unable to reach Turner, who is also the representative of Shushok & McCoy.

     8.    Consequently, on September 5, 2011, MAC issued a subpoena for Turner, seeking to compel Turner to produce documents and appear for a deposition on September 22, 2011 at 8:45 am at 3102 Oak Lawn Ave., Suite 777, Dallas Texas, 75219,which upon information and

M&A:11320-004 1688811_1 7/6/2012 11:23 AM

1   belief, is in the same part of Texas where Turner lives and works.  A true, correct, and accurate

2   copy of the subpoena is attached hereto as **Exhibit C**.

3          9.      Unfortunately, we were unable to serve Turner with the subpoena because, as

4   Richard Birdwell testified during his deposition, Turner said he intentionally avoided service of

5   the subpoena.  See excerpt from Mr. Birdwell's Deposition Transcript attached hereto as

6   **Exhibit D**, at 114:7-115:13.

7          10.     On or about September 9, 2011, MAC served Turner with an Amended Notice of

8   Deposition, which set the deposition for September 22, 2011, at 8:45 am, at 3102 Oak Lawn

9   Ave., Suite 777, Dallas Texas, 75219.  A true, correct, and accurate copy of the Amended Notice

10  of Deposition is attached hereto as **Exhibit E**.  While preparing this notice, I researched Turner's

11  property tax records, and also served the motion to what is listed as his home address, 46

12  Cimmaron, Trophy Club TX 76262.  A true, correct, and accurate copy of Turner's property tax

13  record is attached hereto as **Exhibit F**.

14         11.     MAC never received an objection from Turner to the amended deposition notice,

15  and Turner failed to appear on September 22, 2011 for his deposition.  A true, correct, and

16  accurate copy of the Statement of Non-Appearance is attached hereto as **Exhibit G**.

17         12.     In the course of trying to take Turner's deposition, Plaintiff incurred $ 3,114.70 in

18  expenses, including attorney fees and cost.  A true, correct, and accurate copy of MAC's

19  invoices to Plaintiff regarding the services and costs incurred in the course of trying to take

20  Turner's deposition are attached hereto as **Exhibit H**.  There were four total depositions

21  scheduled in Texas and associated with Shushok & McCoy and Turner.  Therefore, to arrive at

22  this number, the fees and costs incurred for travel and preparation for all four of the depositions

23  were equally prorated among the four deponents.  See also $250 charge from the Texas Court

24  Reporter detailed in Exhibit G**.**

25         13.     It has been impossible for MAC to meet and confer with Turner regarding his

26  failure to appear at his depositions, because upon information and belief, Turner is intentionally

27  avoiding all participation in this matter.

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:11320-004 1688811_1 7/6/2012 11:23 AM

14.     Pursuant to 28 U.S.C.A. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Executed this 6th day of July, 2012.

/s/ Matthew T. Cecil
Matthew T. Cecil, Esq.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:11320-004 1688811_1 7/6/2012 11:23 AM

# EXHIBIT "A"

# EXHIBIT "A"

**Marquis Aurbach Coffing**
TERRY A. COFFING, ESQ.
Nevada Bar No. 4949
MATTHEW T. CECIL, ESQ.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
mcecil@maclaw.com
    Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

WMCV PHASE 3, LLC, a Delaware limited
liability company,

                    Plaintiff,

vs.

SHUSHOK & MCCOY, INC., a Texas
corporation; MATTHEW J. TRAVIS, an
individual; MATT TURNER, an individual;
RICHARD BIRDWELL, an individual;
GLOBAL ACCENTS, INC., a California
corporation; COUTURE INTERNATIONAL,
INC., a Quebec corporation; DOES I through X,
inclusive; ROE ENTITIES I through X,
inclusive,

                    Defendants.

Case No.:       2:10-cv-00661-RCJ-RJJ

## NOTICE OF VIDEOTAPED DEPOSITION OF MATTHEW TURNER

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD.

         PLEASE TAKE NOTICE pursuant to F.R.C.P. Rules 26 and 30, that Plaintiff, by and

through its counsel of record, the law firm of Marquis Aurbach Coffing, will take the videotaped

deposition of **MATTHEW TURNER,** before a Notary Public, or before some other officer

authorized by law to administer oaths.  The deposition will commence on **May 16, 2011 at the

hour of 8:00 a.m.** at the offices of Marquis Aurbach Coffing, 10001 Park Run Drive, Las Vegas,

Nevada  89145.

/ / /

M&A:11320-004 1334051_1.DOC 4/26/2011 5:10 PM

*MARQUIS AURBACH COFFING*
*10001 Park Run Drive*
*Las Vegas, Nevada 89145*
*(702) 382-0711 FAX: (702) 382-5816*

1    Oral testimony will continue from day to day until completed.  You are hereby invited to

2  attend and cross-examine.

3    DATED this _21_ day of April, 2011.

4                                              MARQUIS AURBACH COFFING

5

6                                              By _____

7                                                 Terry A. Coffing, Esq.
                                                   Nevada Bar No. 4949
8                                                 Matthew T. Cecil, Esq.
                                                   Nevada Bar No.  9525
9                                                 10001 Park Run Drive
                                                   Las Vegas, Nevada 89145
                                                   Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 2 of 3

## CERTIFICATE OF MAILING

I hereby certify that on the 27 day of April, 2011, I served a copy of the foregoing **NOTICE OF VIDEOTAPED DEPOSITION OF MATTHEW TURNER** upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Matt Turner
c/o Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Matthew Travis
3300 Tori Trail
Keller, TX 76248

Richard Birdwell
2804 Red Wolf Drive
Fort Worth, TX 76244

Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Gary E. Schnitzer, Esq.
Michael B. Lee, Esq.
KRAVITZ SCHNITZER SLOANE & JOHNSON CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Attorneys for Defendant Global Accents

I further certify that there is regular communication between the place of mailing and the places so addressed.

Mary Jo Foreman, an employee of
Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 3 of 3

M&A:11320-004 1334051_1.DOC 4/27/2011 10:54 AM

# EXHIBIT "B"

# EXHIBIT "B"

1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WMCV PHASE 3, LLC, a
Delaware limited liability
company,

                    Plaintiff,          Case No.:
          vs.                           2:10-cv-00661-GMN-RJJ

SHUSHOK & McCOY, INC., a
Texas corporation; MATTHEW J.
TRAVIS, an individual; MATT
TURNER, an individual;
RICHARD BIRDWELL, an
individual; GLOBAL ACCENTS,
INC., a California
corporation; COUTURE
INTERNATIONAL, INC., a Quebec
corporation; DOES I through X,
inclusive; ROE ENTITIES I
through X, inclusive,

                    Defendants.
_____/

**STATEMENT OF NONAPPEARANCE RE. SCHEDULED
DEPOSITION OF MATTHEW TURNER**

Taken on Monday, May 16, 2011
8:24 a.m.

At Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, Nevada

Reported by:  Michelle C. Johnson, RPR-CRR
NV CCR 771, CA CSR 5962

*COPY*

(S) 11320-4
mTC

2

**APPEARANCES:**

For the Plaintiff

    **MATTHEW T. CECIL**
    Attorney at Law
    MARQUIS AURBACH COFFING
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    702/382-0711
    Fax: 702/856-8911
    mcecil@maclaw.com

For Defendant Couture International, Inc.:

    **J. CHRISTOPHER JORGENSEN**
    Attorney at Law
    LEWIS and ROCA LLP
    3993 Howard Hughes Parkway
    Suite 600
    Las Vegas, Nevada 89169-5996
    702/474-2642
    Fax: 702/216-6178
    cjorgensen@lrlaw.com

**EXHIBITS**

(None offered.)

3

**PROCEEDINGS**                                          **8:24 A.M.**

1

2      MR. CECIL:  Today's date is Monday, May 16;

3  the time is 8:24 a.m.  We have a deposition scheduled

4  for Defendant Matt Turner, who is an employee of

5  Shushok & McCoy.  Deposition notice was duly served

6  upon Mr. Turner by mail.

7      We are here; he is not here.  The deposition

8  was supposed to begin at 8 o'clock.  I am present with

9  the court reporter and with Chris --

10      MR. JORGENSEN:  Jorgensen.

11      MR. CECIL:  -- Jorgensen.

12      Do you want to make your appearance?

13      MR. JORGENSEN:  It's Chris Jorgensen, here on

14  behalf of Couture International, Incorporated.

15      MR. CECIL:  Mr. Turner is not here, so we

16  will go ahead and conclude the deposition, and that's

17  it.

18      MR. JORGENSEN:  And we'll reserve all rights

19  that are available under the statutes and court rules

20  for this nonappearance.

21      MR. CECIL:  As will we.

22      (Thereupon, the proceedings

23      concluded at 8:25 a.m.)

24

25                  *  *  *  *  *

4

# REPORTER'S DECLARATION

STATE OF NEVADA        )
                       )   ss:
COUNTY OF CLARK        )


        I, Michelle C. Johnson, CCR 771, declare as
follows:
        That I reported the taking of the Statement
of Nonappearance re. Scheduled Deposition of Matthew
Turner commencing on Monday, May 16, 2011 at 8:24 a.m.
        That I simultaneously transcribed my said
shorthand notes into typewriting via computer-aided
transcription, and that the typewritten transcript of
said proceedings is a complete, true, and accurate
transcription of said shorthand notes taken down at
said time.
        I further declare that I am not a relative or
employee of any party involved in said action, nor a
person financially interested in the action.
        Dated at Las Vegas, Nevada this 16th day of
May, 2011.


                    _____
                    Michelle C. Johnson, RPR-CRR, CCR No. 771

# EXHIBIT "C"

# EXHIBIT "C"

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability co | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2: 10-cv-00661-GMN-RJJ |
| SHUSHOK & MCCOY, INC., a Texas corporation; | ) | |
| et al | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Nevada |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Matt Turner aka Matthew Turner:   c/o Shushok & McCoy, Inc., 2637 Ira E. Woods, Suite 100
or 46 Cimmarron Ct, Trophy Club, Texas 76262

❏ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Lackey Hershman, L.L.P. | Date and Time: |
|---|---|
| 3102 Oak Lawn Avenue, Suite 777 | |
| Dallas Texas 75219 | 09/22/2011 08:45   *8:45 AM* |

The deposition will be recorded by this method:  Court Reporter

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *9-5-11* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   2:10-cv-00661-GMN-RJJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Matt Turner aka Matthew Turner

was received by me on *(date)*                          .

◻ I personally served the subpoena on the individual at *(place)*

on *(date)*                    ; or

◻ I left the subpoena at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

◻ I served the subpoena on *(name of individual)*                          , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

◻ I returned the subpoena unexecuted because                          ; or

◻ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$                          .

My fees are $                    for travel and $                    for services, for a total of $     0.00           .


I declare under penalty of perjury that this information is true.


Date:                    

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Marquis Aurbach Coffing**
TERRY A. COFFING, ESQ.
Nevada Bar No. 4949
MATTHEW T. CECIL, ESQ.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@marquisaurbach.com
mcecil@marquisaurbach.com
    Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability company, | |
| | Case No.:    2:10-cv-00661-RCJ-RJJ |
| Plaintiff, | |
| vs. | |
| SHUSHOK & MCCOY, INC., a Texas corporation; et al.  MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive, | |
| Defendants. | |

**EXHIBIT 1**

**The following Definitions shall apply to each item to be produced as listed below:**

1.    "Document" includes but is not limited to items commonly referred to as: written reports, letters, books, telegrams, memoranda, drawings, notes, tape recordings, photographs, writings, statements, written records, minutes of meetings, agreement, contracts, maps, diagrams, illustrations, photographs, telegrams, written analysis, reports, electronic recordings,

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

transcription, and memoranda made of any telephone communication or face-to-face oral meeting or conversation, written communication (which includes, but is not limited to, any letter, interoffice communication and telegram), paper, book or other document. "Document" includes the original, any copy and any drafts thereof or any other written or graphic material communication however denominated.

2.    "Correspondence" includes but is not limited to items commonly referred to as: e-mails, facsimiles, letters, telegrams, and any communication exchanged with another.

### LIST OF DOCUMENTS TO PRODUCE

1.    A copy of each and every Document, dated between May 1, 2010 and the present as well as undated documents, relating to any of the following businesses:

- 5th Avenue Design
- Art Classics, Ltd.
- Artcraft Furniture
- Artdecor Trading, Inc.
- BIPZ LLC
- Bluefish Trading
- Brazil Boutique
- California Art Studio
- California Kids Inc.
- Capa Imports
- Clearwater American Furniture
- Compass Home Furnishings
- Couture International
- Creative Images
- DeMoma
- Friendly Hearts Ltd.
- Fusion Designs
- Futon association of North America

- Global Accents
- Global New Ats Corp.
- Good Companies-Finegood
- Italiana Solatti
- Jordi Est E Designs
- Koeing International
- Kudzu Imports
- Lam House Furnishings
- Marthena Home Furnishing
- Max-Win International
- MBM Enterprise
- Morettis Design Collection
- Natural as Sleep Inc.
- Novidom Contemporary Design
- Nuance Fine Furniture
- Ormasas International
- Oshin Imports

- Ovation Furniture & Accessories
- Pacific Art and Frame Co.
- Phoenix Imports
- Pieri Creations
- Pottery Land LLC
- R Smith Collection
- Raj Development
- Rizzon Furniture
- Robert M Weiss Presents
- S.F. Imports
- Scherer Jardin
- Shekhawti Art Imports
- Soho Design
- South Fork Dakota
- Spero Electric
- Stephan John
- TBK Inc./Forest Designs
- The Butterfly Effect

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

- The Spanish Door Corporation
- Tombstone Silver Works
- Trade AM International, Inc.

- Tru Home USA
- Virtual Couch Ind
- Visiontac
- White Orchid Living

- World Concepts
- World Source Design
- Yalu's Furniture

2.     Produce a copy of your Correspondence, including but not limited to e-mails, facsimiles, and any other written communications, between May, 2010 and the present, relating to the following business:

- 5th Avenue Design
- Art Classics, Ltd.
- Artcraft Furniture
- Artdecor Trading, Inc.
- BIPZ LLC
- Bluefish Trading
- Brazil Boutique
- California Art Studio
- California Kids Inc.
- Capa Imports
- Clearwater American Furniture
- Compass Home Furnishings
- Couture International
- Creative Images
- DeMoma
- Friendly Hearts Ltd.
- Fusion Designs
- Futon association of North America
- Global Accents
- Global New Ats Corp.

- Good Companies-Finegood
- Italiana Solatti
- Jordi Est E Designs
- Koeing International
- Kudzu Imports
- Lam House Furnishings
- Marthena Home Furnishing
- Max-Win International
- MBM Enterprise
- Morettis Design Collection
- Natural as Sleep Inc.
- Novidom Contemporary Design
- Nuance Fine Furniture
- Ormasas International
- Oshin Imports
- Ovation Furniture & Accessories
- Pacific Art and Frame Co.
- Phoenix Imports

- Pieri Creations
- Pottery Land LLC
- R Smith Collection
- Raj Development
- Rizzon Furniture
- Robert M Weiss Presents
- S.F. Imports
- Scherer Jardin
- Shekhawti Art Imports
- Soho Design
- South Fork Dakota
- Spero Electric
- Stephan John
- TBK Inc./Forest Designs
- The Butterfly Effect
- The Spanish Door Corporation
- Tombstone Silver Works
- Trade AM International, Inc.
- Tru Home USA
- Virtual Couch Ind

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1

- Visiontac
- World Concepts
- Yalu's Furniture

2

- White Orchid Living
- World Source Design

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

# EXHIBIT "D"

# EXHIBIT "D"

**RICHARD BIRDWELL**
September 23, 2011

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WMCV PHASE 3, LLC, a   )
Delaware limited liability )
co.,           )
             )
   Plaintiff,    )
             ) Civil Action
             ) 2:10-CV-00661-GMN-RJJ
VS.           )
             )
SHUSHOK & MCCOY, a Texas  )
corporation, et al.,   )
             )
   Defendant.    )

------------------------------------------------------------

ORAL DEPOSITION OF

RICHARD A. BIRDWELL

September 23, 2011

------------------------------------------------------------

   ORAL DEPOSITION OF RICHARD A. BIRDWELL, produced as

a witness at the instance of the Plaintiff and duly

sworn, was taken in the above-styled and numbered cause

on the 23rd day of September, 2011, from 2:17 p.m. to

4:51 p.m., before Kim D. Carrell, Certified Shorthand

Reporter in and for the State of Texas, reported by

computerized stenotype machine at the offices of Lackey

Hershman, LLP, 3102 Oak Lawn Avenue, Suite 777, Dallas,

Texas, pursuant to the Federal Rules of Civil Procedure

and the provisions stated on the record or attached

hereto.

RICHARD BIRDWELL
September 23, 2011

```
 1                          APPEARANCES

 2      FOR THE PLAINTIFF WMCV PHASE 3, LLC, A DELAWARE

 3      LIMITED LIABILITY CO.:

 4              Mr. Matthew T. Cecil
                MARQUIS AURBACH COFFING
 5              10001 Park Run Drive
                Las Vegas, Nevada  89145
 6              Telephone: 702.382.0711 - Fax: 702.856.8911
                E-mail: mcecil@maclaw.com
 7
                        - and -
 8
                Mr. Jonathan Leleu
 9              In-House Counsel
                World Market Center
10              495 S. Grand Central Parkway
                Las Vegas, Nevada  89106
11              Telephone: 702.599.8105 - Fax: 702.541.1500
                E-mail: jonathan.leleu@lasvegasmarket.com
12

13

14

15      ALSO PRESENT:  Mr. Ross A. Mortillaro
                       LACKEY HERSHMAN, LLP
16                     3102 Oak Lawn Avenue
                       Suite 777
17                     Dallas, Texas  75219

18

19

20

21

22

23

24

25
```

**RICHARD BIRDWELL**
**September 23, 2011**

1          A.     Matt and I were having a meeting with a client

2     of ours from Oregon at Chill in Grapevine.

3          Q.     What was Matt Turner doing?

4          A.     Drinking.

5          Q.     Drinking?

6          A.     Chill is a bar.

7          Q.     Oh, in Grapevine.  When's the last time you

8     talked to Matt Turner about the litigation?

9          A.     I sent him a text -- actually, when I got

10    served, I took a picture of it on my phone and sent it

11    to him.

12         Q.     Your deposition subpoena?

13         A.     Um-hum.

14         Q.     Did he respond to you?

15         A.     I can look.

16         Q.     Go ahead and look.

17         A.     I don't remember.

18         Q.     Were you involved in any other of their

19    strategy at all with respect to this lawsuit?  Did they

20    talk to you about what they were going to do or take your

21    input or advice?

22         A.     Personally?  Dale Denton.

23         Q.     What's that mean?

24         A.     I don't know.  Dale Denton.  Like a guy's

25    name.  Dale Denton.  I assume it's a process server that

RICHARD BIRDWELL
September 23, 2011

```
 1    he knows.
 2         Q.    I don't know.
 3         A.    They had been trying to serve him.
 4         Q.    Did he tell you they were trying to serve
 5    him?
 6         A.    Yeah.
 7         Q.    What did he say?
 8         A.    Do I have to answer that?
 9         Q.    Yeah.
10         A.    They will never take me alive.
11         Q.    So he basically said he's not going to get
12    served?
13         A.    Yeah.  That's his plan.
14         Q.    Do you know, is Shushok & McCoy still
15    operating?
16         A.    It is my belief that they have closed down
17    Shushok & McCoy.
18         Q.    Did he open up something else?
19         A.    Yes.
20         Q.    What did he open up?  What business is it
21    called?
22         A.    Barnaby & Wolfe.
23         Q.    Barnaby & Wolfe?
24         A.    Those are all really good names.
25         Q.    Where did he get the Barnaby and Wolfe name;
```

# EXHIBIT "E"

# EXHIBIT "E"

**Marquis Aurbach Coffing**
TERRY A. COFFING, ESQ.
Nevada Bar No. 4949
MATTHEW T. CECIL, ESQ.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
mcecil@maclaw.com
   Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability company,<br><br>               Plaintiff,<br><br>     vs.<br><br>SHUSHOK & MCCOY, INC., a Texas corporation; MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,<br><br>               Defendants. | Case No.:    2:10-cv-00661-RCJ-RJJ |

## AMENDED NOTICE OF DEPOSITION OF MATTHEW TURNER

TO:   DEFENDANT MATT TURNER, *aka* MATTHEW TURNER (Note, your deposition will be taken as set forth below)

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD.

     PLEASE TAKE NOTICE pursuant to F.R.C.P. Rules 26 and 30, that Plaintiff, by and

through its counsel of record, the law firm of Marquis Aurbach Coffing, will take the deposition

of **MATT TURNER** *aka* **MATTHEW TURNER**, before a Notary Public, or before some other

officer authorized by law to administer oaths. The deposition will commence on **September 22,**

M&A:11320-004 1437086_1.DOC 9/9/2011 4:36 PM

1  **2011 at the hour of 8:45 a.m.** at the offices of **Lackey Hershman, L.L.P., 3102 Oak Lawn**

2  **Avenue, Suite 777, Dallas, Texas  75219**.

3      Oral testimony will continue as permitted under FRCP 30 until completed.   You are

4  hereby invited to attend and cross-examine.

5      DATED this _7_ day of September, 2011.

6                    MARQUIS AURBACH COFFING

7

8                    By _____

9                      Terry A. Coffing, Esq.
                    Nevada Bar No. 4949

10                      Matthew T. Cecil, Esq.
                    Nevada Bar No.  9525

11                      10001 Park Run Drive
                    Las Vegas, Nevada 89145

12                      Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 2 of 3

M&A:11320-004 1437086_1.DOC 9/9/2011 4:36 PM

**CERTIFICATE OF MAILING**

I hereby certify that on the ____ day of September, 2011, I served a copy of the foregoing **AMENDED NOTICE OF DEPOSITION OF MATTHEW TURNER** upon each of the parties by depositing a copy of the same in a sealed envelope in the United States Mail, Las Vegas, Nevada, First-Class Postage fully prepaid, and addressed to:

Matt Turner
c/o Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Matt Turner
46 Cimarron Ct
Trophy Club, Texas 76262

Matthew Travis
3300 Tori Trail
Keller, TX 76248

Richard Birdwell
2804 Red Wolf Drive
Fort Worth, TX 76244

Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Shushok & McCoy, Inc.
c/o Matt Turner
46 Cimarron Ct
Trophy Club, Texas 76262

William R. Urga, Esq.
Jolly Urga Wirth Woodbury & Standish
3800 Howard Hughes Parkway, 16th Floor
Las Vegas, NV 89169
Attorneys for Defendant Couture International

Gary E. Schnitzer, Esq.
Michael B. Lee, Esq.
Kravitz Schnitzer Sloane & Johnson Chtd.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Attorneys for Defendant Global Accents

I further certify that there is regular communication between the place of mailing and the places so addressed.

_____
Mary Jo Foreman, an employee of
Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 3 of 3

M&A:11320-004 1437086_1.DOC 9/9/2011 4:36 PM

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability co | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2: 10-cv-00661-GMN-RJJ |
| SHUSHOK & MCCOY., INC., a Texas corporation; et al | ) | |
| *Defendant* | ) | (If the action is pending in another district, state where:) |
| | ) | District of Nevada |

### SUBPOENA TO TESTIFY AT A DEPOSITION
### OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Matt Turner aka Matthew Turner:   c/o Shushok & McCoy, Inc., 2637 Ira E. Woods, Suite 100
or 46 Cimmarron Ct, Trophy Club, Texas 76262

☐ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Lackey Hershman, L.L.P. 3102 Oak Lawn Avenue, Suite 777 Dallas Texas 75219 | Date and Time: 09/22/2011 08:45  8:45 AM |
|---|---|

The deposition will be recorded by this method:  Court Reporter

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | _____ 9-5-11 |
| _____ *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   2:10-cv-00661-GMN-RJJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Matt Turner aka Matthew Turner _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .


I declare under penalty of perjury that this information is true.


Date: _____        _____
                                            *Server's signature*

                              _____
                                            *Printed name and title*


                              _____
                                            *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Marquis Aurbach Coffing**
TERRY A. COFFING, ESQ.
Nevada Bar No. 4949
MATTHEW T. CECIL, ESQ.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@marquisaurbach.com
mcecil@marquisaurbach.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SHUSHOK & MCCOY, INC., a Texas corporation; et al. MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:10-cv-00661-RCJ-RJJ |

**EXHIBIT 1**

**The following Definitions shall apply to each item to be produced as listed below:**

1. "Document" includes but is not limited to items commonly referred to as: written reports, letters, books, telegrams, memoranda, drawings, notes, tape recordings, photographs, writings, statements, written records, minutes of meetings, agreement, contracts, maps, diagrams, illustrations, photographs, telegrams, written analysis, reports, electronic recordings,



MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  transcription, and memoranda made of any telephone communication or face-to-face oral

2  meeting or conversation, written communication (which includes, but is not limited to, any letter,

3  interoffice communication and telegram), paper, book or other document. "Document" includes

4  the original, any copy and any drafts thereof or any other written or graphic material

5  communication however denominated.

6      2.      "Correspondence" includes but is not limited to items commonly referred to as: e-

7  mails, facsimiles, letters, telegrams, and any communication exchanged with another.

8                       **LIST OF DOCUMENTS TO PRODUCE**

9      1.      A copy of each and every Document, dated between May 1, 2010 and the present

10  as well as undated documents, relating to any of the following businesses:

11
- 5th Avenue Design
- Global Accents
- Ovation Furniture & Accessories

12
- Art Classics, Ltd.
- Global New Ats Corp.
- Pacific Art and Frame Co.

13
- Artcraft Furniture
- Good Companies-Finegood

14
- Artdecor Trading, Inc.
- Phoenix Imports

15
- BIPZ LLC
- Italiana Solatti
- Pieri Creations

16
- Bluefish Trading
- Jordi Est E Designs
- Pottery Land LLC

17
- Brazil Boutique
- Koeing International
- R Smith Collection

18
- California Art Studio
- Kudzu Imports
- Raj Development

19
- California Kids Inc.
- Lam House Furnishings
- Rizzon Furniture

20
- Capa Imports
- Marthena Home Furnishing
- Robert M Weiss Presents

21
- Clearwater American Furniture
- Max-Win International
- S.F. Imports

22
- Compass Home Furnishings
- MBM Enterprise
- Scherer Jardin

23
- Couture International
- Morettis Design Collection
- Shekhawti Art Imports

24
- Creative Images
- Natural as Sleep Inc.
- Soho Design

25
- DeMoma
- Novidom Contemporary Design
- South Fork Dakota

26
- Friendly Hearts Ltd.
- Nuance Fine Furniture
- Spero Electric

27
- Fusion Designs
- Ormasas International
- Stephan John

28
- Futon association of North America
- Oshin Imports
- TBK Inc./Forest Designs
- The Butterfly Effect

MARQUS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

- The Spanish Door Corporation
- Tombstone Silver Works
- Trade AM International, Inc.

- Tru Home USA
- Virtual Couch Ind
- Visiontac
- White Orchid Living

- World Concepts
- World Source Design
- Yalu's Furniture

2.   Produce a copy of your Correspondence, including but not limited to e-mails, facsimiles, and any other written communications, between May, 2010 and the present, relating to the following business:

- 5th Avenue Design
- Art Classics, Ltd.
- Artcraft Furniture
- Artdecor Trading, Inc.
- BIPZ LLC
- Bluefish Trading
- Brazil Boutique
- California Art Studio
- California Kids Inc.
- Capa Imports
- Clearwater American Furniture
- Compass Home Furnishings
- Couture International
- Creative Images
- DeMoma
- Friendly Hearts Ltd.
- Fusion Designs
- Futon association of North America
- Global Accents
- Global New Ats Corp.

- Good Companies-Finegood
- Italiana Solatti
- Jordi Est E Designs
- Koeing International
- Kudzu Imports
- Lam House Furnishings
- Marthena Home Furnishing
- Max-Win International
- MBM Enterprise
- Morettis Design Collection
- Natural as Sleep Inc.
- Novidom Contemporary Design
- Nuance Fine Furniture
- Ormasas International
- Oshin Imports
- Ovation Furniture & Accessories
- Pacific Art and Frame Co.
- Phoenix Imports

- Pieri Creations
- Pottery Land LLC
- R Smith Collection
- Raj Development
- Rizzon Furniture
- Robert M Weiss Presents
- S.F. Imports
- Scherer Jardin
- Shekhawti Art Imports
- Soho Design
- South Fork Dakota
- Spero Electric
- Stephan John
- TBK Inc./Forest Designs
- The Butterfly Effect
- The Spanish Door Corporation
- Tombstone Silver Works
- Trade AM International, Inc.
- Tru Home USA
- Virtual Couch Ind

Page 3 of 4
M&A:11320-004 Ex 1 to subpoenas to Shushok defendantsf Documents.doc

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

- Visiontac
- White Orchid Living

- World Concepts
- World Source Design

- Yalu's Furniture

**MARQUIS AURBACH COFFING**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "F"

# EXHIBIT "F"

Tax Office                                                                                    Page 1 of 1

**Property Tax Record**

Print friendly version

New Search

| | |
|---|---|
| Account: | 71406DEN |
| APD: | SJ0055A-000000-0000-0912-0000 |
| Location: | 0000046CIMARRON DR |
| Legal: | TROPHY CLUB VILLAGE WEST SEC 8 LOT 912 |
| Owner: | TURNER MATTHEW |
| | 46 CIMARRON DR |
| | TROPHY CLUB TX 76262--520 |

| | |
|---|---|
| Acres: | 0.199 |
| Yr Built: | 0 |
| Sq Ft: | 0 |
| Def. Start: | NONE |
| Def. End: | NONE |
| Roll: | R |
| UDI: | 100% |

| 2011 Values | |
|---|---|
| Improvement | 135069 |
| Land | 35248 |
| 2011 Exemptions | |
| HS001 | 15000 |

Click on the e-Payment button to make a credit card or eCheck payment.

Current status    2007 all years 2010          Tax Estimator    e-Payment    e-Statement

| Year | Unit | Levy Amount | Amount Paid | Levy Due | Penalty | Interest | Col Penalty | Total Due | Receipt Date |
|------|------|-------------|-------------|----------|---------|----------|-------------|-----------|--------------|
| 2011 | 061 | 472.39 | 472.39 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1/4/2012 |
| 2011 | C28 | 902.68 | 902.68 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1/4/2012 |
| 2011 | S11 | 2,135.61 | 2,135.61 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1/4/2012 |
| 2011 | W03 | 298.05 | 298.05 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1/4/2012 |
| 2011 Totals | | 3,808.73 | 3,808.73 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

Read our Privacy Policy

Steve Mossman
Denton County Tax Assessor/Collector

Copyright© 2010 All Rights Reserved.
Site Design by Spindlemedia

# EXHIBIT "G"

# EXHIBIT "G"

**MATT TURNER**
**September 22, 2011**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WMCV PHASE 3, LLC, a<br>Delaware limited liability<br>co., | )<br>)<br>) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action<br>) 2:10-CV-00661-GMN-RJJ |
| VS. | ) |
| | ) |
| SHUSHOK & MCCOY, a Texas<br>corporation, et al., | )<br>) |
| | ) |
|     Defendant. | ) |

------------------------------------------------------------

CERTIFICATE OF NONAPPEARANCE

------------------------------------------------------------

COPY

DATE:  September 22, 2011

TIME:  8:45 a.m.

WITNESS TO BE DEPOSED:  Matt Turner

                            a/k/a Matthew Turner

**MATT TURNER**
September 22, 2011

```
 1                        APPEARANCE

 2     FOR THE PLAINTIFF WMCV PHASE 3, LLC, A DELAWARE

 3     LIMITED LIABILITY CO.:

 4          Mr. Matthew T. Cecil
            MARQUIS AURBACH COFFING
 5          10001 Park Run Drive
            Las Vegas, Nevada  89145
 6          Telephone: 702.382.0711 - Fax: 702.856.8911
            E-mail: mcecil@maclaw.com
 7

 8

 9     ALSO PRESENT:  Ross A. Mortillaro
                      LACKEY HERSHMAN, LLP
10                    3102 Oak Lawn Avenue
                      Suite 777
11                    Dallas, Texas  75219

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

MATT TURNER
September 22, 2011

```
 1                    UNITED STATES DISTRICT COURT

 2                        DISTRICT OF NEVADA

 3     WMCV PHASE 3, LLC, a              )
       Delaware limited liability       )
 4     co.,                             )
                                        )
 5          Plaintiff,                  )
                                        )  Civil Action
 6                                      )  2:10-CV-00661-GMN-RJJ
       VS.                              )
 7                                      )
                                        )
 8     SHUSHOK & MCCOY, a Texas          )
       corporation, et al.,             )
                                        )
 9          Defendant.                  )

10          ---------------------------------

11          CERTIFICATE OF NONAPPEARANCE

12          ---------------------------------

13          I, Kim D. Carrell, a Certified Shorthand Reporter

14     in and for the State of Texas, hereby certify to the

15     following facts, to-wit:

16          That pursuant to a Subpoena to Testify at a

17     Deposition or to Produce Documents in a Civil Action,

18     I was requested to appear for the Oral Deposition of

19     Matt Turner a/k/a Matthew Turner, scheduled to be held

20     on September 22, 2011, at 8:45 a.m., at the offices of

21     Lackey Hershman, LLP, 3102 Oak Lawn Avenue, Suite 777,

22     Dallas, Texas;

23          That on the 22nd day of September, 2011, at 8:30

24     a.m., I personally appeared at the offices of Lackey

25     Hershman, LLP, 3102 Oak Lawn Avenue, Suite 777, Dallas,
```

4

**MATT TURNER**
**September 22, 2011**

1    Texas, for the purpose of reporting the Oral Deposition

2    of Matt Turner a/k/a Matthew Turner, at the instance of

3    the Plaintiff;

4         That I remained at the deposition location

5    until 9:45 a.m., and Matt Turner a/k/a Matthew Turner

6    did not appear for the deposition;

7         That $250.00 is the charge for the preparation

8    of the completed certificate of nonappearance charged to

9    Plaintiff.

10        SUBSCRIBED AND SWORN TO UNDER MY HAND on this

11   the 4 day of October, 2011.

12

13

14

15

16                    _Kim D. Carrell_

17                    Kim D. Carrell, CSR
                      Texas CSR 1184
18                    Expiration:  12/31/11

19                    CSI GLOBAL DEPOSITION SERVICES
                      Firm Registration No. 526
20                    Corporate Plaza 1/Suite 152
                      4950 N. O'Connor Road
21                    Irving, Texas  75062
                      972.719.5000/972.717.3985 (fax)

22

23

24

25

# EXHIBIT "H"

# EXHIBIT "H"

**MARQUIS AURBACH
COFFING**
ATTORNEYS AT LAW

10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145
Telephone 702-382-0711
Fax 702-382-5816

WMCV Phase 3, LLC
Attn: Jonathan Leleu, Esq. In-House Counsel
World Market Center Las Vegas
495 South Grand Central Parkway
Las Vegas, NV  89106

Invoice  234405
May 13, 2011

ID: 11320-004 - TAC

RE: Shusok & McCoy, et al. vs.

For Services Rendered Through April 30, 2011



| Balance Forward | |
| Current Fees | |
| Current Disbursements | |
| Current Interest | |
| Total Current Charges | |

Total Due

Payment is due upon receipt of invoice.  Invoices not paid within 30 days are considered delinquent.  Interest will accrue on invoices not paid within 30 days and we may discontinue representation at such time.  For your convenience, we accept Visa, MasterCard and American Express.  Please call 702-942-2159 if you would like to pay by credit card.

**MARQUIS AURBACH COFFING P.C.**

| WMCV Phase 3, LLC | May 13, 2011 |
|---|---|
| RE: Shusok & McCoy, et al. vs. | Invoice  234405 |
| ID: 11320-004 - TAC | Page  2 |

### Fees

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| | | | | |
| 04/25/11 | MTC | Draft deposition notices for: (1) Shushok's 30(b)(6) witness; (2) Global Accents' 30(b)(6) witness; (3) Matt Travis; (4) Matt Turner; and (5) Richard Birdwell. | 0.80 | 180.00 |
| 04/27/11 | MTC | Review, revision and finalization of deposition notices to defendants. | 0.40 | 90.00 |

*(handwritten: 180 ÷ 5 = 34    90 ÷ 5 = 18)*

### Disbursements

**MARQUIS AURBACH COFFING P.C.**

| WMCV Phase 3, LLC | May 13, 2011 |
| RE:  Shusok & McCoy, et al. vs. | Invoice  234405 |
| ID:  11320-004 - TAC | Page 3 |

| Date | Description | Amount |
| --- | --- | --- |

# MARQUIS AURBACH
# COFFING
### ATTORNEYS AT LAW

10001 PARK RUN DRIVE
LAS VEGAS. NEVADA 89145
Telephone 702-382-0711
Fax 702-382-5816

WMCV Phase 3, LLC
Attn: Jonathan Leleu, Esq. In-House Counsel
World Market Center Las Vegas
495 South Grand Central Parkway
Las Vegas, NV  89106

Invoice  236328
June 16, 2011

ID:  11320-004 - TAC
RE: Shusok & McCoy, et al. vs.

For Services Rendered Through May 31, 2011



Previous Balance
Payments
Balance Forward
Current Fees
Current Disbursements
Current Interest
Total Current Charges

**Total Due**

Payment is due upon receipt of invoice.  Invoices not paid within 30 days are considered delinquent.  Interest will accrue on invoices not paid within 30 days and we may discontinue representation at such time.  For your convenience, we accept Visa, MasterCard and American Express.  Please call 702-942-2159 if you would like to pay by credit card.

## MARQUIS AURBACH COFFING P.C.

| | |
|---|---|
| WMCV Phase 3, LLC | June 16, 2011 |
| RE: Shusok & McCoy, et al. vs. | Invoice  236328 |
| ID:  11320-004 - TAC | Page  2 |

Fees

| Date | Staff | Description | Hours | Amount |
|---|---|---|---|---|
| 05/16/11 | MTC | Preparation for deposition of Matt Turner. | 2.10 | 472.50 |
| 05/16/11 | MTC | Attendance at deposition of Matt Turner - place on the record Mr. Turner's failure to appear; initial discussions with Couture's counsel regarding possible settlement. | 0.90 | 202.50 |

**MARQUIS AURBACH COFFING P.C.**

| WMCV Phase 3, LLC | June 16, 2011 |
|---|---|
| RE: Shusok & McCoy, et al. vs. | Invoice  236328 |
| ID: 11320-004 - TAC | Page 3 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|



**Disbursements**

| Date | Description | Amount |
|---|---|---|
| 05/20/11 | Check Issued; Deposition of Matthew Turner; Cameo Kayser & Associates | 156.00 |

**MARQUIS AURBACH COFFING P.C.**

WMCV Phase 3, LLC
RE:  Shusok & McCoy, et al. vs.
ID:  11320-004 - TAC

June 16, 2011
Invoice  236328
Page 4

**MARQUIS AURBACH**
**COFFING**
ATTORNEYS AT LAW

10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145
Telephone 702-382-0711
Fax 702-382-5816

Invoice 241990
October 17, 2011

WMCV Phase 3, LLC
Attn: Jonathan Leleu, Esq. In-House Counsel
World Market Center Las Vegas
495 South Grand Central Parkway
Las Vegas, NV 89106

ID: 11320-004 - TAC
RE: Shushok & McCoy, et al. vs.

For Services Rendered Through September 30, 2011



| | |
|---|---|
| Previous Balance | |
| Advanced Deposit Applied | |
| Balance Forward | |
| Current Fees | |
| Current Disbursements | |
| Courtesy Discount | |
| Total Current Charges | |
| **Total Due** | |

Payment is due upon receipt of invoice.  Invoices not paid within 30 days are considered delinquent.  Interest will accrue on invoices not paid within 30 days and we may discontinue representation at such time.  For your convenience, we accept Visa, MasterCard and American Express.  Please call 702-942-2159 if you would like to pay by credit card.

## MARQUIS AURBACH COFFING P.C.

| | |
|---|---|
| WMCV Phase 3, LLC | October 17, 2011 |
| RE:  Shushok & McCoy, et al. vs. | Invoice  241990 |
| ID:  11320-004 - TAC | Page  2 |

**Fees**

| Date | Atty | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| | | | | |
| 09/02/11 | MTC | Research regarding subpoenaing an out-of state party in Federal Court for a deposition. | 1.40 | 217.00 |
| 09/05/11 | MTC | Preparation of deposition subpoenas for Shushok & McCoy's 30(b)(6) witness, Travis, Turner, and Birdwell. | 2.00 | 310.00 |
| 09/13/11 | MTC | Begin document review in preparation for taking Shushok, Turner, Birdwell, and Travis' depositions. | 2.20 | 341.00 |
| 09/14/11 | TAC | Meeting with MTC regarding documents for deposition; begin preparation for same. | 0.80 | 200.00 |
| 09/15/11 | MTC | Review documents and evidence in preparation for depositions of Shushok defendants and Global. | 7.00 | 1,085.00 |
| 09/16/11 | MTC | Finalize document review and rough draft of outline for Shushok defendants' depositions. | 4.00 | 620.00 |

Handwritten annotations:
- 217÷4 = 54.2
- 310÷4 = 77
- 341÷4 = 85.25
- 200÷4 = 50
- 1,035÷5 = 217
- 420÷4 = 120

## MARQUIS AURBACH COFFING P.C.

| WMCV Phase 3, LLC | October 17, 2011 |
|---|---|
| RE: Shushok & McCoy, et al. vs. | Invoice 241990 |
| ID: 11320-004 - TAC | Page 3 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 09/20/11 | MTC | Finalization of preparation to travel to Texas to take the Shushok defendants' depositions. | 3.50 | 542.50 |

542.5÷4=13

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 09/21/11 | MTC | Travel from Las Vegas, Nevada to Dallas, Texas for Shushok defendants' depositions. | 6.00 | 930.00 |

930÷4 = 232.5

| 09/21/11 | MTC | Review and revision of deposition outlines for Matt Turner and Shushok's 30(b)(6) witness. | 4.00 | 620.00 |

620÷2 = 310

| 09/22/11 | MTC | Final preparations for Matt Turner and Shushok's 30(b)(6) depositions. | 2.00 | 310.00 |

310÷2 = 155

| 09/22/11 | MTC | Appearance at Matt Turner's deposition; wait for Mr. Turner and create record of his non-appearance. | 1.00 | 155.00 |

| 09/23/11 | MTC | Travel to Las Vegas, Nevada from Texas. | 6.50 | 1,007.50 |

1007.5÷4 = 251  251.

**Total Fees**

### Disbursements

| Date | Description | Amount |
|---|---|---|
| 09/19/11 | Travel Expenses; Airfare to/from Dallas, TX for depositions | 544.40 |
| 09/19/11 | Travel Expenses; Hotel while in Dallas, TX for depositions | 409.80 |

544÷4 = 136.  136.

405÷4 = 101  102

102.45

### MARQUIS AURBACH COFFING P.C.

| | |
|---|---|
| WMCV Phase 3, LLC | October 17, 2011 |
| RE:  Shushok & McCoy, et al. vs. | Invoice  241990 |
| ID:  11320-004 - TAC | Page 4 |

| Date | Description | Amount |
|---|---|---|
| 09/30/11 | Travel Expenses; Baggage fee from Texas depositions | 50.00 |
| 09/30/11 | Travel Expenses; Meals while attending depositions | 111.55 |
| 09/30/11 | Travel Expenses; Parking fee while attending depositions | 11.00 |
| 09/30/11 | Travel Expenses; Shuttle fee for depositions in Texas | 36.00 |

