WILLIAM R. URGA, ESQ.
Nevada Bar No. 1195
DAVID J. MALLEY, ESQ.
Nevada Bar No. 8171
JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Parkway, Sixteenth Floor
Las Vegas, Nevada  89169
Telephone:    (702) 699-7500
Facsimile:    (702) 699-7555
Email: FedCt@juww.com

Attorneys for Defendant
        Couture International, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>vs.<br><br>SHUSHOK & MCCOY, INC., a Texas corporation; MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,<br><br>                    Defendants. | CASE NO.    2:10-cv-00661-GMN-RJJ<br><br><br>**COUTURE INTERNATIONAL INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The trial of this matter came before the above-entitled Court on November 20, 2012.

Plaintiff/Counterdefendant, WMCV PHASE 3, LLC ("Phase 3") appeared and was represented

by its attorney, Jason Gerber, Esq. of the law firm of Marquis Aurbach & Coffing.

Defendant/Counterclaimant/Cross-Claimant GLOBAL ACCENTS, INC. ("Global") appeared

and was represented by its attorney Michael B. Lee, Esq.  Defendant/Counterclaimant/Cross-

Claimant COUTURE INTERNATIONAL INC. ("Couture") appeared and was represented by

its counsel William R. Urga, Esq. and David J. Malley, Esq. of the law firm of Jolley Urga

Wirth Woodbury & Standish.  The Court having received evidence in the form of documents

K:\CLIENT FILES\WRU\Couture Intl 11243\02000 WMCV Phase 3\Pleadings\12-11-09 Couture Proposed FOF-COL.doc

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

1    and the testimony of witnesses, and having heard the arguments of counsel, now enters its

2    Findings of Fact and Conclusions of Law as follows:

### I.

### FINDINGS OF FACT

5    1.    Couture is engaged in the business of manufacturing and selling furniture and

6    furnishings for residents and businesses.   Phase 3 is the owner of the real property and

7    improvements located at 455 S. Grand Central Parkway, Las Vegas, Nevada commonly known

8    as the World Market Center.

9    2.    The World Market Center is a large complex where furniture manufacturers are

10   able to display their products on a yearly basis at two (2) semi-annual furniture conventions.

11   3.    On May 21, 2007, Couture, as tenant, entered into a lease agreement (the

12   "Couture Lease") with Phase 3 as landlord for Space C-1164, consisting of approximately

13   3,555 sq. ft. to commence on July 1, 2008.

14   4.    Disputes between Phase 3 and Couture arose over the amount of rent being paid

15   and rent discounts being provided by Phase 3 to other tenants in the property and on or about

16   August 1, 2008, Couture failed to pay rent.

17   5.    Phase 3 evicted Couture on or about December 31, 2008.

18   6.    In or about 2007, Phase 3 hired Defendant Shushok & McCoy, Inc. ("Shushok")

19   as a commercial collection agent for the purpose of recovering past due amounts from tenants of

20   the World Market Center.

21   7.    Shushok had no actual authority to enter into agreements with tenants on behalf

22   of Phase 3; however, Phase 3 was aware of the fact that Shushok was negotiating work out

23   terms and releases from liability.  Phase 3 was aware of the negotiations engaged in by Shushok

24   by tenants for settlement amounts and release agreements.  Sometime prior to July 2009, Phase

25   3 assigned the Couture Lease to Shushok for collection.

26   8.    On July 28, 2009, Andre Lafleur, on behalf of Couture, signed a Lease

27   Termination and Release Agreement ("Couture Release") which (a) Couture received from

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

K:\CLIENT FILES\WRU\Couture Intl 11243\02000 WMCV Phase 3\Pleadings\12-11-09 Couture Proposed FOF-COL.doc

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

1   Shushok; (b) Defendant Richard Birdwell, a collection agent for Shushok, signed on July 8,

2   2009 as counsel for World Market Center; and (c) released Couture from its liability under the

3   Couture Lease in exchange for $20,000.00.

4   　　　　9.　　　The Couture Release is dated as of May 21, 2007, the same date Phase 3 and

5   Couture entered into the Couture Lease.   Couture paid $20,000.00 directly to Shushok after

6   Couture executed the Couture Release.   At the time that the Couture Release was executed,

7   Couture's outstanding debt to Phase 3 was approximately $41,000.

8   　　　　10.　　　On or about June 25, 2009, Phase 3 terminated Shushok's authority to conduct

9   commercial collections and recover past due rent from tenants of the World Market Center.

10   Couture did not learn from Phase 3 that Shushok had been terminated until after Couture had

11   executed and funded the Couture Release with Shushok.

12   　　　　　　　　　　　　　　**CONCLUSIONS OF LAW**

13   　　　　1.　　　A principal is bound by the acts of its agent wile acting the course of his or her

14   employment, and a principal is liable for those acts within the scope of the agent's authority.

15   *Nevada Nat'l Bank v. Gold Star Meat Co.*, 89 Nev. 427, 429, 514 P.2d 651, 653 (1973).

16   　　　　2.　　　"Apparent authority is 'that authority which a principal holds his agent out as

17   possessing or permits him to exercise or to represent himself as possessing, under such

18   circumstances as to estop the principal from denying its existence.'"   *Dixon v. Thatcher*, 103

19   Nev. 417, 742 P.2d 1029, 1031 (1987).   In order to prove apparent authority, a party must prove

20   that it (1) subjectively believed that the agent had authority to act for the principal and that (2)

21   the subjective belief in the agent's authority was objectively reasonable.   *Great American Ins.*

22   *Co. v. General Builders, Inc.*, 113 Nev. 346, 353, 934 P.2d 257, 261 (1997).

23   　　　　3.　　　While Shushok may not have had actual authority to collect any obligation on

24   behalf of Phase 3 after June 2009, Shushok did have apparent authority since neither Phase 3

25   nor Shushok ever communicated to Couture that Shushok's authority to act on behalf of Phase 3

26   had been terminated.

27   　　　　4.　　　Further, "[a] principal [] may be bound by the acts of its agent as to third parties

28

K:\CLIENT FILES\WRU\Couture Intl 11243\02000 WMCV Phase 3\Pleadings\12-11-09 Couture Proposed FOF-COL.doc

1   who have no reason to know of the agent's improper conduct.  This is so even when the agent

2   acts for his own motives and without benefit to his principal." *Homes Savings Ass'n v. General*

3   *Electric Credit Corp.*, 101 Nev. 595, 600, 708 P.2d 280, 283 (1985).  While Phase 3 claims that

4   Shushok never had any actual authority to negotiate any agreements on its behalf, that limitation

5   on authority was never communicated to Couture.  In fact, Phase 3 was aware of the fact that

6   Shushok was negotiating work out terms and releases from liability for other tenants.

7       5.      Here, Phase 3 retained Shushok to act as its commercial collection agent

8   for the purposes of recovering past due debt from Couture.  The scope of this authority

9   included negotiating lease termination agreements and other issues beyond the scope of a

10  normal collections agent.   As such, Shushok was cloaked in apparent authority to

11  negotiate release agreements on behalf of Phase 3.

12      6.      Based on the forgoing Findings of Fact and Conclusions of law, the Court finds

13  that Phase 3 take nothing on its claims for relief against Couture.

14      Dated this ___8ᴸ___ day of November, 2012.

15                          JOLLEY URGA WIRTH WOODBURY & STANDISH

16

17

18  By: _____
                WILLIAM R. URGA, ESQ.
19              Nevada Bar No. 1195
                DAVID J. MALLEY, ESQ.
20              Nevada Bar No. 8171
                3800 Howard Hughes Parkway, 16th Floor
21              Las Vegas, Nevada  89169
                Telephone:      (702) 699-7500
22              Facsimile:      (702) 699-7555
                Email:     FedCt@juww.com
23              Attorneys for Defendant
                Couture International, Inc.

24

25

26

27

28

K:\CLIENT FILES\WRU\Couture Intl 11243\02000 WMCV Phase 3\Pleadings\12-11-09 Couture Proposed FOF-COL.doc

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555