1  WILLIAM R. URGA, ESQ.
   Nevada Bar No. 1195
2  DAVID J. MALLEY, ESQ.
   Nevada Bar No. 8171
3  JOLLEY URGA WIRTH WOODBURY & STANDISH
   3800 Howard Hughes Parkway, Sixteenth Floor
4  Las Vegas, Nevada  89169
   Telephone:     (702) 699-7500
5  Facsimile:      (702) 699-7555
   Email: FedCt@juww.com
6
   Attorneys for Defendant
7          Couture International, Inc.

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF NEVADA**

10 | WMCV PHASE 3, LLC, a Delaware limited     | **CASE NO.    2:10-cv-00661-GMN-RJJ**
   | liability company,
11 |
   |                                           |
12 |                 Plaintiff,                | **COUTURE INTERNATIONAL INC.'S**
   |                                           | **TRIAL BRIEF**
13 | vs.                                       |
   |                                           |
14 | SHUSHOK & MCCOY, INC., a Texas            |
   | corporation; MATTHEW J. TRAVIS, an        |
15 | individual; MATT TURNER, an individual;   |
   | RICHARD BIRDWELL, an individual;          |
16 | GLOBAL ACCENTS, INC., a California        |
   | corporation; COUTURE INTERNATIONAL        |
17 | INC.,  a Quebec corporation; DOES I through |
   | X, inclusive; ROE ENTITIES I through X,   |
18 | inclusive,                                |
   |                                           |
19 |                 Defendants.               |

20        Defendant, COUTURE INTERNATIONAL INC. ("Couture"), by and through its

21  counsel Jolley Urga Wirth Woodbury & Standish, hereby submits this Trail Brief in accordance

22  with the Pretrial Order (ECF 141).

23                              **I.**

24              **INTRODUCTION AND FACTUAL BACKGROUND**

25        This is an action by WMCV PHASE 3, LLC, ("Phase 3") against two tenants – Couture

26  and Global Accents, Inc. ("Global") -- in the World Market Center for the alleged breaches of

27  their respective leases.  Phase 3 also sued Shushok & McCoy, Inc. ("Shushok") and its owners

28

K:\CLIENT FILES\WRU\Couture Intl 11243\02000 WMCV Phase 3\Pleadings\12-11-08 Trial Brief final.doc

*(left margin, vertical text)* Jolley Urga Wirth Woodbury & Standish  3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169  TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

1    for various claims for relief arising out of a contract between Shushok and Phase 3 whereby

2    Shushok acted as Phase 3's commercial collection agent.

3        In May 2007, Couture entered into a Lease Agreement with Phase 3 for the lease of

4    approximately 3,555 sq. ft. of space in World Market Center located at 455 S. Grand Central

5    Parkway, Las Vegas, NV.  The lease was to commence on the first day of the calendar month

6    when the building was open or the date the tenant first opened its business in the premises.

7    Shortly after the lease term commenced (July 1, 2008), disputes arose between Couture and

8    Phase 3.  By the end of December 2008, Couture was removed from the premises.  As of

9    December 2008, Couture was indebted to Phase 3 for approximately $41,000.00.

10       Phase 3 retained the services of Shushok in or about 2007 as its commercial collection

11   agent to recover past due amounts of rent from Couture and other tenants.  Indeed, at the time

12   Shushok began seeking to collect amounts owed by Couture, Shushok had the actual authority

13   to collect past due amounts on behalf of Phase 3.  Unbeknownst to Couture, however, was that

14   Phase 3 terminated Shushok's authority in June 2009.  Nonetheless, following this termination,

15   Shushok continued to seek to collect from Couture amounts owed to Phase 3.  To that end, on

16   July 28, 2009, Couture signed a Lease Termination and Release Agreement whereby Couture

17   was released from liability under its lease with Phase 3 in exchange for the payment of $20,000.

18       Phase 3 claims that because Shushok had no actual authority to act on its behalf after

19   June 2009, the Lease Termination and Release Agreement had no effect on Couture's liability to

20   Phase 3.  Phase 3 further claims that it did not receive any portion of the $20,000 Couture paid

21   to Shushok.

22       As will be shown below and at trial, however, Shushok had the apparent authority to act

23   on Phase 3's behalf and, therefore, the Lease Termination and Release Agreement must be

24   enforced as between Phase 3 and Couture.  Of course, this does not leave Phase 3 without a

25   remedy because it can recover against its agent, Shushok, for any damages caused as a result of

26   any actions allegedly taken beyond the scope of its authority.

27

28

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

## II.

### SHUSHOK HAD APPARENT AUTHORITY TO ENTER INTO THE LEASE TERMINATION AND RELEASE AGREEMENT.

It is undisputed that at the time Shushok began its collection efforts with Couture regarding the debt owed to Phase 3, Shushok had the actual authority to act on Phase 3's behalf. It is also undisputed that neither Phase 3 nor Shushok ever informed Couture that Shushok's authority to act on behalf of Phase 3 was revoked. Therefore, the core issue to be determined at trial is whether Shushok had apparent authority to act on behalf of Phase 3.

"Apparent authority is 'that authority which a principal holds his agent out as possessing or permits him to exercise or to represent himself as possessing, under such circumstances as to estop the principal from denying its existence.'" *Dixon v. Thatcher*, 103 Nev. 417, 742 P.2d 1029, 1031 (1987). In order to prove apparent authority, a party must prove that: (1) it subjectively believed that the agent had authority to act for the principal, and (2) the subjective belief in the agent's authority was objectively reasonable. *Great American Ins. Co. v. General Builders, Inc.*, 113 Nev. 346, 353, 934 P.2d 257, 261 (1997).

In this case, Phase 3 claims that Shushok had no authority to act on Phase 3's behalf in settling the debt with Couture in July 2009 because Phase 3 terminated Shushok's authority in June 2009. In other words, Phase 3 merely claims that Shushok did not have *actual* authority. Further, Phase 3 claims that Shushok never had the authority to enter into agreements on its behalf, but that Shushok only had the authority to act as a collection agent. It is undisputed that Couture was never informed that Shushok's authority had been terminated or of the limits of Shushok's authority.

The evidence at trial will show that Couture subjectively believed that Shushok had the authority to act for Phase 3. Indeed, Phase 3 admits that Shushok was granted such actual authority at least through June 2009. The issue here is whether Couture's subjective belief in July 2009 that Shushok had authority to settle the debt was objectively reasonable. Couture's belief was objectively reasonable because Phase 3: (1) knew that Shushok was seeking to collect the debt from Couture; (2) never informed Couture that Shushok's authority to act had been

K:\CLIENT FILES\WRU\Couture Intl 11243\02000 WMCV Phase 3\Pleadings\12-11-08 Trial Brief final.doc

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

1    revoked; and (3) because apparent authority is defined as that which a principal permits the

2    agent to represent himself as possessing, and Phase 3 never did anything to prevent Shushok

3    from continuing to represent itself as Phase 3's agent.

4          Further, despite Phase 3's claims to the contrary, Shushok had authority to enter into

5    agreements Phase 3's behalf.  It has long been the law in Nevada that "[a] principal [] may be

6    bound by the acts of its agent as to third parties who have no reason to know of the agent's

7    improper conduct.  This is so even when the agent acts for his own motives and without benefit

8    to his principal."  *Homes Savings Ass'n v. General Electric Credit Corp.*, 101 Nev. 595, 600,

9    708 P.2d 280, 283 (1985).  Here, according to Phase 3, Shushok was authorized to recover any

10   past due amounts from Couture.  At no time did Phase 3 express to Couture that there were any

11   limits to the authority given to its agent.  Thus, when Shushok represented that it had the

12   authority to settle Couture's debt, there was no reason to believe that Shushok lacked that

13   authority.  To the extent Shushok's conduct was improper, Couture had no reason to know it.

14         In sum, Phase 3 hired an agent that, according to Phase 3, went rogue and acted beyond

15   the scope of its actual authority, but within the scope of its apparent authority.  The controlling

16   law protects third parties such as Couture and attributes the risk of loss to the principal – Phase

17   3.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

K:\CLIENT FILES\WRU\Couture Intl 11243\02000 WMCV Phase 3\Pleadings\12-11-08 Trial Brief final.doc

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

**III.**

**CONCLUSION**

After being evicted from the premises and pursued by Shushok, Phase 3's authorized collection agent for amounts owed, Couture finally entered an agreement in which it paid $20,000 in exchange for being released from all liability with respect to the lease. Only after doing so, however, did Phase 3 finally inform Couture that Shushok did not, in fact, have the authority to act on its behalf. Phase 3 went even further and said that the $20,000 Couture paid would not reduce the debt owed to Phase 3, that the release of liability did not bind Phase 3, and that Phase 3 would then file this lawsuit to collect hundreds of thousands of dollars in claimed rent. This conduct is not only unjust, but is also legally untenable given Shushok's apparent authority. Accordingly, judgment should be entered in favor of Couture on all of Phase 3's claims against it.

Dated this ___8th___ day of November, 2012.

JOLLEY   URGA   WIRTH   WOODBURY   & STANDISH

By:_____
WILLIAM R. URGA, ESQ.
Nevada Bar No. 1195
DAVID J. MALLEY, ESQ.
Nevada Bar No. 8171
3800 Howard Hughes Parkway, 16th Floor
Las Vegas, Nevada  89169
Telephone:        (702) 699-7500
Facsimile:        (702) 699-7555
Email:        FedCt@juww.com
Attorneys for Defendant
Couture International, Inc.

Jolley Urga Wirth Woodbury & Standish
3800 HOWARD HUGHES PARKWAY, SUITE 1600, LAS VEGAS, NV 89169
TELEPHONE: (702) 699-7500   FAX: (702) 699-7555

K:\CLIENT FILES\WRU\Couture Intl 11243\02000 WMCV Phase 3\Pleadings\12-11-08 Trial Brief final.doc