**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Jason M. Gerber, Esq.
Nevada Bar No. 9812
Jack F. DeGree, Esq.
Nevada Bar No. 11102
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
jgerber@maclaw.com
jdegree@maclaw.com
Attorneys for WMCV Phase 3, LLC

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WMCV PHASE 3, LLC, a Delaware limited liability company,

Plaintiff,

vs.

SHUSHOK & MCCOY, INC., a Texas corporation; MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,

Defendants.

AND RELATED MATTERS

Case No.: 2:10-cv-00661-GMN-RJJ

**PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

This matter having come on for trial before this Court commencing on July 11, 2013, Jason M. Gerber, Esq. and Jack F. DeGree, Esq., of the law firm of Marquis Aurbach Coffing appearing on behalf of the Plaintiff WMCV Phase 3, LLC (“WMCV”), Michael B. Lee, Esq. of

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the law firm of Michael B. Lee, P.C. appearing on behalf of Defendant Global Accents, Inc. ("GA"), the Court having conducted a bench trial, reviewed the evidence, pleadings and papers on file herein, being fully advised in the matter, and with good cause appearing therefore, hereby makes the following Findings of Fact, Conclusions of Law, and Order:

## I. PROCEDURAL HISTORY.

1. On March 26, 2010, WMCV filed its Complaint in the Eighth Judicial District Court, Clark County, Nevada (Case No. A612860) against Defendants GA, Couture, Shushok & McCoy, Inc. ("SMI"), Matthew J. Travis ("Travis"), Matt Turner ("Turner"), and Richard Birdwell ("Birdwell"), and asserting 13 causes of action: injunctive relief; intentional misrepresentation; civil conspiracy; RICO violations; conversion; intentional interference with contract; breach of lease; breach of the implied covenant of good faith and fair dealing; unjust enrichment; declaratory relief; special damages – attorneys fees and costs; and punitive damages.

2. On May 6, 2010, the case was removed to federal court and assigned the above-referenced case number.

3. On May 14, 2010, GA filed a Motion to dismiss or, in the alternative, motion for summary judgment (#9) against WMCV as to the enforceability of a release it had entered into (the "GA Release").

4. On May 24, 2010, a Motion to dismiss (#11) was filed by SMI, Birdwell, Travis and Turner (collectively the "SMI Defendants") claiming a lack of personal jurisdiction.

5. On May 28, 2010, WMCV filed its Opposition (#14) to GA's Motion and followed with its own Countermotion for summary judgment (#16) as to the enforceability of the GA Release on the same day.

6. On June 7, 2010, GA filed its Reply brief (#17) to WMCV's Opposition.

7. On June 18, 2010, WMCV filed its Opposition (#20) to the SMI Defendants' Motion.

8. On June 29, 2010, WMCV filed a Reply (#23) in support of its Countermotion for summary judgment.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

9. On July 6, 2010, the SMI Defendants filed a Reply brief (#24) in support of their jurisdictional Motion to dismiss.

10. On October 5, 2010, the Court entered an Order (#25) which: (i) denied GA's Motion to dismiss or, in the alternative Motion for summary judgment in finding that there was a genuine issue of material fact as to SMI's apparent authority to enter into the GA Release on behalf of WMCV; (ii) granted WMCV's Countermotion for summary judgment in that there was no genuine issue of material fact that SMI did not have actual authority to act on behalf of WMCV in executing the GA Release; (iii) denied the SMI Defendants' Motion in that there was specific personal jurisdiction over each of them; and (iv) dismissing WMCV's intentional misrepresentation, RICO, breach of the implied covenant of good faith and fair dealing, and unjust enrichment claims as to the SMI Defendants, but granting WMCV leave to amend as to the civil RICO claim.

11. On November 4, 2010, WMCV filed its First Amended Complaint (#33) which (i) dropped the intentional misrepresentation claim as to the SMI Defendants, (ii) left the civil RICO claim against only SMI, (iii) dropped the implied covenant of good faith and fair dealing claim and unjust enrichment claims against the SMI Defendants, leaving those claims against only GA and Couture, and (iv) left the remaining claims as originally pled.

12. On November 22, 2010, GA filed its Answer (#35) and added counterclaims against WMCV for breach of contract, breach of the implied covenant of good faith and fair dealing, deceptive trade practices, and declaratory relief, in addition to cross-claims against the SMI Defendants.

13. On December 7, 2010, WMCV filed its Answer (#42) to GA's counterclaims.

14. On August 15, 2011, GA filed another Motion (#80) for summary judgment seeking to dismiss all of the claims asserted against it by WMCV.

15. On August 30, 2011, this Court entered a Default (#82) against SMI.

16. On October 17, 2011, WMCV filed its Opposition (#90) to GA's Motion for summary judgment, and filed its own Countermotion (#95) for summary judgment on the same claims on the same day.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

17. On December 13, 2011, GA filed its Reply (#108) in support of its Motion for summary judgment, and also its Opposition (#110) to WMCV's Counterclaim.

18. On January 16, 2012, WMCV filed its Reply (#118) in support of its Motion for summary judgment.

19. On April 4, 2012, the Court entered an Order (#122) denying both summary judgment motions filed by WMCV and GA by concluding that there remained a genuine issue of material fact as to the reasonableness of GA's belief that SMI had the authority to negotiate a release on WMCV's behalf, not just to collect rent.

20. The Court's Pre-Trial Order (#141) issued on July 26, 2012.

## II. FINDINGS OF FACT.

21. WMCV owns real property located at 455 S. Grand Central Parkway in Las Vegas, Nevada (the "Property").

### THE GA LEASE

22. On August 7, 2006, WMCV's predecessor-in-interest, WMCV Phase I Associates, LLC, as landlord, entered into a lease agreement (the "Lease") with Defendant GA, as tenant, for space known as C-875 in the Property to commence on July 1, 2008.

23. On April 2, 2007, GA, as tenant, and WMCV, as landlord, executed the First Amendment to the GA Lease (the Lease collectively with the First Amendment shall be hereinafter referred to as the "Lease"), which changed the space GA leased from the 8th floor in space C-875 of the Property to the 7th floor in space C-775 of the Property (the "GA Premises"). The Lease, is a valid and enforceable contract.

24. On or about August 1, 2008, GA failed to pay rent, despite several requests; WMCV evicted GA on or about December 30, 2008. WMCV performed all of its obligations pursuant to the Lease.

25. The total remaining value of the Lease at the time of GA's eviction was $360,831.00; since evicting GA, WMCV has attempted to mitigate its damages but has been unable to re-lease the GA Premises. WMCV's efforts to mitigate were reasonable.

////

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**SMI**

26. In or about 2007, WMCV hired SMI as a commercial collection agent for the purpose of recovering past due amounts from tenants like GA. SMI's scope of work was the collection of debts only. SMI had no actual authority to negotiate or enter into agreements on behalf of WMCV. WMCV never granted SMI authority to settle claims without WMCV approval. WMCV never represented to any third parties that SMI had full settlement authority.

27. WMCV did not represent to GA that SMI had authority to settle or release claims. WMCV did not hold out SMI as its agent for the purposes of settling claims. GA never contacted WMCV concerning SMI's scope of authority to negotiate, settle and/or resolve claims. No one authorized by WMCV ever represented to GA that SMI had authority to act for WMCV.

28. Mr. Partielli testified he spoke to WMCV collections representative Esmeralda Dominguez twice and she stated SMI had settlement authority. There are no records of any of these conversations. WMCV did a detailed search of its records and did not locate any emails or other written communication with GA confirming these calls took place or the contents of the conversations. Mr. Leleu testified that if a call had come from GA to Ms. Dominguez, it was WMCV policy for him to be informed of the call. He testified that Ms. Dominguez never discussed any conversations with GA concerning SMI. The Court finds that Mr. Partielli's testimony is unsupported and that these calls and conversations with Ms. Dominguez did not take place. Further, even if these calls had taken place, the Court finds they are an insufficient basis for GA to form a reasonable belief concerning SMI's apparent authority.

29. On June 25, 2009, WMCV terminated SMI's authority to conduct commercial collections and recover past due debt from tenants. After June 25, 2009, SMI did not have actual authority to conduct commercial collections for WMCV and recover past due debt from tenants.

30. In July or August 2009, Mr. Partielli contacted WMCV principal Jack Kashani to discuss SMI's offer to settle the case. Mr. Kashani agreed that $8,200 was a good deal for GA since WMCV's attorneys usually pursued 100% of the amount a tenant owed. Mr. Kashani never made any representations to Mr. Partielli about SMI or its authority to settle claims on WMCV's behalf. Mr. Partielli never testified to any representations from Mr. Kashani. The Court finds this

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

conversation an insufficient basis for a reasonable belief that SMI had authority to settle claims on WMCV's behalf.

31. No other testimony or evidence was provided that could be a basis for GA's alleged reliance on SMI's apparent authority. The Court finds SMI failed to reach its burden to show there was an objectively reasonable subjective belief in SMI's authority.

**THE SMI RELEASE**

32. On August 26, 2009, Mr. Partielli, on behalf of GA signed a Lease Termination and Release Agreement (the "SMI Release") which: (i) GA received from SMI; (ii) Turner, a principal for SMI, purportedly signed on August 20, 2009 on behalf of SMI, falsely representing himself to be "Director" for "World Market Center Las Vegas, [INC.], a [Nevada Corporation]"; and (iii) wherein SMI purportedly would release GA from its obligations under a lease for a space on the 8th floor of WMCV's premises in exchange for $8,200 to be paid directly to SMI. The SMI Release specifically required all payments to be made "World Market Center", but, the only payment was made directly to SMI. The SMI Release did not release claims related to GA's space on the 7th floor of the Premises.

33. Mr. Partielli failed to adequately review documents or records in GA's possession. The Court finds that it was not reasonable for GA to execute the SMI Release without verifying its contents by comparing it the Lease or other documents in GA's possession.

34. WMCV never represented to GA that SMI had authority to negotiate and execute lease termination and release agreements on WMCV's behalf. GA's reliance on SMI's authority, if subjective, was not objectively reasonable.

35. GA paid $8,200 directly to SMI after executing the SMI Release. WMCV never received any of the funds GA paid to SMI.

36. Turner was not WMCV's agent or employee, and neither he nor SMI was ever authorized to enter into any agreement on behalf of WMCV. Turner did not have any authority to execute an agreement on WMCV's behalf as World Market Center Las Vegas' [Inc.] a [Nevada corporation]. Even if there were apparent authority, SMI never had authority to sign for any entity other than WMCV. WMCV is not bound by the SMI Release because it was not a

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

party to the SMI Release and did not grant Turner or SMI any authority to execute the SMI Release.

37. SMI never had apparent authority to execute the SMI Release. WMCV never represented to GA that SMI had the authority to settle any claims with GA or to execute a settlement and release. GA failed to take adequate steps to verify SMI's authority prior to executing the SMI Release. GA was on notice that SMI did not have full settlement authority when SMI instructed GA to contact WMCV directly concerning an alleged square footage issue with GA's space. The Court finds that it was unreasonable, given this notice, for GA to execute the SMI Release without verifying the scope of SMI's authority.

38. GA failed to take adequate steps to confirm that SMI had been given authority to enter into any settlement or release. GA ignored errors in the SMI Release that indicated it was not receiving an appropriate release from WMCV. GA knew WMCV Phase 3, LLC was its landlord and had previously made payments to WMCV Phase 3, LLC. The SMI Release also improperly identified the appropriate lease and lease space. GA occupied space C-775 not a space on the 8th floor as detailed in the SMI Release. These errors should have caused GA to question the validity of the lease. These errors contribute to this Court's finding that GA did not reasonably rely on SMI's alleged apparent authority.

39. It was not reasonable for Mr. Partielli to execute the SMI Release without referring back to GA's file and reviewing the Lease, invoices from WMCV and payments from GA to WMCV. Had Mr. Partielli reviewed these documents, he would have had reason to question the validity of the SMI Release. Mr. Partielli also testified to reviewing the SMI release "Maybe once" before executing. It was not reasonable to make such a cursory review of the SMI Release before signing. Mr., Partielli's testimony regarding the execution of the SMI Release was not credible given his training and education as a lawyer and his experience in the industry. The failure to properly review documents before entering into the SMI Release contributes to this Court's determination that GA did not have a reasonable belief in SMI's apparent authority.

40. Mr. Partielli's believe that "World Market Center Las Vegas" was the same as WMCV is irrelevant. Mr. Partielli's subjective belief is not sufficient to alter the defined and

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

unambiguous terms of the Lease and the SMI Release. Mr. Partielli's testimony regarding his belief is not credible given his training and education as an attorney and his experience in the industry.

41. WMCV's retention of SMI to collect past due debts and rents is insufficient to estop WMCV from denying SMI had apparent authority to negotiate and execute the SMI Release because WMCV never held SMI out as having authority to settle any claims or execute a release of all claims.

42. There is a significant distinction between WMCV representing that SMI has the authority to collect back rent and debt versus purportedly representing that SMI had the authority to negotiate and execute lease termination and release agreements.

43. WMCV representing to GA that SMI has the authority to collect back rent and debt does not give rise to an implication that SMI has the authority to negotiate and execute lease termination and release agreements.

44. GA was not reasonably prudent in signing the SMI Releases and paying the $8,200 directly to SMI. GA could not ignore information it had and its own knowledge to form a reasonable belief that SMI had authority to execute the SMI Release on WMCV's behalf. Because GA ignored its actual knowledge, its belief in SMI's authority was not reasonable.

45. GA closed its eyes to warnings and inconsistencies that should have put it on notice to confirm whether or not SMI had the authority to negotiate and execute the SMI Release. It was not reasonable for GA to ignore these warnings and inconsistencies.

46. Any inferences that SMI had apparent authority to negotiate and execute the GA and Couture Releases are heavily outweighed by the inferences that demonstrate apparent authority did not exist. The information indicating SMI did not have apparent authority was at least equal to, if not in excess to, any information implying that authority existed. In these circumstances, GA's alleged reliance on SMI's authority was not reasonable.

47. GA did not learn from WMCV that SMI had been terminated until after they already executed and funded their respective releases with SMI. Nevertheless, GA could not have subjectively believed that SMI had authority to act on WMCV's behalf with respect to the

SMI Release. As a whole, GA's purported subjective belief that SMI had apparent authority was objectively unreasonable.

48. Mr. Partielli's testimony was not credible. At many points during his testimony, Mr. Partielli's responses and demeanor were evasive or non responsive. Mr. Partielli's testimony regarding his knowledge of SMI's authority was not credible. Mr. Partielli's reputation in his industry is not one of honesty and testimony related to his business practices and disingenuous emails support this reputation. Several of Mr. Partielli's positions were not credible and did not make sense given his experience in the industry and his legal training. Given these credibility issues, the Court chose to disregard much of Mr. Partielli's testimony.

## III. CONCLUSIONS OF LAW.

49. Under a claim for breach of contract, a party must prove a valid and existing contract, a meeting of the minds, performance, a breach, and damages as a result. Certified Fire Prot. Inc. v. Precision Constr., 128 Nev. Adv. Op. 35, 283 P.3d 250, 255 (2012). WMCV must prove these same elements to succeed on its breach of lease claims against GA.

50. A party claiming apparent authority of an agent as a basis for contract formation must prove (i) that he subjectively believed that the agent had authority to act for the principal, and (ii) that his subjective belief in the agent's authority was objectively reasonable. Great Am. Ins. Co. v. Gen. Builders, Inc., 934 P.2d 257, 261 (Nev. 1997).

51. In Ellis v. Nelson, 68 Nev. 410, 418, 233 P.2d 1072, 1076 (1951), the Court explained:

> [T]he reliance must have been a reasonable one, consistent with the exercise of reasonable prudence, and the party who claims reliance must not have closed his eyes to warning or inconsistent circumstances. Authority is not 'apparent' simply because the party claiming has acted upon his conclusions. It is not 'apparent,' in contemplation of law, simply because it looked so to him. It is not a situation where one may read while he runs. It is only where a person of ordinary prudence, conversant with business usages and the nature of the particular business, acting in good faith, and giving heed not only to opposing inferences but also to all restrictions which are brought to his notice, would reasonably rely, that a case is presented within operation of the rule. If the inferences against the existence of the authority are just as reasonable as those in favor of it, there can be no reliance within this rule.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

52. SMI did not have the apparent authority to execute the SMI Release on behalf of WMCV. GA's reliance on this purported apparent authority was not objectively reasonable in light of the facts and evidence presented during trial.

53. The SMI Release is not enforceable against WMCV. WMCV is not bound by the SMI Release because it was executed by "World Market Center Las Vegas, [Inc.] a [Nevada corporation]". The SMI Release defines "Landlord" as "World Market Center Las Vegas". GA cannot alter this defined term to apply the SMI Release to WMCV. GA is liable to WMCV for breach of the Lease.

54. The Lease between GA and WMCV was a valid and enforceable contract supported by adequate consideration. The Lease defines "Landlord" as WMCV Phase 3, LLC and this definition is unambiguous. Mr. Partielli's alleged subjective belief that "World Market Center" was his landlord is not a valid basis to alter this term of the Lease.

55. WMCV satisfied all conditions and performed pursuant to all terms of the GA Lease. GA breached its obligations and caused WMCV to suffer damages when it failed to pay rent and other expenses pursuant to the terms of the GA Lease. WMCV has attempted, unsuccessfully, to mitigate its damages. WMCV is entitled to recover $360,831.00 as the amount due and owing on the GA Lease at the time GA was evicted.

56. The Lease provides WMCV is entitled to interest at 18% and the Court finds this interest rate will apply to the damages in this case. The interest applied to the damages, from the date of breach through July 9, 2013 is $25,397.04.

57. To prevail on its claim for breach of the implied covenant of good faith and fair dealing against GA, WMCV must demonstrate that (i) it was parties to a contract with GA and/or Couture, (ii) that GA and/or Couture owed a duty of good faith to WMCV that was breached by performance in a manner that was unfaithful to the purpose of the contract, and (iii) WMCV's justified expectations were denied under the contract. <u>Perry v. Jordan</u>, 111 Nev. 943, 947, 900 P.2d 335, 338 (1995). WMCV has proven GA breached the covenant of good faith and fair dealing based on their conduct with regard to the Lease, its negotiations with SMI, its execution of the SMI Release and conduct with regard to its obligations of Good Faith under the Lease.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

58. On its unjust enrichment claim against GA, WMCV must prove each of them unjustly retained its money or property against the fundamental principles of justice or equity and good conscience. Asphalt Products v. All Star Ready Mix, 111 Nev. 799, 802, 898 P.2d 699, 701 (1995). Since the SMI Release is unenforceable, the Lease is enforceable mooting WMCV's unjust enrichment claims since there remains a valid contract.

59. Under NRS 30.040, a party interested in a contract whose rights are affected may have determined any question of construction or validity concerning the contract. Further, a contract in question may be construed before or after breach. NRS 30.050. WMCV filed claims for declaratory relief concerning its rights under and/or the validity of the Leases and the SMI Release. This court finds that the SMI Release is unenforceable against WMCV and does not impact any rights or claims WMCV has against GA.

60. WMCV is entitled to its attorney fees and costs. WMCV is granted leave to file an application for reasonable attorney fees and costs.

61. GA failed to prove any of the causes of action it pled against WMCV. GA also failed to present any evidence of damages it allegedly suffered. WMCV is entitled to a judgment it its favor against all of GA's claims, with prejudice, as a matter of law and on the merits.

**ORDER.**

It is hereby ORDERED ADJUDGED AND DECREED that Judgment is entered in favor of WMCV and against GA in the amount of $____________, which includes: special damages in the form of attorneys fees and costs in the amount of $_________ and $________, respectively; punitive damages in the amount of $________; pre-judgment interest in the amount of $________; and post-judgment interest accruing at the rate of ____%.

////

////

////

////

////

////

It is further ORDERED ADJUDGED AND DECREED that any and all other claims not specifically addressed herein are denied.

Dated this ____ day of ________________, 2013.

______________________________
UNITED STATES DISTRICT JUDGE

MARQUIS AURBACH COFFING

By /s/ Jason M. Gerber, Esq.
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Jason M. Gerber, Esq.
Nevada Bar No. 9812
Jack F. DeGree, Esq.
Nevada Bar No. 11102
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for WMCV Phase 3, LLC

# # #

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816