CHRISTOPHER R. McCULLOUGH, ESQ.
Nevada Bar #1138
FRANK PEREZ, ESQ.
Nevada Bar #5738
McCULLOUGH, PEREZ & ASSOCIATES, LTD.
601 South Rancho Drive, #A-10
Las Vegas, Nevada 89106
Phone: (702) 385-7383
Fax:    (702) 385-6744
E-mail: chrislaw@mcpalaw.com
E-mail: fperez@mcpalaw.com
Attorneys for Defendant
RICHARD BIRDWELL

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited Liability company, <br><br> Plaintiff, <br><br> vs. <br><br> SHUSHOK & MCCOY, INC., a Texas Corporation; MATTHEW J. TRAVIS, an Individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California Corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES 1 through X, inclusive; ROE ENTITIES I through X, inclusive, <br><br> Defendants. | Case No: 2:10-CV-00661-RCJ-RJJ <br><br><br><br><br> **MOTION TO SET ASIDE DEFAULT** |

Defendant RICHARD BIRDWELL, by and through his attorneys, the law firm of

McCULLOUGH, PEREZ & ASSOCIATES, LTD., moves this Honorable Court for an

order setting aside the default against Defendant RICHARD BIRDWELL.

. . .

. . .

. . .

This Motion is made and based on the papers and pleadings on file herein, the Points and Authorities submitted herewith and any additional information the Court may choose to consider.

DATED this ___ day of October, 2013

McCULLOUGH, PEREZ & ASSOCIATES, LTD

By:_____
CHRISTOPHER R. McCULLOUGH, ESQ.
Nevada Bar #1138
FRANK PEREZ, ESQ.
Nevada Bar #5738
601 South Rancho Drive, #A-10
Las Vegas, Nevada 89106
Attorneys for Defendant
RICAHRD BIRDWELL

## I     BACKGROUND

Mr. Birdwell was an employee of Shushok and McCoy Inc. (SMI).     Plaintiff WMCV Phase 3 (WMCV) operates commercial space in Las Vegas.  WMCV engaged the services of SMI to perform collection agency work on its behalf.  The relationship came to a conclusion, however litigation arose when Global Accents, a former tenant of WMCV, claimed to have entered a settlement with WMCV through SMI.

WMCV asserted their relationship with SMI had concluded prior to the settlement with the Global Accents (GA).  Their position was the settlement was not enforceable.  GA contends the settlement was enforceable based upon theories of principal and agency.  Through motion practice, the issue for trial was whether SMI had apparent authority to

bind.  WMCV.

Mr. Bridwell was sued in his individual capacity, as were two other individuals. Mathew Travis and Mathew Turner were the other named individuals.  Mr. Travis and Mr. Turner owned SMI.  Mr. Travis consistently assured Mr. Birdwell that SMI would provide a defense and pay any judgment entered.  Mr. Travis also assured Mr. Birdwell that any settlements entered would include a release of Mr. Birdwell.

Eventually the attorney retained by SMI withdrew from representation.   Mr. Birdwell was assured by Mr. Travis that any resolution would include Mr. Birdwell.  Mr. Birdwell was also under the belief; based upon conversation he had with WMCV counsel that they would dismiss him from the case.   Apparently, Mr. Birdwell misinterpreted the conversations with opposing counsel.

On July 6, 2012 WMCV moved to have Mr. Birdwell's answer stricken.   The basis as set forth in its motion was because Mr. Bridwell did not personally appear at a court ordered settlement conference. See Exhibit "1"

On November 7, 2012 a default was enteree against Richard Birdwell and Matt Turner. See Exhibit "2".

Eventually Mr. Travis entered a settlement with WMCV.  SMI's pleading were struck when it failed to retain counsel.  Mr. Birdwell was unaware the settlement was negotiated until after the trial was conducted.  At that time, he learned about the default and that he was not part of a negotiated settlement; despite assurances by Mr. Turner. Mr. Travis also filed a petition for Chapter 13 bankruptcy, and so the trial did not proceed against him on GA's claims.

Trial was conducted on June 11th and 12th. WMCV and GA submitted their own Proposed Findings of Fact. WMCV's proposed finding of fact does not specifically seek a judgment against Mr. Birdwell. GA's proposed findings of fact are inconsistent. The seek determination that the settlement agreement was enforceable based upon apparent authority. If that is true then there was no wrongdoing by Birdwell as it relates to GA. If the settlement was enforceable then there can be no fraud or misrepsentation or resulting damages. Despite seeking to have the settlement agreement negotiated by SMI be found enforceable, they also seek damages based upon an enforceable settlement. In other words, GA's position is the settlement agreement shields them from liability, and if they are correct they were damaged by have the agreement found to be enforceable. This is simply not logical.

During the pendency of the matter, Mr. Birdwell was in contact with Mr. Travis. Mr. Birdwell was assured by Mr. Tavis that any settlement reach would include removing Mr. Birdwell from the suit. After the trial Mr. Birdwell learned that GA submitted Proposed Findings in which they sought to hold Mr. Birdwell personally liable. Mr. Birdwell learned a default was entered against him. He questioned Mr. Travis about the settlement that was negotiated with WMCV. Mr. Travis acknowledged that despite prior promises to include Mr. Birdwell in any settlement and release, a release for Mr. Birdwell was not included. Mr. Travis advised Mr. Birdwell the settlement was for approximately $40,000.

Mr. Birdwell comes to the court and seeks to have the default set aside, and prevent an unwarranted judgment be entered against him.

**II     STANDARD TO SET ASIDE A DEFAULT**

Relief from orders is based upon FRCP 60(b) (c) which reads;

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.


The United States Supreme Court analyzed excusable neglect in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 382–83 (1993).   The court was analyzing excusable neglect in the context of a bankruptcy, but included FRCP 60(b)(1) in describing the standard for excusable neglect.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This history supports our conclusion that the enlargement of prescribed time periods under the "excusable neglect" standard of Rule 9006(b)(1) is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer.

Our view that the phrase "excusable neglect" found in Bankruptcy Rule 9006(b)(1) is not limited as petitioner would have it is also strongly supported by the Federal Rules of Civil Procedure, which use that phrase in several places. Indeed, Rule 9006(b)(1) was patterned after Rule 6(b) of those rules.5 Under Rule 6(b), where the specified period for the performance of an act has elapsed, a District Court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect."   As with Rule 9006(b)(1), there is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. It is not surprising, then, that in applying Rule 6(b), the courts of appeals have generally recognized that "excusable neglect" may extend to inadvertent delays.   Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that **"excusable neglect" under Rule 6(b) is a somewhat "elastic concept"** and is not limited strictly to omissions caused by circumstances beyond the control of the movant.  (Emphasis added)

The "excusable neglect" standard for allowing late filings is also used elsewhere in the Federal Rules of Civil Procedure. When a party should have asserted a counterclaim but did not, Rule 13(f) permits the counterclaim to be set up by amendment where the omission is due to "oversight, inadvertence, or excusable neglect, or when justice requires." In the context of such a provision, it is difficult indeed to imagine that "excusable neglect" was intended to be limited as petitioner insists it should be.

The same is true of Rule 60(b)(1), which permits courts to reopen

*judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect," but only on motion made within one year of the judgment. Rule 60(b)(6) goes further, however, and empowers the court to reopen a judgment even after one year has passed for "any other reason justifying relief from the operation of the judgment." These provisions are mutually exclusive, and thus a party who failed to take timely action due to "excusable neglect" may not seek relief more than a year after the judgment by resorting to subsection (6).*

Mr. Birdwell seeks relief under subsection one; mistake, inadvertence, surprise, or excusable neglect.  Mr. Birdwell was under the mistaken belief he was to be included in any resolution reached.  He was unaware a default had been entered against him, until he was contact by Mr. Travis post trial.

When Mr. Birdwell spoke with Mr. Travis, his former employer, he was repeatedly assured that he would be protected.  Any settlement would include dismissal of Mr. Birdwell.  Equally so when Mr. Birdwell spoke with opposing counsel, he was equally under the impression that he would ultimately be dismissed from the case.

The basis upon which a default was entered against Mr. Birdwell was because he failed to appear at a settlement conference.  Mr. Birdwell, who at the time was not represented by counsel, believed any settlement on his behalf was being taken care of by his former employer.  He relied upon statements of Mr. Travis in that regard.

Prior discussions between Mr. Birdwell and counsel for WMCV revolved around Mr. Birdwell's lack of funds to resolve any claim.  Mr. Birdwell and WMCV counsel joked that WMCV would not seek to recover Mr. Birdwell's bulldog, as it was his only

1 | assets.

2 As a pro se Defendant Mr. Birdwell's failure to appear at the settlement

3
4 conference is excusable. He believed his former employer was taking care of things. His

5 discussions with WMCV attorney lead him to believe they were not seeking money from

6 him; although, that appears to be a misunderstanding of opposing counsel's intentions.

7 None the less, Mr. Birdwell thought his interests were being protected.

8
9 In this instance, only a default has been entered. A default judgment was not

10 applied for prior to trial. Mr. Birdwell learned of the default only after the trial

11 concluded and has moved promptly to set aside the default. WMCV has not sought, at

12 least according to its proposed findings of fact a judgment directly against Mr. Birdwell

13
14 as of yet. GA seeks contradictory positions, if the settlement agreement is valid and GS

15 owes nothing to WMCV, GA is still seeking damages against Mr. Birdwell.

16 In weighing the prejudices, setting aside the default against WMCV holds little

17 prejudice against WMCV since it did not seek at trial a judgment against Mr. Birdwell.

18
19 Setting aside the default hold little prejudice against GA, as it simply allows Mr. Birdwell

20 and opportunity to argue against inconsistent positions taken by GA. The prejudice

21 against Mr. Birdwell is great. He faces potential judgments for simply being an

22 employee of a company that potentially negotiated a settlement beyond its authority. Mr.

23
24 Birdwell was not an owner or director of the company, but an employee.

25 Mr. Birdwell submits good cause exits to set aside the default entered in the

26 matter. His non-attendance at the settlement conference constitutes excusable neglect in

27 that he believed his former employer was taking care of the matter, and settlement would

28

have included Mr. Birdwell.  The court should enter an order setting aside the default against Mr. Birdwell.

DATED this _____ day of October, 2013

McCULLOUGH, PEREZ & ASSOCIATES, LTD

By:_____
CHRISTOPHER R. McCULLOUGH, ESQ.
Nevada Bar #1138
FRANK PEREZ, ESQ.
Nevada Bar #5738
601 South Rancho Drive, #A-10
Las Vegas, Nevada 89106
Attorneys for Defendant
RICAHRD BIRDWELL

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and Section IV of the District of Nevada Electronic Filing Procedures, I hereby certify that I am an employee of McCULLOUGH, PEREZ & ASSOCIATES, LTD., and that on the __21st__ day of October, 2013, I caused to be served a true an correct copy of the foregoing document by E-Service by filing the foregoing with the Clerk of Court using the CM/ECF system, which will electronically mail the filing to the following email address:

TERRY A. COFFING, ESQ.
tcoffing@maclaw.com
jgerber@maclaw.com

WILLIAM R. URGA, ESQ.
FedCt@juww.com

MICHAEL B. LEE, ESQ.
mike@mblnv.com

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

MATT TURNER
46 Cimarron Drive
Trophy Club, TX 76262

_____
Angie Gardner, Employee of McCULLOUGH, PEREZ & ASSOCIATES, LTD.

### AFFIDAVIT OF FRANK PEREZ, ESQ.

STATE OF NEVADA      )
                          :ss
COUNTY OF CLARK     )

**FRANK PEREZ, ESQ.**, being first duly sworn deposes and says:

1.  That I am knowledgeable about all matters set forth in this affidavit and know them to be true, except where stated upon information and belief, and in those instances believe them to be true.

2.  That your affiant is competent to testify regarding all factual matters set forth in this affidavit.

3.  That this affidavit is prepared and executed in connection with Defendant Richard Birdwell's Motion to Set Aside Default, in the case known as *WMCV PHASE 3, LLC vs. SHUSHOK & MCCOY, INC., et al., Case No. 2:10-cv-00661-RCJ-RJJ.*

4.  That your affiant contacted counsel for both WMCV Phase 3, LLC and Global Accents, Inc., in order to attempt to resolve a default which had been entered against Mr. Birdwell. Initial contact in early September with written correspondence on September 19, 2013. When no resolution was capable of being reached, a follow up call was placed on October 16, 2013, advising a motion to set aside the default was going to be filed.

Further affiant saith naught.

_____
**FRANK PEREZ, ESQ.**

**SUBSCRIBED** and **SWORN** before me
this ___18th___ day of October, 2013.

_____
NOTARY PUBLIC in and for said
County and State

Angie Gardner
Notary Public
State of Nevada
My Commission Exp. 8-29-2017
Certificate No: 93-0374-1

1 of 1

### AFFIDAVIT OF RICHARD BIRDWELL

STATE OF Texas )

COUNTY OF Denton )   :ss

**RICHARD BIRDWELL**, being first duly sworn deposes and says:

1.  That I am knowledgeable about all matters set forth in this affidavit and know them to be true, except where stated upon information and belief, and in those instances believe them to be true.

2.  That your affiant is competent to testify regarding all factual matters set forth in this affidavit.

3.  That this affidavit is prepared and executed in connection with affiant's Motion to Set Aside Default, in the case known as *WMCV PHASE 3, LLC vs. SHUSHOK & MCCOY, INC., et al., Case No. 2:10-cv-00661-RCJ-RJJ.*

4.  When the lawsuit first commenced, I was an employee of Shushoka & McCoy, Inc. (SMI). SMI is a collection agency and was owned by two gentlemen, Matthew J. Travis and Matt Turner. I was not a principal of the company, a shareholder nor an officer but merely an employee. Initially the company retained counsel to represent itself and all the individuals named as Defendants, including myself. I was repeatedly assured by Mr. Travis that the company would pay for the defense and assured that any judgment or settlement would be paid for by the company. I was assured by Matt Travis and Matt Turner at the time we were negotiating on behalf of World Market Center that SMI had signed contracts, ie placement forms, for the debts that allowed SMI to negotiate and settle on the client's behalf.

5.  As matters progressed, the attorney that was representing me and the company withdrew. At that time I was unaware that a basis for the withdrawal was failure to pay attorney's fees. I was under the impression the company was taking care of things and was repeatedly assured by

Mr. Travis that my interests were being protected.

6. I appeared at my deposition, provided writing samples and answered questions. After the deposition concluded, I continued to speak with World Market Center's then counsel Matthew Cecil. It was my impression from the conversations with Mr. Cecil that he was going to work to get me dismissed from the case. I later learned that was a misapprehension on my part. However, my discussions with him lead me to believe that the World Market Center did not believe I should remain in the case. I had multiple discussions with Mr. Cecil regarding being dropped from the case. I had multiple conversations with him regarding my complete lack of funds to make a settlement offers as I had no assets. Mr. Cecil and I joked that they would not seek to take my pet bulldog away as that would be only asset that was of value.

7. After my deposition I asked Mr. Cecil about what type of representation SMI and I received for the $50,000.00 reportedly paid to our attorney. Mr. Cecil looked at me surprisingly and replied that our attorneys were never paid $50,000.00 and withdrew for non-payment. I then inquired of Mr. Travis whether or not our attorneys were paid but he could not provide me that assurance as Matt Turner was in charge of sending the checks.

8. I would call Mr. Cecil several times over the next few months hoping to hear that I had been released from the litigation. However communication dropped off over time. I would answer questions that he had but never heard further of my formal removal from the case. Later I learned that Mr. Cecil joined another firm and was no longer assigned to the case. During this entire time period I spoke with Mr. Travis regularly and he assured me the entire time no matter what happened he would end up settling and dropping me from the lawsuit and there would be a stipulation in any settlement entered which would include a release of me.

9. I was always under the impression that my former employer had arranged to assure my protection from any judgment and would include me in any resolutions.

10. Only after a trial concluded I was informed by Mr. Travis that I needed to look at findings of fact that had been submitted, did I learn that judgments were still being attempted against me. It was at that time I learned that a default had been entered against me and Mr. Turner however I did not see Mr. Travis' name on the document seeking a default. I spoke with Mr. Travis and he informed me that he had actually settled the case. I immediately asked if I was included based on our prior conversations to which he replied he did not know. I inquired as to when he settled to which he replied approximately six weeks earlier and I asked him how much and his answer was $40,000.00.

11. Had I known that my former employer and boss, Mr. Travis, was misinforming I would have taken additional steps to assure my appearance in any trial or court proceeding. I was truly under the impression that interests were being protected by my former employer and that the settlement he was apparently negotiating would have included me. I have now learned that was not the case.

12. I request that the default be set aside so I am not facing a potential judgment based on my misunderstanding of what was transpiring during the course of the litigation.

Further affiant saith naught.

**RICHARD BIRDWELL**

**SUBSCRIBED** and **SWORN** before me this 18th day of October, 2013.

NOTARY PUBLIC in and for said
County and State

LARA CARROLL ROBERGE
Notary Public, State of Texas
My Commission Expires
May 31, 2015

3 of 3

### AFFIDAVIT OF MATTHEW J. TRAVIS

STATE OF _Texas_                    )
                                            :ss
COUNTY OF _Denton_       )

**MATTHEW J. TRAVIS**, being first duly sworn deposes and says:

1.  That I am knowledgeable about all matters set forth in this affidavit and know them to be true, except where stated upon information and belief, and in those instances believe them to be true.

2.  That your affiant is competent to testify regarding all factual matters set forth in this affidavit.

3.  That this affidavit is prepared and executed in connection with Defendant Richard Birdwell's Motion to Set Aside Default, in the case known as *WMCV PHASE 3, LLC vs. SHUSHOK & MCCOY, INC., et al., Case No. 2:10-cv-00661-RCJ-RJJ.*

4.  That your affiant is the former owner of Shushok & McCoy, Inc. and I am knowledgeable about the information set forth herein.

5.  During the course of the litigation with WMCV Phase 3, LLC, I informed Richard Birdwell that his former employer Shushok & McCoy, Inc., would retain counsel in order to protect Mr. Birdwell's interest.  I also assured him that he would be included in any settlement which was ultimately reached.

6.  Eventually a settlement with the Plaintiff was reached, but it did not include Richard Birdwell in the settlement documents.  I did not inform Mr. Birdwell that settlement was reached at that time nor did I inform him at that time he was not included in the settlement.

7.  At a later time Mr. Birdwell contacted me and I informed him that I did in fact reach a settlement but his name was not included in the resolution.

. . .

1 of 2

1    Further affiant saith naught.

2

3                                             _____
                                             **MATTHEW J. TRAVIS**
4

5    **SUBSCRIBED** and **SWORN** before me
     this _____ day of October, 2013.
6

7    _____
     NOTARY PUBLIC in and for said
8    County and State

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

# EXHIBIT "1"

Marquis & Aurbach
TERRY A. COFFING, ESQ.
Nevada Bar No. 4949
MATTHEW T. CECIL, ESQ.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
mcecil@maclaw.com
    Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WMCV PHASE 3, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SHUSHOK & MCCOY, INC., a Texas corporation; MATTHEW J. TRAVIS, an individual; MATT TURNER, an individual; RICHARD BIRDWELL, an individual; GLOBAL ACCENTS, INC., a California corporation; COUTURE INTERNATIONAL, INC., a Quebec corporation; DOES I through X, inclusive; ROE ENTITIES I through X, inclusive,<br><br>                    Defendants. | Case No.:      2:10-cv-00661-GMN-RJJ |

**MOTION TO STRIKE RICHARD BIRDWELL'S ANSWER AND APPLICATION TO ENTER DEFAULT, OR IN THE ALTERNATIVE MOTION FOR AN ORDER TO SHOW CAUSE WHY RICHARD BIRDWELL'S ANSWER SHOULD NOT BE STRICKEN AND DEFAULT ENTERED**

Plaintiff WMCV PHASE 3, LLC, by and through its attorneys, Marquis Aurbach Coffing, hereby submits this MOTION TO STRIKE RICHARD BIRDWELL'S ANSWER AND APPLICATION TO ENTER DEFAULT, OR IN THE ALTERNATIVE, MOTION FOR AN ORDER TO SHOW CAUSE WHY RICHARD BIRDWELL'S ANSWER SHOULD NOT BE STRICKEN AND DEFAULT ENTERED.

M&A:11320-004 1729235_1 7/6/2012 9:47 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## I.    INTRODUCTION.

Defendant Richard Birdwell's Answer should be stricken for failing to participate in this matter as required.  Alternatively, this Court should issue an order to show cause why Richard Birdwell's Answer should not be stricken.

## II.    FACTUAL BACKGROUND.

1.    On April 19, 2012, this Court ordered the parties, including Birdwell, to participate in a settlement conference on May 18, 2012 at 8:30 AM, ordering "All counsel of record who will be participating in the trial of this case, all parties appearing pro se, if any, and **all individual parties must be present.   No exceptions are made to this requirement.**" (emphasis in original).  ECF No. 124.

2.    The Court served the April 19, 2012 Order on Birdwell.  ECF Nos. 124, 125.

3.    On May 8, 2012, this Court ordered the settlement conference changed to May 24, 2012, at 1:30 PM.  ECF No. 129.

4.    On May 9, 2012, the undersigned served Birdwell with the April 19, 2012 Order (ECF No. 124) and with notice that the settlement conference had been changed to May 24, 2012 via certified mail.  ECF Nos. 129, 130, 131, 133, and 134.

5.    Birdwell did not appear in person or telephonically for the mandatory settlement conference.

## III.    LEGAL ARGUMENT.

Birdwell refused to acknowledge this Court's authority and refused to participate in the Court Ordered mandatory settlement conference.  The April 19, 2012 Order required Birdwell's presence at the settlement conference, with **no exceptions**.  Nevertheless, Birdwell did not attend the settlement conference.   There is no point in this Court ordering Birdwell's mandatory presence at the settlement conference, unless a sanction arises for Birdwell's failure to be present.  Consequently, Plaintiff respectfully requests the Court: (1) strike Birdwell's answer from the record; and (2) enter default and allow Plaintiff to proceed with a default judgment against Birdwell.  Alternatively, Plaintiff requests the Court order Birdwell to show cause why

M&A:11320-004 1729235_1 7/6/2012 9:47 AM

this Court should not strike Birdwell's answer and allow Plaintiff to obtain default judgment against him.

Dated this 6th day of July, 2012.

MARQUIS AURBACH COFFING

/s/ Matthew T. Cecil
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Matthew T. Cecil, Esq.
Nevada Bar No. 9525
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiff

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:11320-004 1729235_1 7/6/2012 9:47 AM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am employed with the law firm of Marquis Aurbach Coffing, and that on the 6th day of July, 2012, I electronically filed the foregoing **Motion To Strike Richard Birdwell's Answer And Application To Enter Default, Or In The Alternative, Motion For An Order To Show Cause Why Richard Birdwell's Answer Should Not Be Stricken And Default Entered** with the Clerk of the U.S. District Court for the State of Nevada, using the CM/ECF electronic filing system which will cause the documents to be electronically served upon the following counsel of record:

Michael B. Lee, P.C.
Michael B. Lee, Esq.
2000 South Eastern Ave.
Las Vegas, Nevada 89104
*Attorney for Defendant*
*Global Accents, Inc.*

William R. Urga, Esq.
Jolly Urga Wirth Woodbury & Standish
3800 Howard Hughes Parkway, 16th Floor
Las Vegas, NV 89169
*Attorneys for Defendant*
*Couture International*

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

Matt Turner
c/o Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Matt Turner
46 Cimarron Dr.
Trophy Club, Texas 76262

Matthew Travis
3300 Tori Trail
Keller, TX 76248

Richard Birdwell
2804 Red Wolf Drive
Fort Worth, TX 76244

Shushok & McCoy, Inc.
2637 Ira E. Woods, Suite 100
Grapevine, TX 76051

Mary Jo Foreman, an employee of
Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:11320-004 1729235_1 7/6/2012 9:47 AM

# EXHIBIT "2"

# EXHIBIT "2"

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

WMCV Phase 3, LLC, ET AL.,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff(s),　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　CV 2:10-cv-00661-GMN-RJJ
　　　　　　　　　　　　　　　　　)
Couture International, Inc., et al.,　)　　　**DEFAULT**
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant(s).　　)
　　　　　　　　　　　　　　　　　)

It appearing from the records in the above-entitled action that Summons issued on the _____ Amended _____ Complaint _____ November 4, 2010 _____
　　(Original. Amended, etc)　　　　　　　　　(Date Complaint was filed)

has been regularly served upon each of the Defendants hereinafter named; and it appearing from the affidavit of counsel or Plaintiff and the records herein that each of said Defendants has failed to plead or otherwise defend in said action as required by said Summons and provided by the Federal Rules of Civil Procedure,

Now, therefore, on request of counsel for Plaintiff, the DEFAULT, as aforesaid, of each of the following Defendants RICHARD BIRDWELL and MATT TURNER

in the above-entitled action is hereby entered.

DATED: __11/7/2012__　　　　　　　　LANCE S. WILSON, CLERK

　　　　　　　　　　　　　　By: __M. JAIME__
　　　　　　　　　　　　　　　　Deputy Clerk