# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

WMCV PHASE 3, LLC,

        Plaintiff(s),

vs.

SHUSHOK & MCCOY, INC., et al.,

        Defendant(s).

2:10-cv-00661-GMN-NJK

**ORDER and
REPORT & RECOMMENDATION**

Before the Court is Defendant Richard Birdwell's Motion to Set Aside Default (Docket No. 206). The Court has considered Defendant Birdwell's Motion, Docket No. 206, Plaintiff WMCV Plase 3's Opposition, Docket No. 207, and Defendant Birdwell's Reply, Docket No. 208. The Court finds this motion appropriately resolved without oral argument. *See* Local Rule 78-2.

**I.   BACKGROUND**

    **A.   General Background**

Plaintiff WMCV Plase 3 (WMCV) operates commercial space in Las Vegas, Nevada. Defendant Shushok and McCoy, Inc. (SMI), performed collection agency work on behalf of Plaintiff. Defendants Global Assents and Couture International, Inc. (Couture), are former tenants of Plaintiff.

This litigation arose due to dispute related to the leases between Plaintiff and Defendants Global Assents and Couture. Defendants Global Assents and Couture asserted the dispute was settled by Defendant SMI on behalf of Plaintiff. Plaintiff, however, asserted that its relation ship with Defendant SMI concluded before Defendant SMI reached settlements with Defendants Global Assents and Couture. Accordingly, Plaintiff argued that the settlements were not enforceable. Defendants Global Assents and Couture argued that the settlements were enforceable based upon

theories of principal and agency. Plaintiff brought the instant action against Defendants SMI, Global Assents, Couture, and individual Defendants Matthew Travis, Matthew Turner and Richard Birdwell. Defendant Birdwell is a former employee of Defendant SMI. Defendants Travis and Turner were the owners of Defendant SMI.

**B.     Procedural Background**

Plaintiff filed the Complaint in this matter on March 26, 2010, in the District Court for Clark County, Nevada. Docket No. 1. On May 6, 2010, Defendants Global Assents, SMI, Travis, Turner, and Birdwell removed the case to this Court. *Id*. On November 4, 2010, Plaintiff filed its Amended Complaint. Docket No. 33. On November 22, 2010, Defendant Global Assents filed crossclaims against Defendants SMI, Travis, Turner, and Birdwell. Docket No. 35. Defendant Birdwell filed an Answer to the Amended Complaint on December 2, 2010. Docket No. 40. Defendants SMI, Travis, Turner, and Birdwell never responded to Defendant Global Assents' crossclaims.[1]

On March 16, 2011, counsel for Defendants SMI, Travis, Turner, and Birdwell filed an emergency motion to withdraw as counsel. Docket No. 49. On April 25, 2011, the Court held a hearing on that motion and allowed counsel for Defendants SMI, Travis, Turner, and Birdwell to withdraw. Docket No. 59. Defendants Travis and Birdwell appeared telephonically at the hearing. *Id*.

On May 6, 2011, Defendant Couture filed crossclaims against Defendant Birdwell, SMI, Turner and Travis. Docket No. 62. Defendant Birdwell, SMI, Turner and Travis never responded to Defendant Couture's crossclaims.[2]

On February 12, 2012, this case was referred for a settlement conference. Docket No. 120. The settlement conference was held on May 24, 2012; however, Defendant Birdwell failed to appear or participate in the settlement conference. Docket No. 135. No settlement was reached. *Id*.

. . .

---

[1] To date, Defendant Global Assents has not moved for entry of Clerk's Default.

[2] To date, Defendant Couture has not moved for entry of Clerk's Default. Additionally, the Order on the parties' stipulation to dismiss claims against Defendant Couture, Docket No. 186, does not specify the status of Defendant Couture's claims against Defendants SMI, Travis, Turner, and Birdwell.

1    On July 6, 2012, Plaintiff filed a Motion to Strike Birdwell's Answer and for Entry of
2 Default. Docket No. 139. The basis of that motion was Defendant Birdwell's failure to attend the
3 settlement conference. *Id*. Defendant Birdwell never responded to that motion. On November 6,
4 2012, the Court grated Plaintiff's motion, striking Defendant Birdwell's Answer and directing the
5 Clerk to enter default against him. Docket No. 146. Accordingly, the Court entered default against
6 Defendant Birdwell on November 7, 2012. Docket No. 148.

7    Trial commenced in this matter on June 11, 2013, and lasted two days. Docket Nos. 196-197.
8 The issue at trial was whether Defendant SMI had apparent authority to bind Plaintiff. *Id*. On July
9 10, 2013, the parties that participated in the trial submitted their post-trial briefs and proposed
10 findings of fact and conclusions of law. Docket Nos. 203-205. On November 27, 2013, the Court
11 ordered judgment to be entered in favor of Defendant Global Assents for its breach of contract claim
12 against Plaintiff. Docket No. 209. Additionally, the Court dismissed Defendant Global Assents'
13 remaining claims against Plaintiff, and Plaintiff's remaining claims against Defendant Global
14 Assents. *Id*. The following day, the Clerk entered judgment in accordance with the Court's Order.
15 Docket No. 210.

16    On October 21, 2013, prior to the Court entering judgment against Plaintiff, Defendant
17 Birdwell filed the instant motion seeking to set aside the default entered against him on November
18 7, 2012. Docket No. 206. According to Defendant Birdwell, prior to his prior counsel's withdrawal,
19 Defendant Travis assured him that Defendant SMI would provide a defense for him and pay any
20 judgment entered. *Id*. at 3. Even after his counsel withdrew, Defendant Birdwell asserts, that
21 Defendant Travis continued to assure him that any resolution of this case would include Defendant
22 Birdwell. *Id*. Nevertheless, according to Defendant Birdwell, Defendant Travis ultimately reached
23 a settlement with Plaintiff that did not include Defendant Birdwell.[3] Id. at 4. Defendant Birdwell
24 further asserts that he believed, based on a conversation with Plaintiff's counsel, that he would be
25 dismissed from the case. *Id*. Defendant Birdwell admits that he misinterpreted that conversation. *Id*.

---

[3] Nothing on the docket indicates that such a settlement was reached. Rather, Planitiff's asserted claims against Defendants SMI, Travis, Turner, and Birdwell, for which default has been entered are still outstanding. No motion for default judgment has ever been filed.

In the instant motion, Defendant Birdwell seeks to have the default against him set aside and to prevent "an unwarranted judgment" from being entered against him. *Id.*

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), a district court may set aside the entry of default upon a showing of good cause. Fed.R.Civ.P. 55(c). In determining whether to set aside a default, the Court considers the following factors: "(1) whether the plaintiff would be prejudiced by setting aside the default; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the default." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 2001). If any one of these three factors is present, the court may refuse to set aside the default. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F .3d 1085, 1091 (9th Cir. 2010). Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (*quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984)).

## III.  DISCUSSION

Defendant Birdwell seeks relief from default under Federal Rule of Civil Procedure 60(b)(1).[4] As discussed above, however, Federal Rule of Civil Procedure 55 defines the standard for setting aside default. Rule 60(b)(1) addresses relief from a "final judgment, order, or proceeding[]." Presently, there is currently no default judgment against Defendant Birdwell and, therefore, Rule 55 is the applicable standard.

### A.  Whether Plaintiff Would be Prejudiced by Setting Aside the Default

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). Rather, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* at 701 (*citing Thompson v. Am. Home Assur. Co.*, 95 F.3d 429 (6th Cir.1996); *see also Aristocrat Techs., Inc. v. High Impact Design &*

---

[4]In his Reply, Defendant Birdwell does not acknowledge that he brought his motion under the incorrect rule; however, he appears to abandon his Rule 60 arguments and, without citing any authority, including Rule 55, discusses good cause and whether he has a meritorious defense instead of his previous Rule 60 arguments. Docket No. 208.

- 4 -

1    *Entm't*, 642 F.Supp.2d 1228, 1233 (D.Nev. 2009) (*quoting Accu–Weather, Inc. v. Reuters Ltd.*, 779
2    F.Supp. 801, 802 (M.D.Pa.1991)) ("Prejudice exists if circumstances have changed since entry of
3    the default such that a plaintiff's ability to litigate its claim is not impaired in some material way or
4    if relevant evidence has become lost or unavailable.").

5          Here, Plaintiff argues that it would be prejudiced by setting aside the default because it would
6    have to duplicate the already-completed trial and "there are too many unknowns" relating to which
7    witnesses or parties would appear for a second trial. Docket No. 207, at 5. Further, Planitiff argues,
8    if Defendant Birdwell attempts to reopen discovery, the prejudice would be "even worse." *Id*.

9          Having considered the matter, the Court finds that Plaintiff will not be prejudiced by setting
10   aside the default. First, Plaintiff has not alleged, and the Court does not find, that there has been any
11   loss of evidence. Plaintiff's contention that certain witnesses may not participate is pure speculation
12   and not sufficient to establish a loss of evidence. Next, Defendant Birdwell has not indicated that he
13   will attempt to reopen discovery. If, however, Defendant Birdwell does attempt to reopen discovery,
14   he will carry the burden of showing both good cause and excusable neglect exist to reopen discovery.
15   *See* Local Rule 26-4. Good cause in the context of reopening discovery requires a showing of
16   diligence which, based on the facts presently before the Court, Birdwell will likely be unable to
17   show. *See Carrillo v. Las Vegas Metro. Police Dep't*, 2013 WL 4432395, at *2 (D. Nev. Aug. 14,
18   2013). Further, in evaluating excusable neglect, the Court considers four factors: (1) the danger of
19   prejudice to the opposing party; (2) the length of the delay and its potential impact on the
20   proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer
21   Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S. 380, 395 (1993). It appears that Defendant
22   Birdwell will be unable to satisfy at least 3 of these factors.

23         Finally, Plaintiff's ability to litigate this case will not be impaired. Although Plaintiff may
24   have to address the merits of Defendant Birdwell's defenses and continue litigating this case, "simply
25   delaying resolution of the case" is not sufficient to show prejudice. *See TCI Group,* 244 F.3d at 700.
26   Accordingly, the Court finds that Plaintiff will not be prejudiced by setting aside the default.
27   . . .
28   . . .

### B. Whether Defendant has a Meritorious Defense

"A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs.,* 642 F.Supp.2d at 1233. Here, Plaintiff argues that Defendant Birdwell does not have a meritorious defense because "Birdwell never had apparent authority to act for WMCV." Docket No. 207, at 6. Plaintiff relies on the arguments it presented at trial to support this assertion. *Id*. The Court, however, did not agree with Plaintiff on this issue. Docket No. 209, at 10. Specifically, in answering the parties' contested issues of fact, the Court made the following finding:

> "1. Whether SMI Defendants had apparent authority to execute the Global Accents Release on behalf of WMCV. **Yes.**"

Docket No. 209, at 10 (emphasis original).

Therefore, the Court has been decided that Defendant Birdwell, as an employee of Defendant SMI, did have apparent authority to act for Plaintiff. Therefore, Defendant Birdwell does have a meritorious defense to at least one of the claims against him.

### C. Whether Defendant's Culpable Conduct led to the Default

Finally, "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091 (*quoting* TCI Group, 244 F.3d at 697). "'[I]ntentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer" *Id*. "[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *Id*. Thus, mere carelessness, without a demonstration that other equitable factors, such as prejudice, is not sufficient to treat a negligent failure to reply as inexcusable. *Id*.

Here, it is evident that Defendant Birdwell's failure to answer the Motion for Default was due to mere carelessness. Defendant Birdwell did not attend the settlement conference, the act which led to default being entered against him, because he believed his interests were being protected by his former employer. Docket No. 208, at 9. Further, Defendant Birdwell's defense was originally handled by his former employer and therefore, he relied on his former employer's representation that

- 6 -

1  it would continue to handle his defense. Defendant Birdwell is involved in this case due to the
2  actions he took at the direction of his former employer and it is not unusual for employers to handle
3  their employees' defense in these circumstance. The Court finds no indication that Defendant
4  Birdwell's actions (or lack thereof) were intended to take advantage of Plaintiff, interfere with
5  judicial decision making, or otherwise manipulate the legal process. Further, the other equitable
6  factors do not weigh heavily in favor of denial of the motion to set aside. Accordingly, the Court
7  finds that Defendant Birdwell's conduct was not culpable.

## IV.     REMAINING CLAIMS

As mentioned throughout this Order, there appear to be a number of outstanding claims against Defendants SMI, Travis, Turner, and Birdwell. This is a four-year old case and these claims much reach a conclusion. Accordingly, the parties shall file a joint status report with the Court, no later than February 27, 2014, indicating the status of all remaining claims.

## V.      CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge that Defendant Richard Birdwell's Motion to Set Aside Default (Docket No. 206) be GRANTED.

IT IS HEREBY ORDERED that the parties shall file a joint status report with the Court no later than February 27, 2014, indicating the status of all remaining claims.

DATED this   12th   day of February, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived

1   due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142
2   (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2)
3   failure to properly address and brief the objectionable issues waives the right to appeal the District
4   Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951
5   F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.
6   1983).