1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5                                * * *

6    WMCV PHASE 3, LLC,                    )
                                           )
7                         Plaintiff(s),    )          2:10-cv-00661-GMN-NJK
                                           )
8    vs.                                   )
                                           )
9    SHUSHOK & MCCOY, INC., et al.,        )
                                           )     **REPORT & RECOMMENDATION**
10                                         )
                                           )
11                        Defendant(s).    )
     _____)

12

13          Before the Court is Defendant Global Accents, Inc.'s Motion for Attorneys' Fees and Costs

14   Pursuant to Rule 54(d) and LR 54-16; Amended Judgment for Award of Fees, Expenses, and Costs.

15   Docket No. 213.  The Court has considered Defendant's Motion, Plaintiff's Opposition, and

16   Defendant's Reply.  The Court finds this motion appropriately resolved without oral argument.  *See*

17   Local Rule 78-2.  For the reasons discussed below, the undersigned Magistrate Judge recommends

18   that the Court GRANT in part Defendant's motion and award attorneys' fees in the amount of

19   $32,769.98, plus interest, and costs in the amount of $1,100.

20   **I.       BACKGROUND**

21          **A.       General Background**

22          Plaintiff WMCV Plase 3 (Plaintiff) operates commercial space in Las Vegas, Nevada.

23   Defendant Shushok and McCoy, Inc. (SMI), performed collection agency work on behalf of Plaintiff.

24   Individual Defendants Matthew Travis and Matthew Turner were the owners of Defendant SMI and

25   Richard Birdwell is a former employee of Defendant SMI (collectively, including SMI, "SMI

26   Defendants").  Defendants Global Assents and Couture International, Inc. (Couture), are former

27   tenants of Plaintiff.

28   . . .

This litigation arose due to a dispute related to the leases between Plaintiff and Defendants Global Assents and Couture. Defendants Global Assents and Couture asserted the dispute was settled by SMI on behalf of Plaintiff.  Plaintiff, however, asserted that its relationship with SMI concluded before SMI reached settlements with Defendants Global Assents and Couture.  Accordingly, Plaintiff argued that the settlements were not enforceable.  Defendants Global Assents and Couture argued that the settlements were enforceable based upon theories of principal and agency.  Plaintiff brought the instant action against Defendants Global Assents, Couture, and the SMI Defendants.  Defendant Global Assents asserted several counterclaims against Plaintiff and crossclaims against the SMI Defendants.

### B.    Procedural Background

On June 11 and 12, 2013, the Court conducted a bench trial on the claims remaining between Plaintiff and Defendant Global Assents (Defendant).  Docket Nos. 196, 197.  Thereafter, on December 27, 2013, the Court issued an Order in favor of Defendant's counterclaim "for its breach of contract claims against [Plaintiff]" and found that Defendant was "entitled to an award of damages for reasonable attorney's fees, costs, and expenses as a result of [Plaintiff's] breach of contract." Docket No. 209, at 16.  A clerk's judgment in favor of Defendant was entered on December 30, 2013.  Docket No. 210.  On January 7, 2014, Defendant filed the instant motion for attorneys' fees and costs in the amount of (1) $70,585.72 or (2) $83,201.42.  Docket No. 213.  Plaintiff filed an opposition requesting that the request for fees be denied or drastically reduced.  Docket No. 220. On February 5, 2014, Plaintiff filed a notice of appeal as to the clerk's judgment.  Docket No. 221.

## II.    INITIAL MATTERS

### A.    Objection to District Judge's Findings of Fact

In the opening portions of Plaintiff's opposition, Plaintiff requests that the motion for fees be denied in its entirety.  Docket No. 220, at 2-3.  The basis for this request is that Plaintiff believes the Court was incorrect in awarding fees based on the terms and conditions of the contract at issue in this case.  *Id*.  Thus, Plaintiff essentially objects to the District Judge's findings of fact in its response. This objection, however, would be more appropriately raised in a separate motion and not merely as a side note in the briefing for the motion for fees.  Accordingly, because the District Judge

1   has unequivocally found that fees should be awarded in this case, the undersigned Magistrate Judge

2   will only address the proper amount of fees that should be awarded.   This report and

3   recommendation will not address Plaintiff's objections to the District Judge's findings of fact.

4          **B.**     **Amount of Attorneys' Fees Requested**

5         Defendant proposes two separate amounts of attorneys' fees for the Court to consider.

6   Docket No. 213, at 2, 49.  The first option Defendant presents is $49,510.80, which reflects the

7   invoiced amount of what was actually billed in this case.  *Id*., at 49.  The second option Defendant

8   presents is $68,252,50, which is based on a recalculation of fees at a rate of $230 per hour.  *Id*.

9   Plaintiff has not objected to the reasonableness of the hourly rate for the rates that were actually used.

10   Docket No. 220, at 8.  Plaintiff does object, however, to the use of the recalculation rate because, it

11   asserts, such a recalculation is not necessary when it is readily apparent which rates were actually

12   billed.  *Id*.  The Court agrees with Plaintiff.  There is no need to recalculate fees when the amount

13   billed is readily apparent.

14         In the Ninth Circuit, the starting point for determining reasonable fees is the calculation of

15   the "lodestar," which is obtained by multiplying the number of hours reasonably expended on

16   litigation by a reasonable hourly rate.  *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th

17   Cir. 1987).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party

18   reasonably expended on the litigation by a reasonable hourly rate."  *Camacho v. Bridgeport*

19   *Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotations and citation omitted).  In

20   calculating the lodestar, the court must determine a reasonable rate and a reasonable number of hours

21   for each attorney.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g*

22   *denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

23         Here, as discussed above, Plaintiff does not object to the hourly rate actually billed.  Having

24   reviewed and considered the matter, the Court finds the rate reasonable.  In regard to the number of

25   hours billed, Plaintiff only disputes whether Defendant can recover for claims it lost and,

26   additionally, asserts that Defendant was overzealous in pursuing its claims.  The Court, however,

27

28

1    finds no evidence of overzealousness.[1]  To the contrary, this is a four-year old case and Defendant

2    still has nine outstanding claims against the SMI Defendants.  As far as whether Defendant can

3    recover for claims on which it did not prevail, the Court will address that issue below.  The starting

4    point for the Court's calculations, however, will be the invoiced amount of $49,510.80.

5    **III.    DISCUSSION**

6         **A.    Legal Standard**

7         Pursuant to Federal Rule of Civil Procedure 54(d), a prevailing party may seek costs and fees.

8    Fed.R.Civ.P. 54(d)(1)-(2). A party seeking fees must: (i) file the motion no later than 14 days after

9    the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the

10   movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose,

11   if the court so orders, the terms of any agreement about fees for the services for which the claim is

12   made.  Fed.R.Civ.P. 54(d)(2).

13        Local Rule 54–16(b) further requires that the motion include the following components:

14             (1) A reasonable itemization and description of the work performed;

15             (2) An itemization of all costs sought to be charged as part of the fee award
               and not otherwise taxable pursuant to LR 54–1 through 54–15;

16

17             (3) A brief summary of the following:

18                  A. The results obtained and the amount involved;

19                  B. The time and labor required;

20                  C. The novelty and difficulty of the questions involved;

21                  D. The skill requisite to perform the legal service properly;

22                  E. The preclusion of other employment by the attorney due to
                    acceptance of the case;

23                  F. The customary fee;

24                  G. Whether the fee is fixed or contingent;

25                  H. The time limitations imposed by the client or the circumstances;

26                  I. The experience, reputation, and ability of the attorney(s);

27    ────────────────

28        [1]Further, Plaintiff has not cited to a single entry on Defendant's invoices that it believes to
      be improper.

1    J. The undesirability of the case, if any;

2    K. The nature and length of the professional relationship with the
     client;

3

4    L. Awards in similar cases; and,

     (4) Such other information as the Court may direct.

5

6    In addition, the motion for attorneys' fees and costs must be accompanied by an affidavit

7    from the attorney responsible for the billings in the case to authenticate the information contained

8    in the motion, and to prove that the fees and costs sought are reasonable.  LR 54–16(c).  A failure

9    to provide the documentation required by LR 54–16(b) and (c) in a motion for attorneys' fees

10   "constitutes a consent to the denial of the motion."  LR 54–16(d).

11   **B.    Analysis**

12   Defendant's motion for attorneys' fees was filed in a timely manner and meets the other

13   procedural requirements of Fed.R.Civ.P. 54(d)(2).[2]  Docket No. 213.  Further, Defendant provided

14   the information outlined in LR 54–16.  *Id.*

15   (1) <u>Reasonable itemization and description of the work performed.</u>

16   Defendant seeks a total of $49,510.80 in attorneys' fees and has provided the invoices of its

17   two law firms, Michael B. Lee P.C. and  Kravitz, Schnitzer, & Johnson, CHTD (KSJ), to show an

18   itemization of the work performed.  *See* Docket No. 213, at 5, 49.  Plaintiff objects to this

19   itemization on the grounds that the invoices do not account for time Defendant spent "(i) litigating

20   its crossclaims against the rogue collection agency Shushok & McCoy, (ii) addressing issues

21   involving a co-defendant, Couture International, and (iii) pursuing several claims against [Plaintiff]

22   that it never prevailed upon."  Docket No. 220, at 4.  Further, Plaintiff asserts that the Court awarded

23   fees pursuant to the release which states that an award of costs and fees are appropriate, "[i]f any suit

24   _____

25   [2]Nevada follows the American rule that attorneys' fees may not be awarded absent a statute,
     rule, or contract authorizing such award.  *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90 (2006).

26   Here, the Court has already determined that the Release Agreement provides for attorneys' fees.
     Docket No. 209, at 16.

27

28

is brought to enforce or interpret the terms of this Agreement or any obligation set out in this Agreement." Docket No. 220, at 5 (*citing* Docket No. 209, at 14).  Therefore, Plaintiff argues, the Court did not award attorneys' fees for Defendant's pursuit of claims it never prevailed on nor its attack on its co-defendant.  *Id*.  Accordingly, Plaintiff requests that the Court apportion fees according to the number of claims on which Defendant did prevail.  *Id*.  Specifically, Plaintiff asserts that Defendant only prevailed on one of its original fifteen claims and, therefore, the Court should only award one fifteenth of the attorneys' fees requested.  *Id*.

In reply, Defendant asserts that apportionment of fees is impractical.  Specifically, Defendant argues that the claim on which it prevailed was inextricably intertwined with the other claims in this case because: (i) discovery against its co-defendant Shushock & McCoy Inc. (SMI) related to its dispositive motions; (ii) billings related to its co-defendants SMI and Couture International Inc. (Couture) were limited; and (iii) Defendant prevailed on its ultimate theory.

When a prevailing party pursues similar claims, based on the same factual circumstances, against multiple defendants, "it is within the district court's discretion to determine whether apportionment is rendered impracticable by the interrelationship of the claims against the multiple defendants." *Mayfield v. Koroghli*, 124 Nev. 343, 353-54 (2008).  "The district court must, however, attempt to apportion the costs before determining that apportionment is impracticable." *Id*.  Further, when attempting to apportion costs, "the district court must make specific findings, either on the record during oral proceedings or in its order, with regard to the circumstances of the case before it that render apportionment impracticable." *Id*.

In deciding whether apportionment is mandated, the court focuses on the time expended by the prevailing party in pursuing each defendant, rather than on relative liability.  *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1075-76 (9th Cir. 2005) (*citing Corder v. Gates*, 947 F.2d 374, 382 (9th Cir. 1991)).  For example, if the conduct of one defendant was the focus of the litigation and required a larger portion of plaintiff's counsel's time, it is appropriate to allocate the burden of the fee award accordingly.  *Corder,* 947 F.2d at 382 (*citing Communications of California v. Pacific Telephone & Telegraph Co.*, 890 F.2d 184, 194 (9th Cir. 1989)).  Further, the Ninth Circuit has concluded that it is within the Court's discretion to apportion fees between successful claims and unsuccessful

1   claims. *El-Hakem,* 415 F.3d at 1075-76 (*citing Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d

2   895, 905 (9th Cir.1995) ("This approach is entirely consistent with the cases in which we have

3   applied *Hensley* to hold that a district court does not abuse its discretion when it resorts to a

4   mathematical formula, even a crude one, to reduce the fee award to account for limited success.")).

5   However, there is no need to apportion a fee award as to the respective claims when only a small

6   percentage of the total hours expended is attributable to only partially successful claims. *El-Hakem,*

7   415 F.3d at 1075-76.

8       Here, the Court finds that the award of fees can be apportioned; however, not in the manner

9   suggested by Plaintiff. First, Defendant concedes that 2.7 hours of its time was spent consulting with

10   Couture. Docket No. 224, at 7. Defendant explains, however, that this time was spent discussing

11   "a unified defense against Plaintiff's claims." *Id.* Because Defendant was partially successful on

12   its claims against Plaintiff, and fully successful on its defenses against Plaintiff, the Court finds that

13   there is no need to apportion this minimal amount of time. The time was spent preparing a defense

14   against Plaintiff's unsuccessful claims and, therefore, the award of fees should include this time.

15       Next, with regard to billings related to the SMI Defendants, Defendant's attorney Michael

16   B. Lee represents that he did not bill any tasks related to SMI. Indeed, the SMI Defendants were

17   either in bankruptcy or default by the time this case was assigned to Mr. Lee. Therefore, the Court

18   concludes that all of Mr. Lee's firm's billing involved defending against and pursuing claims against

19   Plaintiff.

20       The invoices for KSJ, as well as the docket, however, clearly indicate that the focus of the

21   litigation was equally on Plaintiff and the SMI Defendants up to and until approximately April 2011,

22   when the SMI Defendants' former counsel's motion to withdraw as counsel was granted. Docket

23   No. 59; Docket No. 213, at 48-83. Before the SMI Defendants' counsel withdrew, it appears that

24   Defendant spent an equal amount of time pursuing the SMI Defendants and Plaintiff. After the

25   motion to withdraw, Defendant's focus shifted almost entirely to Plaintiff. Therefore, it is

26   appropriate to allocate the burden of the fee award accordingly. *Corder,* 947 F.2d at 382; *El-Hakem*

27   *v. BJY Inc.*, 415 F.3d 1068.

28   . . . .

1     From the onset of this case until April 25, 2011, when the SMI Defendants' counsel

2  withdrew, KSJ billed $11,635.00.  Docket No. 213, at 51-78.  Half of that billing, $5,817.50, can be

3  attributed to pursuing claims against the SMI Defendants and should not be included in the instant

4  fee award.  Therefore, at this point in the calculation, of the $49,510.80 in attorneys fees' requested

5  by Defendant, $43,693.30 remains ($49,510.80 - $5,817.50 = $43,693.30).

6     Next, Plaintiff correctly asserts that Defendant only prevailed on one of its claims; however,

7  Defendant was also successful in defending against all three of Plaintiff's claims at trial.[3]  Further,

8  Defendant defended against Plaintiff's two additional claims for fraud and civil conspiracy up to and

9  until Plaintiff abandoned those claims in its trial brief.  *See* Docket No. 157, at 4.  Accordingly, the

10  award of fees should account for the five claims against which Defendant successfully defended, as

11  well as the one counterclaim on which Defendant prevailed.

12     In regard to Defendant's breach of covenant of good faith and fair dealing claim, on which

13  it was not successful, the Court finds that it is was not so intertwined with the breach of contract

14  claim as to make apportionment impractical.  In order to prevail on its breach of contract claim,

15  Defendant had to show that it subjectively believed that SMI had authority to act for Plaintiff by

16  entering into an agreement on Plaintiff's behalf.  Docket No. 209, at 9.  In contrast, the breach of

17  implied covenant of good faith and fair dealing claim required a showing that Plaintiff deliberately

18  countervened the intention or spirit of the contract (under contract theory) or that there was a special

19  relationship between Plaintiff and Defendant (under tort theory).  *Id*., at 8.  Thus, the required

20  showings for the two claims Defendant took to trial are dissimilar enough to justify reducing the fee

21  award to account for Defendant's unsuccessful breach of covenant claim.  Similarly, Plaintiff

22  dismissed its claim for deceptive trade practices in its proposed findings of facts submitted after the

23  trial. Docket No. 202, at 11.  Thus, it was unsuccessful on this claim and the award of fees should

24  be reduced accordingly.

25  . . . .

26

27  _____

       [3]Specifically, the Court ruled in favor of Defendant on the parties' opposing claims for breach
28  of contract, and it dismissed Plaintiff's claims against Defendant for breach of covenant of good faith
    and fair dealing, and unjust enrichment.  Docket No. 209, at 7.

1    Therefore, of the eight claims that originally existed between Plaintiff and Defendant,

2    Defendant was successful on five.  The Court, in its discretion, finds that awarding a pro-rated

3    amount of fees for the successful claims is appropriate.  *See El-Hakem,* 415 F.3d at 1075-76.  In this

4    case, that totals $32,769.98 (6/8 x $43,693.30 attorneys' fees remaining after reduction for portion

5    of litigation focused on SMI Defendants).

6        (2)  An itemization of all costs sought to be charged as part of the fee award and not
         otherwise taxable pursuant to LR 54–1 through 54–15.

7

8        In its original motion, Defendant did not provide an itemization of the costs in this matter,

9    but instead spoke of an arrangement whereby costs would be assessed to Plaintiff at the rate of $50

10   per month. Docket No.213, at 5; Exhibit B.  Plaintiff objected to Defendant's costs on the grounds

11   that Defendant did not provide the proper documentation.  Docket No. 220, at 6.  In its reply,

12   Plaintiff indicated that it would provide a proper bill of costs, but that it required more time to do

13   so. Docket No. 224, at 8.  Nineteen days later, on February 26, 2014, Defendant filed a bill of costs.

14   Docket No. 228.  Plaintiff objected on the grounds that it was untimely. Docket No. 234.

15       Fed.R.Civ.Pro. 54 contains no time limit for when a bill of costs must be filed after the entry

16   of the judgment.  However, Local Rule 54-1(a) provides that the prevailing party shall serve and file

17   a bill of costs and disbursements on the form provided by the clerk no later than 14 days after the

18   date of entry of the judgment or decree.  LR 54-1.  When a bill of costs is untimely, the prevailing

19   party is not entitled to recover costs unless there is a showing of excusable neglect.  *See Holmes v.*

20   *Merck & Co., Inc.*, 2008 WL 4791042 (D. Nev. Oct. 29, 2008).  Here, Defendant's bill of costs was

21   filed 58 days after the entry of judgment and, therefore, was untimely.  *See* Docket No. 228.

22   Defendant has not shown excusable neglect.  Accordingly, Defendant is not entitled to recover the

23   costs listed in its bill of costs.  Docket No. 228.

24       Despite Defendant's failure to provide its bill of costs in a timely manner, Defendant did

25   present the Declaration of Parham Partielli, the manager of Global Accents, in its original motion

26   for attorneys' fees and costs.  Docket No. 213, at 85.  In this Declaration, Mr. Partielli declared that

27   Global Accents incurred the following costs in litigating the instant case: $600 for travel (consisting

28   of six separate flights); $150 for rental/transportation; and $360 for hotel bills - for a total of $1,100.

1  The Court finds that this Declaration contains a proper itemization of costs, and that the costs are

2  reasonable.  Therefore, the Court awards Defendant $1,110 in costs.

3       (3) <u>Factors outlined in LR 54–16(b)(3)</u>

4       Defendant's motion contained the 12 factors outlined in LR 54–16(b)(3) and Plaintiff

5  addressed each factor in its response.  Docket Nos. 213, 220.  Ultimately, however, as discussed

6  above, Plaintiff does not dispute the reasonableness of the hourly rate invoiced in this action.  *See*

7  Docket No. 220, at 8.  Plaintiff does dispute whether Defendant can recover for claims it lost and,

8  additionally, asserts that Defendant was overzealous in pursuing its claims.  As discussed above,

9  however, the Court found no evidence of overzealousness and, further, the Court has already reduced

10  the amount of fees in part based on the success of claims.

11       Having reviewed the parties' perspectives on the 12 factors outlined in LR 54–16(b)(3), as

12  well as the arguments therein, and the invoices of Michael Lee and KSJ, the Court finds no need to

13  adjust the award for fees up or down.  The Court finds that the amount of hours expended and the

14  billable rates used are reasonable.  Thus, Defendant is entitled to the requested attorneys' fees in the

15  amount of $32,769.98.

16       (4) <u>Interest</u>

17       Defendant requests reimbursement for the interest on the monies it had to pay in fees in this

18  case at the rate of 5.25%.  Docket No. 213, at 8.  Plaintiff has not objected to the request for interest

19  and agrees that interest should be calculated at the rate of 5.25%.  Docket No. 220, at 10.

20       Pursuant to N.R.S. 17.130, "[w]hen no rate of interest is provided by contract or otherwise

21  by law, or specified in the judgment, the judgment draws interest from the time of service of the

22  summons and complaint until satisfied."  Here, the contract does not specify the rate of interest and

23  therefore, 5.25% is the rate that shall apply.  *See* N.R.S. 17.130(2).  The interest shall be calculated

24  from the date that the summons and complaint were served on Defendant.

25  **V.**     **CONCLUSION**

26       Based on the foregoing, and good cause appearing therefore,

27       IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge that

28  Defendant Global Accents, Inc.'s Motion for Attorneys' Fees and Costs Pursuant to Rule 54(d) and

1   LR 54-16; Amended Judgment for Award of Fees, Expenses, and Costs. (Docket No. 213) be

2   GRANTED in accordance with this Report and Recommendation.

3        IT IS THE FURTHER RECOMMENDATION of the undersigned United States Magistrate

4   Judge that Plaintiff pay Defendant attorneys' fees in the amount of $32,769.98 plus 5.25% interest

5   from the time of service of the summons and complaint, and costs in the amount of $1,100.

6        DATED: March 19, 2014.

7

8

9

10                    NANCY J. KOPPE
                      United States Magistrate Judge

11

12                    **NOTICE**

13       Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**

14  **be in writing and filed with the Clerk of the Court within 14 days of service of this document.**

15  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived

16  due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142

17  (1985). This circuit has also held that (1) failure to file objections within the specified time and (2)

18  failure to properly address and brief the objectionable issues waives the right to appeal the District

19  Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951

20  F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.

21  1983).

22

23

24

25

26

27

28