UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WMCV Phase 3, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:10-cv-00661-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| Shushok & McCoy, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is WMCV Phase 3, LLC ("WMCV")'s Motion to Extend Time to File Appeal (ECF No. 225), to which Global Accents, Inc. ("Global Accents"), has filed an opposition (ECF No. 230), and WMCV has filed a Reply (ECF No. 236).

**I.    BACKGROUND**

On December 27, 2013, the Court entered its Order of judgment after the bench trial between WMCV and Global. (ECF No. 209.) Three days later, on December 30, 2013, the Clerk of the Court entered Judgment accordingly. (ECF No. 210.)

On February 5, 2014, WMCV filed its Notice of Appeal (ECF No. 221). On February 13, 2014, WMCV filed the instant Motion to Extend Time to File Appeal (ECF No. 225) after the Ninth Circuit appellate panel indicated that the time to file an appeal had elapsed. Specifically, the Ninth Circuit panel stated:

> A review of the record suggests that this court may lack jurisdiction over the appeal because the notice of appeal was not filed within 30 days after the district court's judgment entered on December 30, 2013. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). Within 21 days after the date of this order, appellant shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. If appellant elects to show cause, a response may be filed within 10 days after service of the memorandum. If appellant does not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42-1. Briefing is suspended pending further order of the court.

*WMCV Phase 3, LLC v. Global Accents, Inc.*, No. 14-15223 (Ninth Cir. Feb. 12, 2014).  On May 12, 2014, the Ninth Circuit panel dismissed the appeal for lack of jurisdiction. *WMCV Phase 3, LLC v. Global Accents, Inc.*, No. 14-15223 (Ninth Cir. May 12, 2014).

## II.   LEGAL STANDARD

The Federal Rules of Appellate Procedure generally require that a notice of appeal be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  Certain types of motions may toll the deadline to file an appeal, as described in Rule 4(a)(4), "Effect of a Motion on a Notice of Appeal":

> (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>   (i) for judgment under Rule 50(b);
>   (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
>   (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>   (iv) to alter or amend the judgment under Rule 59;
>   (v) for a new trial under Rule 59; or
>   (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.
> (B)
>   (i) If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.
>   (ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal--in compliance with Rule 3(c)--within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.
>   (iii) No additional fee is required to file an amended notice.

Fed. R. App. P. 4(a)(4).  Also, a "district court may extend the time to file a notice of appeal if: (a) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time

prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

### III. DISCUSSION

Here, WMCV did not file its notice of appeal or move for an extension within 30 days after entry of the Judgment entered on December 30, 2013 (ECF No. 210), from which WMCV appeals. This alone precludes WMCV from the relief it requests. However, even if its motion were timely, the Court finds no excusable neglect or good cause for WMCV's failure to comply with timeliness requirements. WMCV's error appears to be simple neglect of the plain procedural rules.

Furthermore, although WMCV argues that its deadline to appeal is tolled by Global Accents' Rule 54 motion for attorney's fees (ECF No. 213), the Court did not extend the time to appeal under Rule 58, which provides:

> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4 (a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58(e). Indeed, the Court did not act so as to extend the time for appeal, and no party requested that the Court act to do so before the notice of appeal was filed. Accordingly, the Court finds no grounds to do so now. Therefore, finding no support for WMCV's request to extend the time for appeal, the Court cannot grant the motion.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Extend Time to File Appeal (ECF No. 225) is **DENIED**. The hearing set for June 4, 2014, is **VACATED**.

**DATED** this 14th day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court