1
2
3
4
5
6                       UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                  * * *

9    WMCV PHASE 3, LLC,                    )
                                           )
10                          Plaintiff,     )        2:10-cv-00661-GMN-NJK
                                           )
11   vs.                                   )
                                           )
12   SHUSHOK & MCCOY, INC., , et al.,      )   **REPORT & RECOMMENDATION**
                                           )
13                                         )
                          Defendants.      )
14                                         )
     _____)
15

16        Before the Court is Defendant Global Accents, Inc.'s Motion for Attorneys' Fees and

17   Costs for Appeal.  Docket No. 255.  The Court has considered Defendant's Motion and

18   Plaintiff's Response.  Docket Nos. 255, 262.  Defendant did not file a Reply.  *See* Docket.  The

19   Court finds that this motion is properly resolved without oral argument.  *See* Local Rule 78-2.

20   For the reasons discussed below, the undersigned Magistrate Judge recommends that the Court

21   DENY Defendant's motion for attorneys' fees.

22   **I.    BACKGROUND**

23        **A.    General Background**

24        Plaintiff WMCV Plase 3 (Plaintiff) operates commercial space in Las Vegas, Nevada.

25   Defendant Shushok and McCoy, Inc. (SMI), performed collection agency work on behalf of

26   Plaintiff.  Individual Defendants Matthew Travis and Matthew Turner were the owners of

27   Defendant SMI and Richard Birdwell is a former employee of Defendant SMI (collectively,

28   including SMI, "SMI Defendants").  Defendants Global Accents and Couture International, Inc.

  
(Couture), are former tenants of Plaintiff.

This litigation arose due to a dispute related to the leases between Plaintiff and Defendants Global Accents and Couture. Defendants Global Accents and Couture asserted the dispute was settled by SMI on behalf of Plaintiff. Plaintiff, however, asserted that its relationship with SMI concluded before SMI reached settlements with Defendants Global Accents and Couture. Accordingly, Plaintiff argued that the settlements were not enforceable. Defendants Global Accents and Couture argued that the settlements were enforceable based upon theories of principal and agency. Plaintiff brought the instant action against Defendants Global Accents, Couture, and the SMI Defendants. Defendant Global Accents asserted several counterclaims against Plaintiff and crossclaims against the SMI Defendants.

**B.      Procedural Background**

On June 11 and 12, 2013, the Court conducted a bench trial on the claims remaining between Plaintiff and Defendant Global Accents (Defendant). Docket Nos. 196, 197. Thereafter, on December 27, 2013, the Court issued an Order in favor of Defendant's counterclaim "for its breach of contract claims against [Plaintiff]" and found that Defendant was "entitled to an award of damages for reasonable attorney's fees, costs, and expenses as a result of [Plaintiff's] breach of contract." Docket No. 209, at 16. A clerk's judgment in favor of Defendant was entered on December 30, 2013. Docket No. 210. Following this Order, Docket No. 209, and Judgment, Docket No. 210, this Court awarded Defendant attorneys' fees and costs in the amount of $32,769.98, plus interest, and costs in the amount of $1,100. Docket No. 269.

On February 5, 2014, Plaintiff filed a notice of appeal to the Ninth Circuit from the December 27, 2013, Order rendered in favor of Defendant and against Plaintiff. Docket Nos. 209, 221. On February 13, 2014, Plaintiff filed a Motion to Extend Time to File Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(5). Docket No. 225. On February 28, 2014, Defendant filed its opposition to the motion to extend time and, on March 10, 2014, Plaintiff filed its reply. Docket Nos. 230, 236.

On May 12, 2014, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. Docket No. 250. On May 14, 2014, Plaintiff's Motion to Extend Time to Appeal

1  was denied.  Docket No. 251.

2  **II.    DISCUSSION**

3         On May 23, 2014, Defendant filed a motion for attorneys' fees with the Ninth Circuit

4  pursuant to Ninth Circuit Rule 39-1.6.  Docket No. 255, at 11-15.  On May 28, 2014, Defendant

5  filed this instant motion for attorneys' fees and costs in the amount of $4,907.50.  *Id.*, at 1-7.  The

6  instant motion is based on the earlier motion filed with the Ninth Circuit pursuant to Ninth

7  Circuit Rule 39-1.6 and "a preservation of the rights for fees if the Ninth Circuit finds it lacks

8  jurisdiction to grant the Fee Motion." *Id.*, at 1, 11-15.  Defendant represents that it is entitled to

9  attorneys' fees, pursuant to Fed.R.Civ.P. 54(d) and LR 54-16, as a prevailing party on the

10  Appeal. *Id.*, at 3-5.  On August 11, 2014, the Ninth Circuit Court of Appeals denied Defendant's

11  motion for attorneys' fees.  Docket No. 271.

12         In response, Plaintiff requests that the motion for fees be denied or, in the alternative,

13  drastically reduced.  Docket No. 262.  Plaintiff contends that Defendant is not a prevailing party

14  on a significant issue because it did not meet the criteria to qualify as a prevailing party for the

15  purpose of awarding attorneys' fees. *Id.*, at 4.

16         Defendant failed to file a reply and, accordingly, Plaintiff's "arguments and evidence are

17  essentially uncontested.  The Court therefore interprets [Defendant's] failure to file a reply brief

18  as consent" that Plaintiff's argument is correct. *Garcia v. Dawahare*, 2006 WL 2583745, *2

19  (D.Nev. 2006) (Dawson, J.). *See also United States v. McEnry*, 659 F.3d 893, 902 (9th Cir.

20  2011) (where an argument is available but not raised, it is waived); *Hansen v. Long*, 2014 WL

21  3435871, *14 (C.D. Cal. Jan. 28, 2014) (failure to address argument in reply is a concession that

22  the argument is correct), *adopted* 2014 WL 3436156 (C.D. Cal. July 10, 2014).  Therefore, the

23  Court cannot find that Defendant is a prevailing party.  As such, Defendant is not entitled to

24  attorneys' fees pursuant to Fed.R.Civ.P. 54(d) and LR 54-16.  Further, the Ninth Circuit Court of

25  Appeals denied Defendant's motion for attorneys' fees on August 11, 2014, so there are no rights

26  to preserve pursuant to the motion for attorneys' fees and costs filed with the Ninth Circuit.

27  Docket No. 271.

28  / / /

**III.**      **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY THE RECOMMENDATION of the undersigned United States

Magistrate Judge that Defendant Global Accents, Inc.'s Motion for Attorneys' Fees and Costs for

Appeal (Docket No. 255) is DENIED.

DATED: August 19, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must
be in writing and filed with the Clerk of the Court within 14 days of service of this document.**
The Supreme Court has held that the courts of appeal may determine that an appeal has been waived
due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142
(1985). This circuit has also held that (1) failure to file objections within the specified time and (2)
failure to properly address and brief the objectionable issues waives the right to appeal the District
Court's
order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d
1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).