## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WMCV Phase 3, LLC ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-0661-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| Shushok & McCoy, Inc., et. Al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are the Reports and Recommendations ("R&Rs") of United States Magistrate Judge Nancy Koppe, (ECF Nos. 272, 273), which state that Defendant Global Accents, Inc.'s Motions for Attorney's Fees, (ECF Nos. 254, 255), should be denied. For the reasons stated herein, the Court declines to adopt the R&Rs and will grant Defendant Global Accent Inc.'s Motions.

**I.     Background**

This case centers upon a dispute regarding lease agreements between Plaintiff WMCV Phase 3, LLC ("WMCV") and Defendants Global Accents, Inc. ("Global") and Couture International, Inc. On June 11 and 12, 2013, the Court conducted a bench trial which resulted in a judgment in favor of Global as to its breach of contract claim against WMCV and a finding that Global was entitled to reasonable attorney's fees. (Order 16:19-22, ECF No. 209).

Subsequently, Global filed a Motion for Attorney's Fees ("First Motion"), (ECF No. 213), in which it detailed its litigation costs through the end of trial. The Court granted this Motion and awarded Global $32,769.98 in attorney's fees. (ECF No. 269).

On February 5, 2014, WMCV filed an untimely notice of appeal regarding the judgment against it. (ECF No. 221). On February 13, 2014, WMCV filed a Motion to Extend Time to

1  Appeal, (ECF No. 225), to which Global responded on February 28, 2014, (ECF No. 230).  On
2  May 12, 2014, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (ECF No. 250).
3  On May 14, 2014, the Court denied WMCV's Motion to Extend Time. (ECF No. 251).

4  　　　On May 27, 2014, Global filed its Second Motion for Attorneys' Fees ("Second
5  Motion"), (ECF No. 254), in which it sought to recover the fees incurred in opposing the
6  Motion to Extend Time to Appeal.  On May 28, 2014, Global filed its Third Motion for
7  Attorneys' Fees ("Third Motion"), (ECF No. 255), seeking to recover fees incurred in opposing
8  the appeal before the Ninth Circuit.  On June 13, 2014, WMCV filed Responses to these
9  Motions. (ECF Nos. 261, 262).  Though Global had until June 23, 2014, to file replies, it
10 declined to do so.

11 　　　On August 18, 2014, the instant R&Rs were entered, (ECF Nos. 272 & 273), stating that
12 the Second and Third Motions should be denied on the grounds that Global failed to reply to
13 WMCV's Responses. *Id.*  Global filed timely Objections on September 4, 2014, (ECF Nos.
14 280, 281), arguing that its failure to file replies did not warrant denial of the motions.

15 **II.    Legal Standards**

16 　　　**A.    Report and Recommendation**

17 　　　A party may file specific written objections to the findings and recommendations of a
18 United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);
19 D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo
20 determination of those portions to which objections are made. *Id.*  The Court may accept, reject,
21 or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.
22 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

23 　　　**B.    Attorney's Fees**

24 　　　Calculation of reasonable attorney's fees is a two-step process.  First, the Court
25 computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate

by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted).  Then, the Court decides whether to increase or reduce the lodestar amount based upon factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which are consistent with Local Rule 54-16.

Local Rule 54-16 provides that when a party is entitled to move for attorney's fees, the motion must include a reasonable itemization and description of the work performed, an itemization of all costs sought to be charged as part of the fee award and not otherwise taxable, and a brief summary of twelve factors:

(1) the results obtained and the amount involved;

(2) the time and labor required;

(3) the novelty and difficulty of the questions involved;

(4) the skill requisite to perform the legal service properly;

(5) the preclusion of other employment by the attorney due to acceptance of the case;

(6) the customary fee;

(7) whether the fee is fixed or contingent;

(8) the time limitations imposed by the client or the circumstances;

(9) the experience, reputation, and ability of the attorney(s);

(10) the undesirability of the case, if any;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

D. Nev. R. 54-16(b).  Failure to provide the information required by Local Rule 54-16(b) constitutes consent to the denial of the motion. D. Nev. R. 54-16(d).

**III.   Analysis**

The R&Rs state that the instant Motions should be denied purely because Global did not file replies. (3:11-19, ECF No. 272; 3:18-27, ECF No. 273).  In support of this conclusion, the

R&Rs cite to *Garcia v. Dawahare*, No. 2:06-cv-0695-KJD-LRL, 2006 WL 2583745 (D. Nev. Sept. 6, 2006).  In *Garcia*, the court denied a motion to remand after the plaintiff failed to file a reply. *Garcia*, 2006 WL 2583745 at *2.  The *Garcia* court observed that the lack of a reply brief left the defendant's evidence pertaining to the amount in controversy "essentially uncontested," and found that remand would therefore be inappropriate. *See id.*  The reliance on *Garcia* in the R&Rs is misplaced, as the *Garcia* court did not state that the lack of a reply brief could, itself, serve as a sufficient basis to deny a motion, but instead merely indicated that the fact the plaintiff had declined to file a reply lent greater credibility to the defendant's arguments in that particular case. *See id* ("[The plaintiff's] offers clearly show that the plaintiff is seeking more than $75,000. . . . By failing to fil[e] a reply brief, [defendant's] arguments and evidence are essentially uncontested.").  Therefore, the Court finds that *Garcia* does not stand for the proposition that a party's failure to file a reply brief constitutes an independent basis to deny its motion.

Indeed, reading the Local Rules in accordance with the doctrine of *expressio unius est exclusio alterius* leads to the conclusion that the absence of a reply brief is not a sufficient basis to deny a motion.  Local Rule 7-2(d) provides that a party's failure "to file points and authorities in support of the motion shall constitute a consent to the denial of the motion," and similarly that a party's failure to file a response in opposition "shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  This rule, however, contains no provision regarding a party's failure to file a reply brief.  This conspicuous omission raises an inference that the failure to file a reply brief is not subject to the same harsh penalty as failing to properly support a motion or file an adequate response. *See, e.g.*, *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (Noting the presumption that "when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.").

When directly presented with this question, other district courts have concluded that a party's failure to reply is not an adequate basis to deny a motion. *See, e.g.*, *Doe v. Siddig*, 810 F. Supp. 2d 127, 134 (D.D.C. 2011) (granting a motion to dismiss in part after defendant failed to file a reply); *Clemons v. Williams*, No. 2:11-cv-1442-PMP, 2012 WL 6720619, at *1 (D. Nev. Dec. 26, 2012) ("While the failure to file an opposition to a motion shall constitute a consent to the granting of that motion . . ., the failure to file a reply does not so operate"); *Longfellow v. Frink*, No. 12-cv-67-SEH-RKS, 2012 WL 6853508, at *2 (D. Mont. Nov. 29, 2012) *report and recommendation adopted*, 2013 WL 150726 (D. Mont. Jan. 14, 2013) (holding that the "[f]iling of a reply brief is optional, not mandatory"); *Conwright v. City of Oakland*, No. 09-cv-2572-TEH, 2012 WL 1945494, at *1 (N.D. Cal. May 30, 2012) (considering the merits of a motion after the plaintiff failed to file a reply); *Bartholomew v. Sisto*, No. 09-cv-0882-JAM-CMK, 2012 WL 691708, at *1 n.1 (E.D. Cal. Mar. 2, 2012) *report and recommendation adopted*, (June 12, 2012), 2012 WL 1413959 (E.D. Cal. Apr. 20, 2012) ("A reply brief is an optional pleading, and a failure to file a reply brief does not constitute grounds for denying the motion or entering judgment for the plaintiff"); *Davis v. Gonzalez*, No. 11-cv-9981-CBM, 2014 WL 658084, at *1 n.2 (C.D. Cal. Feb. 12, 2014) ("[W]hile defendants had the opportunity to file a reply, they were under no obligation to do so.").

Accordingly, because the local rules indicate that a party's failure to file a reply does not warrant denial of a motion, and in light of the persuasive decisions by other district courts, the Court will decline to follow the reasoning of the R&Rs.

Looking to the merits of the instant Motions, the Court finds that Global has sufficiently demonstrated that it is entitled to the requested attorney's fees. The Court has already determined that Global is a prevailing party in this action, and that it is entitled to an award of its reasonable attorney's fees. (Order 16:19-22, ECF No. 209). Additionally, the Motions address the factors set forth in Local Rule 54-16(b), and Global has attached billing and time

summaries for the work of its attorney on this case. These summaries indicate that Global's attorney, Michael B. Lee, spent 18.3 hours working on its opposition to WMCV's Motion to Extend Time to Appeal, (Ex. A-1 to Motion at 12-17, ECF No. 254), and 15.1 hours litigating the appeal in the Ninth Circuit, (Ex. A-1 to Second Motion at 21-25, ECF No. 255).[1]

The Court finds that Mr. Lee's hourly rates are reasonable and consistent with his experience and with the rates in the local legal market, and that Mr. Lee expended a reasonable amount of time on these tasks. An hourly fee ranging from $200-$325 per hour is reasonable for attorneys in the Las Vegas legal market. *See, e.g.*, *Crew-Jones v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-cv-00203-GMN, 2012 WL 1947967, at *2 (D. Nev. May 30, 2012). Mr. Lee has seven years of litigation experience and has practiced before the Ninth Circuit, the United States Supreme Court, and the Nevada Supreme Court. Furthermore, WMCV does not argue that the hourly rates were not reasonable in light of Mr. Lee's reputation, skill, and experience.

Here, WMCV's Motion to Extend Time to File Appeal was not a straightforward or common motion. It required analysis of uncommon procedural questions regarding the timing of an appeal. Similarly, litigating the appeal before the Ninth Circuit required detailed analysis and explanation of the Ninth Circuit's jurisdiction. Therefore, it was reasonable for Mr. Lee to spend over thirty-three hours on these matters to ensure he understood the nuanced doctrines as they applied to this case. Accordingly, the Court finds that reasonable attorney's fees in this case total $8,567.50, representing the sum of the fees accrued for work in this Court (18.3 hrs x $200 = $3660), and those accrued in opposing WMCV's failed appeal (15.1 hrs x $325 = $4907.50).

Accordingly,

**IT IS HEREBY ORDERED** that the Court declines to adopt the pending R&Rs, (ECF

---

[1] Global included one page of the billing and time summary as part of both invoices. (Ex A-1 to First Motion at 16, ECF No 254; Ex. A-1 to Second Motion at 24, ECF No. 255). In order to avoid double-compensating Global for these charges, the Court considers this page only in relation to the Second Motion for Attorneys' Fees.

Nos. 272, 273).

**IT IS FURTHER ORDERED** that Defendant Global Accents, Inc.'s Motions for Attorney's Fees, (ECF Nos. 254, 255), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff WMCV Phase 3, LLC shall pay Defendant Global Accents Inc.'s the sum total of $8,567.50.

**DATED** this 16th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court