**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WMCV Phase 3, LLC, | ) |
|              Plaintiff, | ) Case No.: 2:10-cv-0661-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| Shushok & McCoy, Inc.; *et al.*, | ) |
|              Defendants. | ) |

Pending before the Court is the Motion for Reconsideration, (ECF No. 309), filed by Plaintiff WMCV Phase 3, LLC ("WMCV"). Defendant Global Accents, Inc. ("Global Accents") filed a Response, (ECF No. 310), to which WMCV replied, (ECF No. 311).

**I.    BACKGROUND**

This case has a long procedural history in this Court, but for the purposes of this Order the Court will address only the details and allegations relevant to the instant Motion. This case centers upon a dispute regarding lease agreements between Plaintiff WMCV Phase 3, LLC and Defendants Global Accents and Couture International, Inc. On June 11 and 12, 2013, the Court conducted a bench trial which resulted in a judgment in favor of Global Accents as to its breach of contract claim against WMCV and a finding that Global was entitled to reasonable attorneys' fees. (Order 16:19-22, ECF No. 209).

Subsequently, Global Accents filed a Motion for Attorneys' Fees ("First Motion"), (ECF No. 213), in which it detailed its litigation costs through the end of trial. The Court granted this Motion and awarded Global Accents $32,769.98 in attorneys' fees. (ECF No. 269).

On February 5, 2014, WMCV filed an untimely notice of appeal regarding the judgment against it. (ECF No. 221). On February 13, 2014, WMCV filed a Motion to Extend Time to Appeal, (ECF No. 225), to which Global Accents responded on February 28, 2014, (ECF No.

230). On May 12, 2014, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (ECF No. 250). On May 14, 2014, the Court denied WMCV's Motion to Extend Time. (ECF No. 251).

On May 27, 2014, Global Accents filed its Second Motion for Attorneys' Fees ("Second Motion"), (ECF No. 254), in which it sought to recover the fees incurred in opposing the Motion to Extend Time. On May 28, 2014, Global Accents filed its Third Motion for Attorneys' Fees ("Third Motion"), (ECF No. 255), seeking to recover the fees incurred in opposing the appeal before the Ninth Circuit. On December 16, 2014, the Court granted both Motions and ordered that WMCV pay Global Accents $8,567.50 in attorneys' fees. (ECF No. 307).

In the instant Motion, WMCV requests reconsideration of the Order granting the Second and Third Motions for Attorneys' Fees.

## II.   DISCUSSION

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court previously ruled that an award of attorneys' fees was warranted pursuant to the Global Accents Release Agreement, which "provides for an award of attorneys' fees, costs, and expenses to the prevailing party 'if any suit is brought to enforce or interpret the terms of [the] Agreement or any obligation set out in [the] Agreement.'" (Order 16:12-14, ECF No. 209) (quoting Global Accents Release, Trial Ex. 26). In the instant Motion, WMCV argues that the award was issued in error because underlying decisions did not render Global Accents to be a

"prevailing party." (Motion 6:3-9, ECF No. 309).

As all of the parties' claims in this case arose under state law, the Court looks to the substantive law of Nevada in determining whether the award of attorneys' fees was warranted. *Ackerman v. W. Elec. Co.*, 643 F. Supp. 836, 857 (N.D. Cal. 1986) *aff'd*, 860 F.2d 1514 (9th Cir. 1988).  In support of its contention that Global Accents was not a prevailing party, WMCV cites *Valley Electric Association v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005).  In *Overfield*, the Nevada Supreme Court held that an award of attorneys' fees may be warranted under Section 18.010 of the Nevada Revised Statutes in condemnation actions.  This holding is wholly irrelevant, as the instant case involves neither a condemnation nor a question involving Section 18.010.[1]

Looking to applicable precedent, it is clear that Global Accents was correctly awarded attorneys' fees following the untimely appeal and the denial of WMCV's Motion to Extend Time.  In *Musso v. Binick*, the Nevada Supreme Court unequivocally held that a respondent was entitled to attorneys' fees, pursuant to a contractual provision, for costs incurred in defending an appeal and filing post-appeal motions. 764 P.2d 477, 477 (Nev. 1988).  Similarly, in the instant case Global Accents is entitled to recover the attorneys' fees it incurred in defending against WMCV's untimely appeal and opposing the Motion to Extend Time.  Therefore, WMCV has failed to show clear error or manifest injustice in the underlying Order, and the Court will deny the Motion for Reconsideration.

/ / /

/ / /

/ / /

---

[1] Liberally construing the instant Motion, the Court notes that it is possible that WMCV is attempting to make reference to the Nevada Supreme Court's consistent rulings that a defendant who does not receive a monetary award cannot obtain attorneys' fees pursuant to Section 18.010. *Smith v. Crown Fin. Servs. of Am.*, 890 P.2d 769, 774 (Nev. 1995).  Nevertheless, this principle is also irrelevant, as the award of attorneys' fees in this case was based upon the Global Release Agreement rather than Section 18.010.

1  III.   **CONCLUSION**

2        **IT IS HEREBY ORDERED** that the Motion for Reconsideration, (ECF No. 309), is
3  **DENIED**.

4        **DATED** this 5th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court