# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WMCV Phase 3, LLC ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-0661-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| Shushok & McCoy, Inc., *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Reduce Award to Judgment, (ECF No. 335), filed by Defendant Global Accents, Inc. ("Global Accents").  Plaintiff WMCV Phase 3, LLC ("WMCV") filed a response in opposition, (ECF No. 336), and Global Accents replied, (ECF No. 337).

Also before the Court is WMCV's Motion for a Stay of Execution Pending Appeal. (ECF No. 340).  Global Accents filed a response in opposition, (ECF No. 341), and WMCV replied, (ECF No. 342).  For the reasons set forth herein, the Court will deny Global Accents' Motion and grant WMCV's Motion.

## I.     Background

This case centers upon a dispute regarding lease agreements between WMCV and Defendants Global Accents and Couture International, Inc.  On June 11 and 12, 2013, the Court conducted a bench trial which resulted in a judgment in favor of Global Accents as to its breach of contract claim against WMCV and a finding that Global Accents was entitled to reasonable attorney fees. (Order 16:19-22, ECF No. 209).

Subsequently, Global Accents filed a Motion for Attorney Fees ("First Motion"), (ECF No. 213), in which it detailed its litigation costs through the end of trial.  The Court granted this Motion and awarded Global Accents $32,769.98 in attorney fees. (ECF No. 269).

On February 5, 2014, WMCV filed an untimely notice of appeal regarding the judgment against it. (ECF No. 221).  On February 13, 2014, WMCV filed a Motion to Extend Time to Appeal, (ECF No. 225), to which Global Accents responded on February 28, 2014, (ECF No. 230).  On May 12, 2014, the Ninth Circuit dismissed the appeal for lack of jurisdiction. (ECF No. 250).  On May 14, 2014, the Court denied WMCV's Motion to Extend Time. (ECF No. 251).

On May 27, 2014, Global Accents filed its Second Motion for Attorney Fees ("Second Motion"), (ECF No. 254), in which it sought to recover the fees incurred in opposing the Motion to Extend Time to Appeal.  On May 28, 2014, Global Accents filed its Third Motion for Attorney Fees ("Third Motion"), (ECF No. 255), seeking to recover fees incurred in opposing the appeal before the Ninth Circuit.  On December 16, 2014, the Court granted both the Second Motion and Third Motion, and ordered that WMCV pay an additional $8,567.50 in attorney fees. (ECF No. 307).

WMCV filed a notice of appeal on March 24, 2015. (ECF No. 324).  That appeal is still pending before the Ninth Circuit.

## II.   Discussion

The Court will first address Global Accents' Motion to Reduce Award to Judgment, and will subsequently address WMCV's Motion to Stay Execution of Judgment.

### A. Motion to Reduce Award to Judgment (ECF No. 335)

In its Motion, Global Accents requests that the Court issue a judgment regarding the $8,567.50 attorney fee award ordered on December 16, 2014.  However, it is well established that the filing of a notice of appeal divests a district court of jurisdiction over the matters being

appealed. *See, e.g.*, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  In this case, the Court's granting of Global Accents' Second and Third Motions for Attorney Fees are part of the appeal currently pending before the Ninth Circuit. *See* (Notice of Appeal 2:8-11). Thus, the Court lacks jurisdiction to alter the current status of the award, and this Motion will be denied without prejudice.  Global Accents will be given leave to re-file this Motion, if warranted, after the Ninth Circuit resolves the pending appeal.

### B. Motion to Stay Execution of Judgment (ECF No. 340)

In its Motion, WMCV requests that the Court stay Global Accents' ability to execute on the Judgment in this case while the appeal remains pending before the Ninth Circuit.

Following the resolution of post-trial motions, Federal Rule of Civil Procedure 62(d) entitles a defendant to an automatic stay of enforcement during the disposition of any appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d); *see also Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988).  Rule 62(d) provides, subject to the exceptions contained in subdivision (a) of the rule, that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

"District courts have inherent discretionary authority in setting supersedeas bonds . . . . The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 (9th Cir. 1987).  In determining the amount necessary to warrant a stay of execution, another court in this circuit has noted, "Although practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Cotton ex rel. McClure v. City of Eureka*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012).

In this case, WMCV has posted a bond in the amount of $62,003.28. (ECF No. 338).

This amount represents a total roughly 50% greater than the sum of the Judgment issued in Global Accents' favor ($33,869.98) and the subsequent attorney fee award ($8,567.50).  As this value represents the higher end of the range typically required to warrant a stay of execution, and Global Accents does not dispute that this amount is sufficient to protect it from a loss resulting from a stay, the Court will grant WMCV's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Global Accents, Inc.'s Motion to Reduce Award to Judgment, (ECF No. 335), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff WMCV Phase 3, LLC's Motion for a Stay of Execution Pending Appeal, (ECF No. 340), is **GRANTED.**

**DATED** this __19__ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court